# EXHIBIT B

Case 1:05-cv-00879-SLR    Document 5-3    Filed 12/20/2005    Page 1 of 4

AMENDMENT AGREEMENT (this "Agreement") dated as of May 5, 2005, between Pike Electric, Inc., a North Carolina corporation ("Employer"), and Mick J. Dubea, an individual domiciled in the State of Texas ("Executive").

WHEREAS Executive and Employer are party to an Employment Agreement dated as of July 1, 2004 (the "Employment Agreement"), and pursuant thereto Executive is entitled to receive the Multiplier Amount (capitalized terms used but not defined herein have the meanings assigned thereto in the Employment Agreement), subject to the terms and conditions set forth therein; and

WHEREAS Executive and Employer desire to amend the Employment Agreement to prevent, in certain circumstances, the forfeiture of the Multiplier Amount payable to Executive under the Employment Agreement;

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, and intending to be legally bound hereby, Executive and Employer agree as follows:

SECTION 1.01. Effectiveness. This Agreement shall be effective as of March 31, 2005.

SECTION 1.02. Amendment. The last sentence of paragraph (b) of Section 2.02 of the Employment Agreement is hereby deleted and the following is substituted therefor:

"Notwithstanding the foregoing, (i) in the event that, prior to the payment of any such amount, Employer has terminated Executive's employment for Cause (other than any Cause described in clause (ii) or (vi) of Section 4.03(b)) or Executive has violated his obligations under Section 5.03, 5.05 or 5.06, Employer shall not make, and Executive shall forfeit all his entitlements to, payment of such amount and (ii) in the event that, prior to the payment of any such amount, Executive has terminated his employment for any reason (other than death, Disability or Good Reason) or Employer has terminated Executive's employment for any Cause described in clause (ii) or (vi) of Section 4.03(b) (other than as a result of a violation of Section 5.03, 5.05 or 5.06), Employer shall not make, and the Executive shall not be entitled to receive, payment of such amount until the fifteenth (15th) anniversary of the Closing and, in such event, interest shall accrue annually on the amount of such payment at the Specified Rate commencing on the date such payment would otherwise have been payable under this Section 2.02(b). For purposes of this Agreement, "Specified Rate" shall mean, with respect to each such payment, an annual interest rate equal to the sum of (i) the interpolated yield on a 15-year Treasury security as of the date on which such payment would otherwise have been payable under this Section 2.02(b), (ii) the Applicable Margin for Eurodollar Rate Tranche B Term Loans (within the meaning of the Amended and Restated Credit Agreement among Employer, Barclays Bank PLC, as Administrative Agent, and the other parties thereto dated as of July 1, 2004) as of such date and (iii) 0.75%."

08/11/05  15:09 FAX 336 719 7453         PIKE ELECTRIC                              ☒003

SECTION 1.03. No Pledge. Executive shall not assign, pledge, hypothecate, encumber or otherwise transfer all or any portion of Executive's right to receive the Multiplier Amount, and any attempt by Executive to do so shall be null and void.

SECTION 1.04. Assignment; Successors. This Agreement is personal to Executive and shall not be assignable by Executive. The parties agree that any attempt by Executive to delegate Executive's duties hereunder shall be null and void. Employer may assign this Agreement and its rights and obligations thereunder, in whole or in part, to any person that is an affiliate, or a successor in interest to substantially all the business or assets, of Employer. Upon such assignment, the rights and obligations of Employer hereunder shall become the rights and obligations of such affiliate or successor person or entity. This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of Employer and the personal and legal representatives, executors, administrators, successors, distributees, devisees and legatees of Executive. Executive acknowledges and agrees that all Executive's covenants and obligations to Employer, as well as the rights of Employer under this Agreement, shall run in favor of and shall be enforceable by Employer, its affiliates and their successors and assigns.

SECTION 1.05. Entire Agreement. This Agreement contains the entire understanding of the Executive, on the one hand, and Employer and its affiliates, on the other hand, with respect to the subject matter hereof, and all oral or written agreements or representations, express or implied, with respect to the subject matter hereof are set forth in this Agreement.

SECTION 1.06. Amendment. This Agreement may not be altered, modified or amended except by written instrument signed by both parties hereto.

SECTION 1.07. Governing Law; Judicial Proceedings; Waiver of Jury Trial. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware applicable to agreements made and to be performed entirely within such State, without regard to the conflicts of law principles of such State. Each party irrevocably submits to the exclusive jurisdiction of (i) the courts of the State of Delaware and (ii) the United States District Court for the District of Delaware. Each party agree to commence any such action, suit or proceeding either in the United States District Court for the District of Delaware, or if such suit, action or other proceeding may not be brought in such court for jurisdiction reasons, in the courts of the State of Delaware. Each party irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement or the transactions contemplated hereby in (i) the courts of the State of Delaware and (ii) the United States District Court for the District of Delaware, and hereby and thereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum. Each party hereby waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury with respect to any litigation directly or indirectly arising out of, under or in connection with this Agreement or any transaction contemplated hereby.

SECTION 1.08. Counterparts. This Agreement may be signed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date first written above.

PIKE ELECTRIC, INC.,

By: _____
J. Eric Pike
President and Chief Executive Officer


MIKE J. DUBEA,

_____