IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br> Defendant. | C.A. No. 05-879 (SLR) |

## PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiffs Pike Electric Corporation ("Pike Corp.") and Pike Electric, Inc. ("Pike Inc.") (collectively, "Pike") by and through their undersigned attorneys, for their Reply to defendant Mick Dubea's ("Dubea") Counterclaim, on personal knowledge as to their own actions and upon information and belief as to all other matters, respond as follows:

86.  Pike admits the allegations of Paragraph 86.

87.  Pike admits the allegations of Paragraph 87.

88.  Pike denies the allegations of Paragraph 88, except admits that Dubea's Counterclaim purports to arise out of the July 1, 2004 employment agreement between Dubea and Pike Inc. (the "Employment Agreement").

89.  Pike admits the allegations of Paragraph 89.

90.  Pike admits the allegations of Paragraph 90.

91. Pike admits the allegations of Paragraph 91, except denies that Dubea had limited bargaining power with respect to the Pike acquisition, and states that it is without knowledge or information sufficient to form a belief as to whether Dubea had a right to establish RSI policy.

92. Pike denies the allegations of Paragraph 92, except admits that Paragraph 92 purports to describe certain terms of the Employment Agreement and the Stock Purchase Agreement ("SPA") and refers to those agreements for the contents thereof, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 92.

93. Pike denies the allegations of Paragraph 93, except admits that Paragraph 93 purports to describe certain provisions of the Employment Agreement and refers to the Employment Agreement for its contents.

94. Pike states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, except admits that at the time Pike acquired RSI, Dubea was the President of RSI's Western Region.

95. Pike states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, except admits that Dubea had an employment agreement with RSI prior to Pike's acquisition of RSI and refers to that agreement for the contents thereof.

96. Pike states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, except admits that, under the Employment Agreement, Pike Inc. agreed to pay Dubea a Multiplier Amount in three

installments, to be paid on the second, third and fourth anniversaries of the Closing, subject to certain other terms of the Employment Agreement, to which Pike refers for the contents thereof.

97. Pike denies the allegations of Paragraph 97, except admits that Paragraph 97 purports to describe certain obligations of Pike pursuant to the Employment Agreement and other related contracts and refers to those contracts for their contents, and admits that Dubea was paid a Base Amount of approximately $5 million (half shortly after the Closing, and half on the first anniversary of the Closing) and that Dubea was given the opportunity to purchase up to 21,479 Restricted Shares of Pike common stock.

98. Pike denies the allegations of Paragraph 98, except admits that Pike services a contiguous 19-state region that stretches from Pennsylvania in the north to Florida in the southeast and to Texas in the southwest.

99. Pike denies the allegations of Paragraph 99, except admits that Dubea received positive feedback from Eric Pike prior to June 2005. By way of further response, Pike states that Dubea received that positive feedback prior to such time that Eric Pike began to request that Dubea cooperate with the integration of RSI into Pike.

100. Pike denies the allegations of Paragraph 100, except admits that Pike Corp. completed an IPO on August 1, 2005, that, prior to Pike Corp.'s IPO, a majority of Pike Corp.'s shares were held by the firm Lindsay Goldberg & Bessemer, and that Pike acquired RSI pursuant to the SPA dated May 4, 2004.

101. Pike admits the allegations of Paragraph 101.

102. Pike denies the allegations of Paragraph 102, except admits Paragraph 102 purports to quote from the IPO Prospectus and refers to the IPO Prospectus for its contents.

RLF1-2982842-1

103.   Pike denies the allegations of Paragraph 103, except admits that Pike and Dubea entered into an amendment to the Employment Agreement, dated May 5, 2005 (the "Amendment Agreement") and that Pike entered into similar amendments to employment agreements with certain other employees, and refers to such agreements for their contents, and admits that such amendment agreements enabled Pike to modify its accounting treatment of certain deferred compensation items.

104.   Pike denies the allegations of Paragraph 104, except admits that Dubea signed the Amendment Agreement, and that certain other Pike employees signed similar amendments to their employment agreements.

105.   Pike denies the allegations of Paragraph 105, except admits that Eric Pike met with Dubea on June 16, 2005 and criticized Dubea's management style. By way of further response, Pike states that Eric Pike informed Dubea that he had to start doing things the Pike way, and that he was not supporting the effort to integrate RSI into Pike.

106.   Pike denies the allegations of Paragraph 106 and states that to the extent Paragraph 106 purports to describe the terms of the Employment Agreement or any other related agreements, Pike refers to those agreements for their contents.

107.   Pike denies the allegations of Paragraph 107, except admits that the IPO was completed on August 1, 2005 and that Pike terminated Dubea without cause on August 22, 2005.

## COUNT I

108.   Pike repeats and realleges its responses to the allegations of Paragraphs 86 through 107 as if fully set forth herein.

109.    Pike admits the allegations of Paragraph 109.

110.    Pike denies the allegations of Paragraph 110, except admits that Paragraph 110 purports to describe certain allegations contained in Pike's Verified Complaint and refers to that pleading for its contents.

111.    Pike denies the allegations of Paragraph 111.

112.    Pike denies the allegations of Paragraph 112, except states that to the extent Paragraph 112 purports to state a legal conclusion no response is required.

113.    Pike denies the allegations of Paragraph 113, except states that to the extent Paragraph 113 purports to state a legal conclusion no response is required. By way of further response, to the extent Paragraph 113 purports to describe certain provisions of the Employment Agreement, Pike refers to the Employment Agreement for its contents.

114.    Pike denies the allegations of Paragraph 114, except states that to the extent Paragraph 114 purports to state a legal conclusion no response is required. By way of further response, to the extent Paragraph 114 purports to describe certain provisions of the Employment Agreement, Pike refers to the Employment Agreement for its contents.

115.    Pike denies the allegations of Paragraph 115, except states that to the extent Paragraph 115 purports to state a legal conclusion no response is required.

116.    Pike denies the allegations of Paragraph 116, except states that to the extent Paragraph 116 purports to state a legal conclusion no response is required.

117.    Pike denies the allegations of Paragraph 117, except states that to the extent Paragraph 117 purports to state a legal conclusion no response is required.

## COUNT II

118. Pike repeats and realleges its responses to the allegations of Paragraphs 86 through 117 as if fully set forth herein.

119. Pike admits the allegations of Paragraph 119.

120. Pike denies the allegations of Paragraph 120, except states that to the extent Paragraph 120 purports to state a legal conclusion no response is required.

121. Pike denies the allegations of Paragraph 121, except states that to the extent Paragraph 121 purports to state a legal conclusion no response is required.

122. Pike denies the allegations of Paragraph 122, except states that to the extent Paragraph 122 purports to state a legal conclusion no response is required.

123. Pike denies the allegations of Paragraph 123, except states that to the extent Paragraph 123 purports to state a legal conclusion no response is required.

124. Pike denies the allegations of Paragraph 124, except admits that Pike services a contiguous 19-state region that stretches from Pennsylvania in the north to Florida in the southeast and to Texas in the southwest, and states that to the extent Paragraph 124 purports to state a legal conclusion no response is required.

125. Pike denies the allegations of Paragraph 125, except states that to the extent Paragraph 125 purports to state a legal conclusion no response is required.

126. Pike denies the allegations of Paragraph 126, except states that to the extent Paragraph 126 purports to state a legal conclusion no response is required.

127. Pike denies that Dubea is entitled to any of the relief sought in his Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Pike asserts the following affirmative and other defenses to Dubea's Counterclaim. In asserting those defenses, Pike does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Dubea.

### First Defense

Dubea's Counterclaim fails to state a claim upon which relief can be granted.

### Second Defense

Dubea's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

### Third Defense

Dubea's claims are barred by his material and anticipatory breach of the Employment Agreement, in particular, his violation of the non-disclosure and/or non-compete provisions thereof.

### Fourth Defense

The non-compete provisions of the Employment Agreement are reasonable in duration, scope and purpose and are valid and enforceable.

### Fifth Defense

Pike's termination of Dubea, whether with or without cause, did not relieve him of his obligations under the Employment Agreement.

### Sixth Defense

Pike Inc. has fully performed its obligations under the Employment Agreement.

<u>Seventh Defense</u>

Under section 5.10 of the Employment Agreement, Dubea's breach of any of his non-disclosure and/or non-compete obligations entitles Pike to cease making the future payments to Dubea that otherwise might have been required.

<u>Eighth Defense</u>

Dubea is precluded from obtaining any and all relief by virtue of his bad faith conduct.

WHEREFORE, Pike respectfully requests that Dubea's Counterclaim be dismissed and judgment be entered in its favor and against Dubea, plus attorneys' fees and costs.

*[signature]*

William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
302-651-7700

Attorneys for Plaintiffs Pike Electric Corporation and Pike Electric, Inc.

OF COUNSEL:
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

February 21, 2006

RLF1-2982842-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

_____
Alyssa M. Schwartz (#4351)