AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court

### District of Delaware

## SUBPOENA IN A CIVIL CASE

Pike Electric Corporation
and Pike Electric, Inc.,
       Plaintiffs,

v.

Mick Dubea,
       Defendant.

CASE NUMBER: 05-879 (SLR)
(District of Delaware)

TO:    Goldberg Lindsay & Co. LLC
         c/o National Corporate Research Ltd.
         615 South DuPont Highway
         Dover, DE 19901

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, pursuant to Federal Rule of Civil Procedure 30(b)(6), which provides, in pertinent part, that any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Please provide the most knowledgeable person(s) from Goldberg Lindsay & Co. LLC or any of its affiliates, including but not limited to Lindsay Goldberg & Bessemer LP; LGB Pike LLC; LGB Pike II LLC; Lindsay Goldberg & Bessemer GP LP; or Lindsay Goldberg & Bessemer GP LLC, on each of the topics listed in "Topics For Deposition of 30(b)(6) Witnesses" in "Exhibit A" attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801,<br>or such other place as the parties may agree. | April 28, 2006, at: 10:00 a.m. |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested in "Exhibit A" attached hereto at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | March 30, 2006, at: 10:00 a.m. |

YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| [signature]<br>Lewis H. Lazarus (Attorney for Defendant) | March 16, 2006 |

Issuing Officer's Name, Address, and Phone Number
Lewis H. Lazarus, Morris James Hitchens & Williams LLP, 222 Delaware Ave, 10th Floor, Wilmington, DE 19801    (302) 888-6800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or(iv) subjects a person to undue burden.
(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT "A"**

### DEFINITIONS

1.      The term "document" is used in the broadest sense possible and shall mean, without limitation, any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer storing devices or any other media and shall include, without limiting the generality of the foregoing, artwork, blueprints, design specifications, pleadings, motions, praecipes, briefs, judicial orders, docket reports, notices, transcripts, correspondence, letters, courtesy copies of correspondence or letters, telegrams, other written communications, contracts, agreements, notes, corporate minutes, memoranda, recordings, computer printouts or media, tapes, disks, electronic mail records, voice mail records, cassettes, analyses, projections, work papers, orders, invoices, diaries, calendar, desk calendars, minutes, affidavits, books, photographs, cables, facsimiles, telex messages, telephone messages, transcripts, summaries, opinions, proposals, reports, studies, evaluations, estimates, journals, appointment books, lists, tabulations or any other writings, including all non-identical copies, drafts or manuscripts, or transcripts of the foregoing now in your possession, custody or control.  When one or more of the foregoing documents is requested or referred to, the request or reference shall include, but is not limited to, the original and each and every copy and draft thereof having writings, notations, corrections, or markings peculiar to such copy or draft.

2.  "You" and "your" as used in these requests shall mean Goldberg Lindsay & Co. LLC, Lindsay Goldberg & Bessemer LP, LGB Pike LLC, LGB Pike II LLC, and any affiliates, subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

3.  The term "communication" shall include all means by which information is conveyed by one person or entity to another, and shall include both oral and written communication.

4.  "Refer to" or "relate to" shall mean referring to, concerning, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

5.  The word "or" shall include "and" and vice-versa.

6.  The word "any" shall include "all" and vice-versa.

7.  "T&D" shall refer to T&D Solutions, Ltd., T&D Solutions, LLC, and any affiliates, subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

8.  "Kimmons Security Services" shall mean and refer to Kimmons Security Services Inc. and anyone acting on its behalf, including but not limited to its officers, directors, employees, agents, or attorneys.

9. "Pike Corp." shall refer to Plaintiff Pike Electric Corporation, its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

10. "Pike Inc." shall refer to Plaintiff Pike Electric Inc., its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

11. "Pike" shall refer collectively to Pike Corp. and Pike Inc.

12. "RSI" shall mean and refer to Red Simpson Inc., which Pike acquired by agreement dated May 4, 2004, its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

13. "Employment Agreement" shall refer to Mick Dubea's July 1, 2004 employment agreement with Pike.

14. "Amendment" shall mean the Amendment Agreement dated May 5, 2005, entered into between Pike Electric, Inc., and Mick Dubea.

15. "Multiplier Amount" shall mean the payment defined in 2.02(e) of the Employment Agreement and to be paid on the schedule presented in 2.02(b) of the Employment Agreement.

16. "IPO" shall refer to Pike's initial public offering on July 28, 2005.

17. This "Action" shall refer to the present action commenced by Pike under C.A. No. 05-879 (SLR).

18. The "Complaint" shall refer to the Complaint filed by Pike in this Action on or about December 20, 2005.

## INSTRUCTIONS

1. As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

2. Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control as well as those in the possession, custody or control of your affiliates, agents, attorneys, accountants, and any other person acting on your behalf or subject to your control. If a request is objected to on the grounds that the documents are not in your possession, custody or control, and such documents were or are in the possession, custody or control of defendants or any of their agents, identify the party who has such possession, custody or control.

3. Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

4. If no documents responsive to a particular request exist, so state.

5. As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence and the person responsible for the document's disposition. Any document relating to such destruction shall also be produced.

6. For each document that you withhold on the basis of claim of privilege, state:

    (a) the type of document (i.e., letter, e-mail, memo, report, etc.);

    (b) information sufficient to enable identification of the document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

    (c) the existence of any attachments, addenda or appendices;

    (d) the location of the document; and

    (e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

7. These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained, discovered, or become known to respondent between the time of responding to this request and the final disposition of this action.

8. Terms not defined herein shall be construed and understood according to their commonly understood meaning.

9. Unless otherwise specified, the relevant time period for the document requests is from January 1, 2003 to the present.

## DOCUMENT REQUESTS

1. All documents and/or communications that refer or relate to Mick Dubea, Chad Dubea, Cory Close, or T&D, including but not limited to (a) documents and/or communications that refer or relate to the relationship between Pike and Mick Dubea, Chad Dubea, and/or Cory Close; (b) documents and/or communications that refer or relate to the employment and compensation of Mick Dubea, Chad Dubea, and Cory Close while at Pike; and (c) documents and/or communications that refer or relate to the employment agreements, agreements for deferred compensation, or any amendments to such agreements, if any, entered into between Pike and Mick Dubea, Chad Dubea, and/or Cory Close.

2. All documents and/or communications that refer or relate to any injury, harm, damage, or lost profits suffered by Pike, including but not limited to Pike's loss of customers and/or loss of employees, caused by either Mick Dubea, Chad Dubea, Cory Close, T&D, or otherwise resulting from any conduct described in the Complaint.

3. All documents and/or communications that refer or relate to the Employment Agreement or the Amendment, including but not limited to (a) documents and/or communications that refer or relate to the reasons for or benefits obtained from entering into the Amendment, including but not limited to any benefits relating to the IPO; (b) documents and/or communications that refer or relate to Pike's treatment of the Multiplier Amount for accounting purposes, including but not limited to the accounting treatment of the Multiplier Amount for purposes of the IPO; and (c) documents and/or communications that refer or relate to the difference between the accounting treatment of

the Multiplier Amount before the Amendment and the treatment of the Multiplier Amount after the Amendment.

4. All documents and/or communications that refer or relate to the drafting, existence, or enforcement of any employment agreements, agreements for deferred compensation, or amendments to such agreements at Pike, including but not limited to the drafting, existence, or enforcement of noncompetition provisions or agreements, nondisclosure and/or confidentiality provisions or agreements, and nonsolicitation provisions or agreements entered into between Pike and its employees.

5. All documents and/or communications that refer or relate to Kimmons Security Services, including but not limited to (a) documents and/or communications provided to or received from Kimmons Security Services relating to this Action and (b) documents relating to investigations undertaken or services provided by Kimmons Security Services relating to this Action.

6. All documents and/or communications that refer or relate to the evaluation of RSI as an acquisition candidate or the decision to acquire RSI.

7. All documents and/or communications that refer or relate to the planning for and process of integrating RSI into Pike.

8. All documents and/or communications that refer or relate to Pike's termination of Mick Dubea, including the decision and grounds to terminate Mick Dubea.

9. All documents and/or communications that refer or relate to Mick Dubea's entitlement or non-entitlement to the Multiplier Amount.

10. All documents and/or communications that refer or relate to Mick Dubea's performance at Pike.

11. All documents and/or communications that refer or relate to your investment in Pike.

12. All documents and/or communications that refer or relate to the decision to pursue this Action.

13. All documents and/or communications that refer or relate to the plans or prospects over the next five (5) years for Pike and the business that it acquired from RSI.

## TOPICS FOR DEPOSITION OF 30(b)(6) WITNESSES

1. Mick Dubea, Chad Dubea, Cory Close, and/or T&D, including but not limited to (a) the relationship between Pike and Mick Dubea, Chad Dubea, and/or Cory Close; (b) the employment and compensation of Mick Dubea, Chad Dubea, and Cory Close while at Pike; and (c) the employment agreements, agreements for deferred compensation, or any amendments to such agreements, if any, entered into between Pike and Mick Dubea, Chad Dubea, and/or Cory Close.

2. Pike's termination of Mick Dubea, including the decision and grounds to terminate Mick Dubea.

3. Mick Dubea's performance at Pike.

4. The injury, harm, damage, or lost profits suffered by Pike, including but not limited to Pike's loss of customers and/or loss of employees, caused by either Mick Dubea, Chad Dubea, Cory Close, T&D, or otherwise resulting from any conduct described in the Complaint.

5. The Employment Agreement and Amendment, including but not limited to (a) the reasons for Pike entering into the Amendment and benefits obtained by Pike from entering into the Amendment, (b) Pike's treatment of the Multiplier Amount for accounting purposes, and (c) the difference between the accounting treatment of the Multiplier Amount before the Amendment and the treatment of the Multiplier Amount after the Amendment.

6. Mick Dubea's entitlement or non-entitlement to the Multiplier Amount.

7. The drafting, existence, or enforcement of any employment agreements, agreements for deferred compensation, or amendments to such agreements at Pike,

including but not limited to the drafting, existence, or enforcement of noncompetition provisions or agreements, nondisclosure and/or confidentiality provisions or agreements, and nonsolicitation provisions or agreements.

8. Investigations conducted by and services provided by Kimmons Security Services relating to this Action or otherwise relating to Mick Dubea, Chad Dubea, Cory Close, or T&D.

9. The IPO.

10. The decision to pursue this Action.

11. The plans or prospects over the next five (5) years for Pike and the business that it acquired from RSI.

12. The acquisition of RSI and its integration into Pike.

13. Your investment in Pike.

14. Your document retention policy, including but not limited to the retention of electronic documents and the custodians of electronic materials.

15. Your electronic systems that may contain documents responsive to the above mentioned "Document Requests," including but not limited to the nature, scope, character, organization, and formats employed in each system.

16. Your electronic documents that are responsive to the above mentioned "Document Requests" and whether those electronic documents are of limited accessibility, including but not limited to electronic documents created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost.