Issued by the
# United States District Court
### Southern District of Texas

## SUBPOENA IN A CIVIL CASE

Pike Electric Corporation
and Pike Electric, Inc.,
      Plaintiffs,

v.

CASE NUMBER: 05-879 (SLR)
(District of Delaware)

Mick Dubea,
      Defendant.

TO:   Kimmons Security Services Inc.
2000 S. Dairy Ashford St., Suite 300
Houston, TX 77077

  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

**X**  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, pursuant to Federal Rule of Civil Procedure 30(b)(6), which provides, in pertinent part, that any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The topics for the deposition are included in "Exhibit A" attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schirrmeister Diaz-Arrastia Brem, LLP<br>700 Milam, 10th Floor<br>Houston, TX 77002<br>Tel. (713) 221-2500 | April 28, 2006, at: 10:00 a.m. |

**X**  YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested in "Exhibit A" attached hereto at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Schirrmeister Diaz-Arrastia Brem, LLP<br>700 Milam, 10th Floor<br>Houston, TX 77002<br>Tel. (713) 221-2500 | March 30, 2006, at: 10:00 a.m. |

  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>Lewis H. Lazarus (Attorney for Defendant) | March 16, 2006 |

Issuing Officer's Name, Address, and Phone Number
Lewis H. Lazarus, Morris James Hitchens & Williams LLP, 222 Delaware Ave, 10th Floor, Wilmington, DE 19801   (302) 888-6800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or(iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT "A"**

## DEFINITIONS

1. The term "document" is used in the broadest sense possible and shall mean, without limitation, any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer storing devices or any other media and shall include, without limiting the generality of the foregoing, artwork, blueprints, design specifications, pleadings, motions, praecipes, briefs, judicial orders, docket reports, notices, transcripts, correspondence, letters, courtesy copies of correspondence or letters, telegrams, other written communications, contracts, agreements, notes, corporate minutes, memoranda, recordings, computer printouts or media, tapes, disks, electronic mail records, voice mail records, cassettes, analyses, projections, work papers, orders, invoices, diaries, calendar, desk calendars, minutes, affidavits, books, photographs, cables, facsimiles, telex messages, telephone messages, transcripts, summaries, opinions, proposals, reports, studies, evaluations, estimates, journals, appointment books, lists, tabulations or any other writings, including all non-identical copies, drafts or manuscripts, or transcripts of the foregoing now in your possession, custody or control.  When one or more of the foregoing documents is requested or referred to, the request or reference shall include, but is not limited to, the original and each and every copy and draft thereof having writings, notations, corrections, or markings peculiar to such copy or draft.

2. "You" and "your" as used in these requests shall mean the parties to which these requests are directed, their affiliates, their agents, officers, directors, and employees, and all other persons acting or purporting to act on behalf of all of their representatives, including their attorneys.

3. The term "communication" shall include all means by which information is conveyed by one person or entity to another, and shall include both oral and written communication.

4. The word "or" shall include "and" and vice-versa.

5. The word "any" shall include "all" and vice-versa.

6. "Refer to" or "relate to" shall mean referring to, concerning, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

7. "T&D" shall refer to T&D Solutions, Ltd., T&D Solutions, LLC, and any affiliates, subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

8. "Pike Corp." shall refer to Plaintiff Pike Electric Corporation, its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

9. "Pike Inc." shall refer to Plaintiff Pike Electric Inc., its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

10. "Pike" shall refer collectively to Pike Corp. and Pike Inc.

11. This "Action" shall refer to the present action commenced by Pike under C.A. No. 05-879 (SLR).

## INSTRUCTIONS

1. As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

2. Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control as well as those in the possession, custody or control of your affiliates, agents, attorneys, accountants, investment bankers, and any other person acting on your behalf or subject to your control. If a request is objected to on the grounds that the documents are not in your possession, custody or control, and such documents were or are in the possession, custody or control of defendants or any of their agents, identify the party who has such possession, custody or control.

3. Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

4. If no documents responsive to a particular request exist, so state.

5.  As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence and the person responsible for the document's disposition. Any document relating to such destruction shall also be produced.

6.  For each document that you withhold on the basis of claim of privilege, state:

    (a) the type of document (i.e., letter, e-mail, memo, report, etc.);

    (b) information sufficient to enable identification of the document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

    (c) the existence of any attachments, addenda or appendices;

    (d) the location of the document; and

    (e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

7.  These document requests shall be deemed continuing in character so as to require prompt supplemental responses if additional documents called for herein are obtained, discovered, or become known to respondent between the time of responding to this request and the final disposition of this action.

8.  Terms not defined herein shall be construed and understood according to their commonly understood meaning.

9. Unless otherwise specified, the relevant time period for the document requests is from January 1, 2003 to the present.

## DOCUMENT REQUESTS

All documents and/or communications that refer or relate to Mick Dubea, Chad Dubea, Cory Close, T&D, Pike employees who have left Pike for T&D, or Pike customers who have given or may give business to T&D, including but not limited to: (1) documents and/or communications that you received from Pike or provided to Pike; (2) documents and/or communications that refer or relate to statements taken from any witnesses; potential witnesses; present, former, or prospective Pike customers, suppliers, employees; or any other individuals or entities; (3) any background investigations or checks that you conducted and any background reports that you received; (4) any and all documents and/or communications that you provided to or received from any present, former, or prospective Pike customers, suppliers, or employees; (5) documents and/or communications that refer or relate to the nature of T&D's business and services; (6) documents and/or communications that refer or relate to T&D's formation, financing, and corporate structure; (7) documents and/or communications that refer or relate to T&D's day-to-day operations; (8) documents and/or communications that refer or relate to T&D's efforts to compete with Pike; and (9) documents and/or communications that refer or relate to Mick Dubea's efforts to further T&D's business.

## TOPICS FOR DEPOSITION OF 30(b)(6) WITNESSES OF KIMMONS

The person(s) most knowledgeable about: Mick Dubea, Chad Dubea, Cory Close, T&D, Pike employees who have left Pike for T&D, and Pike customers who have given business to T&D, including but not limited to (a) the nature of T&D's business and services; (b) T&D's formation, financing, and corporate structure; (c) T&D's day-to-day operations; (d) T&D's efforts to compete with Pike; (e) Mick Dubea's efforts to further T&D's business; and (f) the scope of any investigation related to this Action, including but not limited to the instructions given for any such investigation.