IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION &
PIKE ELECTRIC, INC.,

                Plaintiffs

v.

MICK DUBEA,

                Defendant

C.A. No. 05-879 (SLR)

## NOTICE OF SUBPOENA OF ALTEC INDUSTRIES, INC.

TO:   Lewis H. Lazarus, Esquire
        Morris James Hitchens & Williams LLP
        222 Delaware Avenue, 10th Floor
        Wilmington, DE 19899

       PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena *duces tecum* will be served on Altec Industries, Inc.

OF COUNSEL:
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

Dated: April 6, 2006

/s/ William J. Wade
William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Plaintiffs Pike Electric
Corporation and Pike Electric, Inc.

RLF1-2999581-1

# United States District Court

_____NORTHERN_____ DISTRICT OF __ALABAMA_____

PIKE ELECTRIC CORPORATION and
PIKE ELECTRIC, INC.

V.

**SUBPOENA IN A CIVIL CASE**

MICK DUBEA

CASE NUMBER: C.A. No. 05-879(SLR)

TO: Altec Industries, Inc.
     210 Inverness Center Drive
     Birmingham, Alabama 35242-4808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Schedule A attached hereto*

| PLACE: Sarah E. Paul, Esq., Cravath, Swaine & Moore, LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019-7475 | DATE AND TIME April 28, 2006 at 5:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiffs | 4/6/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Alyssa M. Schwartz, Esq., Richards Layton & Finger, One Rodney Square, P. O. Box 551, Wilmington, Delaware 19899 (302) 651-7756

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

RLF1-2999588-1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoenas was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include. but is not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may. upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from signifi cant expense resulting from the inspection and copying commanded.

 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

  iv) subjects a person to undue burden.

 (B) If a subpoena

  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

  ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

  iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RLF1-2999588-1

## SCHEDULE A

## DEFINITIONS

1. The term "Altec" shall mean Altec Industries, Inc., its subsidiaries, divisions or entities under its common control, and each of their directors, officers, agents, employees, representatives, affiliates, general partners, limited partners and any other person or entity under their control or involved in any way with their operations, formation or corporate structure.

2. The term "T&D" shall mean T&D Solutions, Ltd., T&D Solution Managers, LLC, each of their subsidiaries, divisions or entities under their common control, and each of their directors, officers, agents, employees, representatives, affiliates, general partners, limited partners and any other person or entity under their control or involved in any way with their operations, formation or corporate structure.

3. The terms "include" or "including" mean including but not limited to.

4. The term "document" means all writings, whether an original, a draft or a copy, however produced or reproduced, and each and every thing from which information can be processed or transcribed, including, but not limited to, electronically stored data, and includes without limitation all things meeting the definition of "documents" set forth in Rule 34(a) of the Federal Rules. Any document with any marks such as initials, comments or notations of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document.

5. The term "communication" means any actual, intended or proposed transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings or otherwise). A request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail ("e-mail"), all attachments and enclosures thereto, recordings in any

medium of oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

6.  The term "concerning" means, relating to, referring to, evidencing, with respect to, constituting, containing, embodying, reflecting, describing, analyzing, identifying, stating, discussing, addressing or in any way pertaining to.

7.  The terms "all" and "each" shall be construed as all and each.

8.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

## INSTRUCTIONS FOR DOCUMENTS REQUESTED

1.  Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

2.  Whenever necessary to bring within the scope of this request documents that might otherwise be construed to be outside of its scope:

    (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and

    (c) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

3.  Unless otherwise specified, the documents requested are the responsive documents in the possession, control or custody of Altec that were prepared, written, sent, dated, received, applicable or in effect at any time.

2

RLF1-2999607-1

4. All electronic documents are to be produced in .tiff image format, with all metadata and full text extracted to a linked electronic file. If you do not have such documents in the format described above, but do currently have such documents in a different image format (e.g., pdf) with the extracted metadata and full text in a linked electronic file, then production in that format is acceptable. If you do not have the documents in any of the formats described above, then produce them in Native File Format. In addition, we request that all data meeting any one of the following criteria be produced in Native File Format in addition to its production in any image format: (a) spreadsheets, (b) database files, (c) powerpoints or the like, and (d) all documents that are 1 mb or greater. All documents so produced shall be produced on a generally accepted electronic medium, such as DVD, CD, Zip Disk or the like.

## DOCUMENTS REQUESTED

1. All documents and communications concerning, regarding or constituting communications with T&D.

2. All documents and communications concerning, regarding or constituting communications with Mick Dubea, Chad Dubea and/or Corey Close.

3. All documents and communications demonstrating that Altec provided (or considered providing) T&D, Mick Dubea, Chad Dubea and/or Corey Close with supplies of the type used in the electric transmission and services industry.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

Alyssa M. Schwartz (#4351)