IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., <br><br> Plaintiffs <br><br> v. <br><br> MICK DUBEA, <br><br> Defendant. | C.A. No. 05-879 (SLR) |

### NOTICE OF SUBPOENA OF AT&T

TO:  Lewis H. Lazarus, Esquire
     Morris James Hitchens & Williams LLP
     222 Delaware Avenue, 10th Floor
     Wilmington, DE 19899

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena *duces tecum* will be served on AT&T.

_____
William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

OF COUNSEL:
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

Dated: April 11, 2006

Attorneys for Plaintiffs Pike Electric
Corporation and Pike Electric, Inc.

RLF1-3001786-1

# United States District Court

**EASTERN** DISTRICT OF **NORTH CAROLINA**

PIKE ELECTRIC CORPORATION and
PIKE ELECTRIC, INC.

V.

**SUBPOENA IN A CIVIL CASE**

MICK DUBEA

CASE NUMBER: C.A. No. 05-879(SLR)

TO: AT&T
    AT&T Worldnet Services
    Attn: Custodian of Records
    1800 Perimeter Park
    Suite 100
    Morrisville, North Carolina 27560

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Schedule A attached hereto*

| PLACE | DATE AND TIME |
| --- | --- |
| Sarah E Paul, Esq., Cravath, Swaine & Moore, LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019-7475 | April 24, 2006 at 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
→ **Attorney for Plaintiffs**    DATE 4/11/06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Alyssa M. Schwartz, Esquire, Richards Layton & Finger, One Rodney Square, P. O Box 551, Wilmington, Delaware 19899 (302) 651-7756

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

RLF1-3001785-1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoenas was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  iv) subjects a person to undue burden.

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RLF1-3001785-1

## SCHEDULE A

### Definitions

1.  "You", "your", or "AT&T" means AT&T, Inc., AT&T Corp., AT&T WorldNet, AT&T WorldNet Services, their known present or former directors, officers, employees, agents, representatives, attorneys, accountants, predecessors, successors, and all other persons acting on their behalf or under their direct or indirect control.

2.  "Pike" means Pike Electric Corporation and Pike Electric Inc., their known present or former agents, officers, employees, representatives and attorneys, and any predecessors, subsidiaries, controlled or affiliated companies, and their known present or former agents, officers, employees, representatives and attorneys, to the fullest extent the context permits.

3.  The term "person" means a natural person, firm, joint venture, government agency, association, partnership, corporation, limited liability company, or other form of legal entity.

4.  "Mick Dubea" refers to the natural person named Mick Dubea, who is a resident of the state of Texas and resides at 2570 Ashley Street, Beaumont, Texas 77702.

5.  "Document" means any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in your possession, custody or control or the possession, custody or control of any of your attorneys, employees, or agents. The term "document" shall include, but not be limited to, records; statements; books; papers; contracts; memoranda; invoices; correspondence; notes; minutes of any meetings, including meetings with agents or employees; daybooks; calendars; photographs; telegrams; faxes; written communications; messages; drawings; charts; graphs; other writings; recording tapes; recording discs; and mechanical or electronic information storage or recording elements.

6.  "Communication" means any transmittal of information, whether oral or written, including correspondence, electronic mail ("e-mail"), telex, facsimile transmissions, telecopies,

recordings in any medium of oral communication, presentations, telephone and message logs, notes or memoranda relating to written or oral communications.

7. "And" and "or" shall be construed to mean both "and" and "or".

8. "Any" and "all" shall be construed to mean both "any" and "all".

9. "Include" or "including" shall mean including without limitation.

10. "Concerning" and "relating to" mean, without limitation, pertaining, constituting, reflecting, evidencing, representing, supporting, contradicting, stating, recording, noting, embodying, containing, studying, assessing, analyzing, evaluating, mentioning, discussing, describing, involving, relevant to or referring to.

11. "Reflecting" shall also mean "representing," "memorializing," "constituting," or "containing," and concepts of similar import.

12. The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful or appropriate for any other purpose in this action.

13. Each paragraph should be construed independently and not with reference to any other paragraph for the purpose of limitation.

14. The use of the singular of any word shall include the plural and vice versa, and the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope.

### Instructions

1. Each request to produce a document or documents in this subpoena shall be deemed to call for the production of the original document or documents to the extent that they are in or subject to, directly or indirectly, your possession, custody or control, including any of your

respective officers, directors, employees, agents or other persons acting or purporting to act on its behalf. In addition, each demand shall be considered as including a demand for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or reasons of handwritten notes or comments having been added to one copy of a document but not on the original or copies thereof) to the extent that the copies or drafts are in or subject to, directly or indirectly, your possession, custody or control, including any of its respective officers, directors, employees, agents or other persons acting or purporting to act on your behalf.

2.  If any document or part of a document called for by this subpoena is withheld pursuant to a claim of any privilege, furnish a list reflecting the following information for each document for which the privilege is claimed: (i) the nature of the privilege or legal protection claimed; (ii) the date, author and recipients or intended recipients of such document; (iii) a brief description of the subject matter of the document; and (iv) a statement of the basis upon which the privilege or protection is claimed sufficient to enable the Court to determine whether the assertion of the alleged privilege or protection against disclosure is warranted under the circumstances.

3.  If there are no documents responsive to any paragraph or subparagraph set forth in this subpoena, please provide a written response so stating.

4.  Each requested document shall be produced in its entirety, including any drafts or non-identical copies. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5.  If a document responsive to this subpoena exists but is no longer in your possession, custody, or control, state: its date; author(s); recipient(s); subject matter; when such document

- 3 -

was most recently in your possession, custody, or control; what disposition was made of the document; and the person or entity, if any, now in possession, custody, or control of the document. If a responsive document has been destroyed, identify the date of destruction, the person who destroyed the document and the person who directed that document be destroyed and state the reason for its destruction.

6. This subpoena is continuing in nature and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this request.

7. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

8. Unless otherwise indicated, this subpoena calls for the production of documents created, delivered, distributed, sent, received, accessed or modified any time without date limitation.

### Documents

1. Documents sufficient to show all e-mail accounts held with you by Mick Dubea, and complete records of all e-mails sent or received by the e-mail addresses associated with those various accounts, including but not limited to all e-mails sent to or received from the following addresses: MDubea@worldnet.att.net, mdubea@worldnet.att.net., MDubea@att.net, and mdubea@att.net.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

_____
Alyssa M. Schwartz (#4351)