IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIKE ELECTRIC CORPORATION & <br> PIKE ELECTRIC, INC., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 05-879 (SLR) |
| MICK DUBEA, | ) <br> ) <br> ) | |
| Defendant. | ) | |

**MOTION FOR AMENDMENT OF SCHEDULING ORDER
ON AN EXPEDITED BASIS**

Defendant Mick Dubea hereby moves for extension of the discovery cutoff in this matter, and an amendment of the Proposed Stipulated Scheduling Order entered by this Court on March 13, 2006. (D.I. 21.) Because the discovery deadlines in that Order are fast approaching, Mr. Dubea requests that the Court resolve this motion on an expedited basis, by requiring a prompt answering submission from the plaintiffs and thereafter holding a hearing or teleconference on the scheduling of this matter.

1. In this action, Mr. Dubea's former employer, Pike Electric Corporation ("Pike") seeks millions of dollars of damages from Mr. Dubea, and the forfeiture of millions of dollars in deferred compensation that Pike owes to Mr. Dubea, because of an alleged breach of non-competition and non-disclosure covenants in Mr. Dubea's Employment Agreement. Pike is in the business of constructing and maintaining, on behalf of utilities, wires and poles for the transmission and distribution of electricity. Mr. Dubea left that business when Pike terminated him without cause on August 22, 2005. Mr. Dubea now works in the timber industry.

1

2.      Pike alleges that Mr. Dubea is assisting his son, Chad Dubea, in Chad Dubea's new business, T&D Solutions Ltd. ("T&D"). Chad Dubea is a former Pike employee, although he did not have any non-competition agreement with Pike. T&D is now in the business of servicing the transmission and distribution construction and maintenance needs of utilities. Pike is proceeding in a separate action directly against T&D and Mr. Dubea's son Chad, as well as Mr. Corey Close, an associate of Chad Dubea, alleging tortious interference with contractual relations. That action seeks injunctive relief and damages against T&D, Chad Dubea and Mr. Close. The action is captioned <u>Pike Electric Corporation, et al. v. T&D Solutions Ltd, et al.</u>, pending in the United States District Court for the Southern District of Texas, C.A. No. M-05-410.

3.      When this action was filed against Mr. Dubea, he was hopeful to have it quickly resolved, so that he could put this matter behind him and continue on with his new career in the timber industry. With that goal in mind, Mr. Dubea agreed to a very accelerated discovery schedule, with fact discovery closing May 12, 2006 (some eleven weeks from the point that the parties exchanged their initial disclosures, and less than two months after the entry of the scheduling order), with a trial beginning in September 18, 2006. The parties informally have agreed to extend that cutoff date to June 2, 2006, and to adjust certain other dates, but the parties have not yet submitted a stipulation to that effect.

4.      This accelerated schedule might have been possible if all aspects of the discovery process worked smoothly, but discovery has not proceeded smoothly. There have been setbacks and delays of various types, which stem from the process of attempting to collect and process at such an accelerated rate the voluminous e-discovery

2

and hard-copy documents implicated in Pike's multi-million dollar damage claim. Mr. Dubeas's initial document request was promulgated to Pike on March 13, 2006. Nearly six weeks later, Pike has not yet produced all of the documents it has indicated it intends to produce.

5. Pike also objected to producing whole categories of clearly relevant information, including information about how Pike has construed and/or attempted to enforce the non-compete and non-disclosure provisions of its other employees' contracts. Much of this information goes to the heart of the case and is necessary for Mr. Dubea to defend himself. Mr. Dubea will have to file a motion to compel production of the documents it has requested, and on the current schedule, getting such a motion resolved before completion of the upcoming depositions is not possible.

6. It has also become clear that this highly accelerated schedule will impose various additional litigation costs on Mr. Dubea, from expedited document processing charges, to attorney fees for various activities that might be structured more efficiently if there were more time to do so. Mr. Dubea is an individual and is paying for the defense of this claim out of his own funds.

7. Finally, the initial Scheduling Order limited both sides to ten depositions. Mr. Dubea now believes he will need two additional depositions in this matter, which given the complexity of this action and the dollar amounts at stake is by no means excessive. Pike has refused this request. The [Proposed] Amended Scheduling Order attached hereto is amended to allow each side a total of 12 depositions.

8. Pike will likely argue that it needs to resolve this action as fast as possible because it is suffering irreparable harm from the competition of T&D. Yet this lawsuit

against Mr. Dubea is not going to result in any injunction against T&D. That outcome, were it to happen at all, could only come from the Texas action, on whatever schedule is viewed as most appropriate by that Court. Shortly after this action was filed, the parties stipulated to a Status Quo Order. (D.I. 12.) That Order prohibits Mr. Dubea from assisting his son's business throughout the pendency of this litigation, and Pike could make no showing that Mr. Dubea has in any fashion assisted his son's business in violation of that Order.

9. The parties had hoped to take advantage of coordinating the discovery of this action and the Texas action to the greatest extent possible. If Pike is determined to press forward with the Texas action on an accelerated schedule, full coordination may not be possible. But Pike's strategy for proceeding in the Texas action should not be allowed to prejudice Mr. Dubea in this action by restricting his ability to conduct full discovery, and have him face a multi-million dollar damage claim without a full opportunity to defend himself against the claims against him.

10. For the foregoing reasons, Mr. Dubea requests that the Court require an early response to this motion from Pike, and that the Court set a time for a hearing or teleconference to revise the schedule and trial date in this action. Consistent with Local Rule 15.1, we have attached as Exhibit A hereto a [Proposed] Amended Scheduling Order which sets out dates that will allow the parties to fully prepare for a trial of this complex matter. We have attached as Exhibit B hereto a redlined document comparing thins [Proposed] Amended Scheduling Order to the Proposed Stipulated Scheduling Order entered by this Court on March 13, 2006. Additionally, we have submitted herewith a Certification demonstrating compliance with Local Rules 7.1.1 and 15.5.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_/s/ Lewis H. Lazarus_
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

Attorneys for Defendant
Mick Dubea

April 26, 2006

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-879 (SLR) |
| MICK DUBEA, | ) ) ) | |
| Defendant. | ) | |

**[PROPOSED] AMENDED SCHEDULING ORDER**

At Wilmington this __ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference on January 18, 2006 pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b), and having entered a Proposed Stipulated Scheduling Order on March 13, 2006; and

WHEREAS the defendant, Mick Dubea has moved for an amendment of the Scheduling Order in the matter, and the court, having evaluated the submissions of the parties, has determined that an amendment to the Scheduling Order is warranted;

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by **February 24, 2006.**

2. **Discovery.**

(a) All fact discovery shall be completed by **August 31, 2006,** with depositions beginning on or after **April 3, 2006**. There shall be no more than twelve depositions noticed by each party, with each deposition taking no more than seven hours.

(b) Reports from retained experts under Fed. R. Civ. P. 26(a)(2) on issues for which any party has the burden of proof are due by **September 15, 2006.** Rebuttal expert reports are due by **October 20, 2006.**

(c) Expert depositions shall be completed by **November 10, 2006.**

(d) Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings and Counterclaims.** All motions to join other parties, amend the pleadings and assert counterclaims shall be filed on or before **June 16, 2006.**

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

6. **Motions in Limine.** All motions in limine shall be filed on or before **December 11, 2006.** All responses to said motions shall be filed on or before **December 18, 2006.**

7. **Witnesses, Exhibits and Deposition Designations**

   (a) By **November 20, 2006**, each party shall serve:

   (i) A list of fact witness previously disclosed during discovery and intended to be called at trial;

   (ii) A list of intended trial exhibits;

   (iii) Deposition designations for use at trial.

   (b) By **December 4, 2006**, each party shall serve:

   (i) A list of rebuttal fact witnesses;

   (ii) Any objections to lists of fact witnesses, intended trial exhibits, and deposition designations;

   (iii) Counter deposition designations.

   (c) By **December 11, 2006**, each party shall serve any objections to counter deposition designations.

   (d) By **December 18, 2006**, depositions must be taken of fact witnesses not previously deposed and intended to be called at trial

8. **Joint Pretrial Order.** The parties will file a joint pretrial order, pursuant to D. Del. L.R. 16.4, by **January 5, 2007.**

9. **Pretrial Conference.** A pretrial conference will be held on _____ at __ p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington,

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

      10.    **Trial**. This matter is scheduled for a **5-day bench trial** commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

IT IS SO ORDERED

                                                      _____

                                                      UNITED STATES DISTRICT JUDGE

Dated: _____

1382382/1

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION<br>& PIKE ELECTRIC, INC.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MICK DUBEA,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-879 (SLR)<br>)<br>)<br>)<br>) |

**[PROPOSED STIPULATED] AMENDED SCHEDULING ORDER**

At Wilmington this 13th__ day of March_____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference on January 18, 2006 pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b), and having entered a Proposed Stipulated Scheduling Order on March 13, 2006; and

WHEREAS the defendant, Mick Dubea has moved for an amendment of the Scheduling Order in the matter, and the court, having evaluated the submissions of the parties, has determined that an amendment to the Scheduling Order is warranted;

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by **February 24, 2006**.

2.  **Discovery**.

(a)  All fact discovery shall be completed by ~~May 12,~~August 31, 2006, with depositions beginning on or after **April 3, 2006**. There shall be no more than ~~ten~~twelve depositions noticed by each party, with each deposition taking no more than seven hours.

(b)  Reports from retained experts under Fed. R. Civ. P. 26(a)(2) on issues for which any party has the burden of proof are due by ~~May~~September 15, 2006. Rebuttal expert reports are due by ~~June 5,~~October 20, 2006.

(c)  Expert depositions shall be completed by ~~June 19,~~**November 10, 2006**.

(d)  Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.  **Joinder of other Parties, Amendment of Pleadings and Counterclaims**. All motions to join other parties, amend the pleadings and assert counterclaims shall be filed on or before ~~May 31,~~June 16, 2006.

4.  **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.  **Applications by Motion**. Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive**

motion shall contain the statement required by D. Del. LR 7.1.1.

    6.    **Motions in Limine.** All motions <u>in limine</u> shall be filed on or before ~~July 10,~~ December 11, 2006. All responses to said motions shall be filed on or before ~~July 17,~~ December 18, 2006.

    7.    **Witnesses, Exhibits and Deposition Designations**

        (a)    By ~~June 29,~~ November 20, 2006, each party shall serve:

            (i)    A list of fact witness previously disclosed during discovery and intended to be called at trial;

            (ii)    A list of intended trial exhibits;

            (iii)    Deposition designations for use at trial.

        (b)    By ~~July 7,~~ December 4, 2006, each party shall serve:

            (i)    A list of rebuttal fact witnesses;

            (ii)    Any objections to lists of fact witnesses, intended trial exhibits, and deposition designations;

            (iii)    Counter deposition designations.

        (c)    By ~~July~~ December 11, 2006, each party shall serve any objections to counter deposition designations.

        (d)    By ~~July~~ December 18, 2006, depositions must be taken of fact witnesses not previously deposed and intended to be called at trial

    8.    **Joint Pretrial Order.** The parties will file a joint pretrial order, pursuant to D. Del. L.R. 16.4, by ~~July 25, 2006.~~ January 5, 2007.

9.      **Pretrial Conference**. A pretrial conference will be held on ~~September 7, 2006~~_____ at ~~4:30~~___ p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10.     **Trial**. This matter is scheduled for a **5-day bench trial** commencing on ~~September 18, 2006~~_____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated: ~~3/13/06~~_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-879 (SLR) ) |
| MICK DUBEA, | ) ) ) |
| Defendant. | ) |

**LOCAL RULE 7.1.1 AND LOCAL RULE 16.5 CERTIFICATION IN SUPPORT OF MOTION FOR AMENDMENT OF SCHEDULING ORDER**

I, Lewis H. Lazarus, am a partner at Morris, James, Hitchens & Williams LLP and am counsel for Mick Dubea in the above-referenced matter.

In accordance with Local Rule 7.1.1, I certify that on behalf of Mr. Dubea I made reasonable efforts to reach an agreement with counsel for the plaintiffs on an amendment to the schedule in this matter, but that such efforts were not successful, necessitating a Motion for Amendment of Scheduling Order, submitted herewith.

Additionally, in accordance with Local Rule 16.5, I certify that I have caused to be sent a copy of the Motion for Amendment of Scheduling Order to my client, Mick Dubea.

*/s/ Lewis H. Lazarus*
Lewis H. Lazarus (#2374)

April 26, 2006

1382329/1

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2006, I electronically filed Defendant's <u>Motion For Amendment of Scheduling Order on an Expedited Basis</u> and <u>Local Rule 7.1.1 and Local Rule 16.5 Certification in Support of Motion for Amendment of Scheduling Order</u> with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


Michael Paskin, Esquire
Sarah E. Paul, Esquire
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019


I hereby certify that on April 26, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Teri L. Danish, Esquire
Rodriguez Colvin Chaney
1201 E. Van Buren
Brownsville, TX 78522


_____
Lewis H. Lazarus (#2374)

1382388/1