IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICK DUBEA, <br><br> Defendant. | Civil Action No. 05-879 (SLR) |

**PLAINTIFFS' MOTION FOR ORDER REJECTING
DEFENDANT'S CLAIMS OF PRIVILEGE AND FOR
<u>DISCOVERY SANCTIONS DUE TO SPOLIATION OF EVIDENCE</u>**

Plaintiffs Pike Electric Corporation and Pike Electric, Inc. (collectively, "Pike"), through counsel, respectfully file this motion for an order rejecting defendant Mick Dubea's ("Dubea") claims of privilege and for discovery sanctions due to Dubea's spoliation of evidence.

Pike seeks a ruling from the Court that a document bates stamped PIKE 00016834, which was discarded by Dubea and obtained by Pike, is not privileged and may be used for any purpose in this litigation. Pike also seeks the imposition of sanctions against Dubea for his intentional destruction of patently relevant evidence, including: (1) a finding of fact that, while still employed by Pike, Dubea planned with others to form a competing business in violation of the non-compete provision of his Employment Agreement, and he intended to solicit Pike's employees and customers in furtherance of those efforts, including by using his knowledge regarding confidential Pike information; (2) a shifting of the burden of proof to Dubea to demonstrate that he in fact did not breach the non-compete and non-disclosure provisions of his Employment Agreement, that he in fact did not tortiously interfere with Pike's business relations and employee agreements, and that he in fact did not misappropriate Pike trade

RLF1-3007892-1

secrets; (3) an adverse inference against Dubea, allowing the Court to assume that the evidence in question is unfavorable to Dubea; (4) an order granting Pike full access to Dubea's computers so that Pike can conduct a forensic analysis of those machines to help ensure that Dubea has not attempted to destroy additional evidence; and (5) monetary sanctions to compensate Pike for any fees and expenses related to Dubea's destruction of evidence.

In support of this motion, Pike relies on the following materials, all of which are filed contemporaneously herewith:

(a) Brief in Support of Plaintiffs' Motion for Order Rejecting Defendant's Claims of Privilege and for Discovery Sanctions Due to Spoliation of Evidence;

(b) Declaration of Robert L. Kimmons (and accompanying Exhibits);

(c) Declaration of Sarah E. Paul (and accompanying Exhibits); and

(d) Proposed Order Granting Plaintiffs' Motion for Order Rejecting Defendant's Claims of Privilege and for Discovery Sanctions Due to Spoliation of Evidence.

Pike further requests that Pike be granted such other and further relief as the Court deems just and proper.

OF COUNSEL:

Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

April 27, 2006

/s/ William J. Wade
William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Plaintiffs Pike Electric Corporation and Pike Electric, Inc.

2

RLF1-3007892-1

CERTIFICATION PURSUANT TO
DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, counsel for plaintiffs Pike Electric Corporation and Pike Electric, Inc. have consulted with counsel for defendant Mick Dubea ("Dubea") and determined that Dubea does not consent to the relief sought in the attached motion.

_____
Alyssa M. Schwartz (#4351)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

_____
Alyssa M. Schwartz (#4351)