# EXHIBITS A-E

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION and      )
                                   )
PIKE ELECTRIC, INC.,               )
                                   )
            Plaintiffs,            )
                                   )  Civil Action No. 05-879-SLR
        vs.                        )
                                   )
MICK DUBEA,                        )
            Defendant.             )

**DEFENDANT MICK DUBEA'S NOTICE OF 30(B)(6) DEPOSITION OF
PIKE ELECTRIC CORPORATION**

TO:    Alyssa M. Schwartz, Esq.
       Richards, Layton & Finger
       One Rodney Square
       P.O. Box 551
       Wilmington, DE 19899

       PLEASE TAKE NOTICE that the undersigned will take the oral deposition of Pike Electric

Corporation ("Pike") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on April 13,

2006, at 10 a.m., or at such other date and time as the Court may order or the parties may agree in writing,

and continuing from day to day until completed, in the offices of Morris, James, Hitchens & Williams

LLP, 222 Delaware Avenue, 10th Floor, Wilmington, Delaware 19801. The testimony shall be recorded

stenographically. Pike shall designate the person(s) most knowledgeable about the topics on

SCHEDULE A attached hereto.

Dated: April 5, 2006                By: _____
                                        Lewis H. Lazarus (#2374)
                                        Matthew F. Lintner (#4371)
                                        Joseph S. Naylor (#3886)
                                        MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, Delaware 19801
                                        (302) 888-6800
                                        llazarus@morrisjames.com
                                        mlintner@morrisjames.com
                                        jnaylor@morrisjames.com
                                        Attorneys for Defendant Mick Dubea

## SCHEDULE A

1.    Plaintiffs' retention policy concerning hard-copy and electronic documents;

2.    When Plaintiffs first anticipated that litigation with Mr. Dubea relating to any of the matters alleged in the Complaint and/or Counterclaim might occur;

3.    The substance and timing of efforts to preserve Plaintiffs' hard-copy and/or electronic documents in connection with this litigation and/or the Texas action, Pike Electric Corporation & Pike Electric, Inc. v. T&D Solutions, Ltd., T&D Solution Managers, LLC, Corey Close, & Chad Dubea, C.A. No. 05-410 (the "Texas Action"), including but not limited to communications with Plaintiffs' employees;

4.    Plaintiffs' computer system and electronic network, including the nature, scope, character, organization, and formats employed in each system.

5.    The integration of RSI's computer system and electronic network into Plaintiffs' system.

6.    The search methodology Plaintiffs employed in locating and reviewing relevant electronic documents in response to Defendant's Request for Production directed to Plaintiffs in this action and/or any other requests for production directed to Plaintiffs in the Texas action.

1370438/1

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2006, I electronically filed with the Clerk of Court using CM/ECF and served <u>Defendant Mick Dubea's Notice of Deposition of Plaintiff Pike Electric Corporation</u> this Certificate of Service on the following persons in the manner indicated below:

<u>BY HAND DELIVERY and E-MAIL</u>:

Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

<u>BY FIRST-CLASS MAIL and E-MAIL</u>

Sarah E. Paul, Esquire
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY  10019

<u>/s/ Joseph S. Naylor</u>
Joseph S. Naylor (#3886)

1370803/1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION and )
PIKE ELECTRIC, INC., )
)
      Plaintiffs, )
) Civil Action No. 05-879-SLR
    vs. )
)
MICK DUBEA, )
      Defendant. )

## DEFENDANT MICK DUBEA'S RE-NOTICE OF 30(B)(6) DEPOSITION OF PIKE ELECTRIC CORPORATION

TO:    Alyssa M. Schwartz, Esq.
        Richards, Layton & Finger
        One Rodney Square
        P.O. Box 551
        Wilmington, DE 19899

      PLEASE TAKE NOTICE that the undersigned will take the oral deposition of Pike Electric

Corporation ("Pike") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on April 25,

2006, at 10 a.m., or at such other date and time as the Court may order or the parties may agree in writing,

and continuing from day to day until completed, in the offices of Morris, James, Hitchens & Williams

LLP, 222 Delaware Avenue, 10th Floor, Wilmington, Delaware 19801. The testimony shall be recorded

stenographically. Pike shall designate the person(s) most knowledgeable about the topics on

SCHEDULE A attached hereto.

Dated: April 19, 2006

By: _____
        Lewis H. Lazarus (#2374)
        Matthew F. Lintner (#4371)
        Joseph S. Naylor (#3886)
        MORRIS, JAMES, HITCHENS & WILLIAMS LLP
        222 Delaware Avenue, 10th Floor
        Wilmington, Delaware 19801
        (302) 888-6800
        llazarus@morrisjames.com
        mlintner@morrisjames.com
        jnaylor@morrisjames.com
        Attorneys for Defendant Mick Dubea

## SCHEDULE A

1.     Plaintiffs' retention policy concerning hard-copy and electronic documents;

2.     When Plaintiffs first anticipated that litigation with Mr. Dubea relating to any of the matters alleged in the Complaint and/or Counterclaim might occur;

3.     The substance and timing of efforts to preserve Plaintiffs' hard-copy and/or electronic documents in connection with this litigation and/or the Texas action, Pike Electric Corporation & Pike Electric, Inc. v. T&D Solutions, Ltd., T&D Solution Managers, LLC, Corey Close, & Chad Dubea, C.A. No. 05-410 (the "Texas Action"), including but not limited to communications with Plaintiffs' employees;

4.     Plaintiffs' computer system and electronic network, including the nature, scope, character, organization, and formats employed in each system.

5.     The integration of RSI's computer system and electronic network into Plaintiffs' system.

6.     The search methodology Plaintiffs employed in locating and reviewing relevant electronic documents in response to Defendant's Request for Production directed to Plaintiffs in this action and/or any other requests for production directed to Plaintiffs in the Texas action.

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2006, I electronically filed with the Clerk of Court using CM/ECF and served <u>Defendant Mick Dubea's Re-Notice of 30(b)(6) of Deposition of Pike Electric Corporation</u> and this Certificate of Service on the following persons in the manner indicated below:

<u>BY HAND DELIVERY and E-MAIL</u>:

Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

<u>BY FIRST-CLASS MAIL and E-MAIL</u>

Wes Earnhardt, Esquire
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019

<u>BY E-MAIL</u>

Teri L. Danish, Esquire
Rodriguez Colvin Chaney
1201 E. Van Buren
Brownsville, TX 78522


<u>/s/ Joseph S. Naylor</u>
Joseph S. Naylor (#3886)

1370803/1

CM/ECF LIVE - U.S. District Court:ded                                          Page 1 of

## Discovery Documents

1:05-cv-00879-SLR Pike Electric Corporation et al v. Dubea

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Naylor, Joseph entered on 4/19/2006 at 4:39 PM EDT and filed on 4/19/2006

| | |
|---|---|
| **Case Name:** | Pike Electric Corporation et al v. Dubea |
| **Case Number:** | 1:05-cv-879 |
| **Filer:** | Mick Dubea |
| **Document Number:** | 39 |

**Docket Text:**
NOTICE to Take Deposition of Pike Electric Corporation on April 25, 2006 at 10:00am by Mick Dubea.(Naylor, Joseph)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/19/2006] [FileNumber=202312-0]
[274adc91fc0e4bec37355765a69aefd7bc1ad560677bf15f1ea2c2f23b0c24863c9f
1389462c20df30045cd5d3ab3eccdb669136b19024d1c4b6719606eb20e4]]

**1:05-cv-879 Notice will be electronically mailed to:**

Lewis H. Lazarus    llazarus@morrisjames.com,

Alyssa M. Schwartz    schwartz@rlf.com, gibson@rlf.com

William J. Wade    wade@rlf.com, wheeler@rlf.com

**1:05-cv-879 Notice will be delivered by other means to:**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION and )
)
PIKE ELECTRIC, INC., )
)
        Plaintiffs, )
)
              ) Civil Action No. 05-879-SLR
      vs. )
)
MICK DUBEA, )
        Defendant. )

---

**DEFENDANT MICK DUBEA'S RE-NOTICE OF 30(B)(6) DEPOSITION OF
PIKE ELECTRIC CORPORATION**

TO:   Alyssa M. Schwartz, Esq.
       Richards, Layton & Finger
       One Rodney Square
       P.O. Box 551
       Wilmington, DE 19899

       PLEASE TAKE NOTICE that the undersigned will take the oral deposition of Pike Electric

Corporation ("Pike") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on May 3, 2006,

at 9 a.m., or at such other date and time as the Court may order or the parties may agree in writing, and

continuing from day to day until completed, in the offices of Chaplin & Associates, Inc., 851 Old

Winston Rd., Kernersville, NC 27284. The testimony shall be recorded stenographically. Pike shall

designate the person(s) most knowledgeable about the topics on SCHEDULE A attached hereto.

Dated: May 1, 2006             By: _____
                             Lewis H. Lazarus (#2374)
                             Matthew F. Lintner (#4371)
                             Joseph S. Naylor (#3886)
                             MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                             222 Delaware Avenue, 10th Floor
                             Wilmington, Delaware 19801
                             (302) 888-6800
                             llazarus@morrisjames.com
                             mlintner@morrisjames.com
                             jnaylor@morrisjames.com
                             Attorneys for Defendant Mick Dubea

## <u>SCHEDULE A</u>

1.      Plaintiffs' retention policy concerning hard-copy and electronic documents;

2.      When Plaintiffs first anticipated that litigation with Mr. Dubea relating to any of the matters alleged in the Complaint and/or Counterclaim might occur;

3.      The substance and timing of efforts to preserve Plaintiffs' hard-copy and/or electronic documents in connection with this litigation and/or the Texas action, <u>Pike Electric Corporation & Pike Electric, Inc. v. T&D Solutions, Ltd., T&D Solution Managers, LLC, Corey Close, & Chad Dubea</u>, C.A. No. 05-410 (the "Texas Action"), including but not limited to communications with Plaintiffs' employees;

4.      Plaintiffs' computer system and electronic network, including the nature, scope, character, organization, and formats employed in each system.

5.      The integration of RSI's computer system and electronic network into Plaintiffs' system.

6.      The search methodology Plaintiffs employed in locating and reviewing relevant electronic documents in response to Defendant's Request for Production directed to Plaintiffs in this action and/or any other requests for production directed to Plaintiffs in the Texas action.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2006, I electronically filed with the Clerk of Court

using CM/ECF and served <u>Defendant Mick Dubea's Re-Notice of 30(b)(6) of Deposition

of Pike Electric Corporation</u> and this Certificate of Service on the following persons in

the manner indicated below:

<u>BY HAND DELIVERY and E-MAIL</u>:

Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

<u>BY FIRST-CLASS MAIL and E-MAIL</u>

Sarah Paul, Esquire
Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY  10019

<u>BY E-MAIL</u>

Teri L. Danish, Esquire
Rodriguez Colvin Chaney
1201 E. Van Buren
Brownsville, TX  78522

/s/ Joseph S. Naylor
Joseph S. Naylor (#3886)

# EXHIBIT D

# REDACTED

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION &
PIKE ELECTRIC, INC.,

                                    Plaintiffs

                  v.                                C.A. No. 05-879 (SLR)

MICK DUBEA,

                                    Defendant.

## PIKE'S RESPONSES AND OBJECTIONS TO DEFENDANT MICK DUBEA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Pike

Electric Corporation and Pike Electric, Inc. (collectively "Pike") submit the following responses

and objections to Mick Dubea's ("Dubea") First Requests for Production of Documents.

### General Objections

1.       Pike objects to the First Requests for Production of Documents, including

the Definitions and Instructions therein, on the ground and to the extent that they purport to

impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local

Rules of Civil Practice and Procedure of the United States District Court for the District of

Delaware, or other applicable law.

2.       Pike objects to the First Requests for Production of Documents on the

ground and to the extent that they purport to seek discovery of information that was prepared in

anticipation of litigation, constitutes attorney work product, reveals privileged attorney-client

communications, or is otherwise protected from disclosure under applicable privileges, laws or

rules.  Pike hereby asserts all such applicable privileges and protections, and excludes privileged

and protected information from its responses to the First Requests for Production of Documents.

1

Any disclosure of such privileged or protected information is inadvertent and is not intended to

waive those privileges or protections, and nothing contained in these responses and objections is

intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work

product privilege, or any other applicable privileges, immunities, or exceptions.  Pike reserves

the right to demand that Dubea treat any privileged or protected documents inadvertently

produced in accordance with the terms of an appropriate protective order.  Pike notes that the

parties are currently discussing the form of an appropriate protective order.

        3.      Pike objects to the First Requests for Production of Documents to the

extent they seek the disclosure of confidential information, including without limitation,

confidential business information, trade secrets or information subject to any confidentiality

agreement, order and/or obligation, without entry by the Court of an appropriate protective order.

Until an appropriate protective order is entered, Pike will not produce information that is

proprietary or confidential, except in accordance with Local Rule 26.2.  The requirements of

Local Rule 26.2 shall bind not only the parties to this case, but also the parties to Pike Electric

Corporation, et al. v. T&D Solutions Ltd, et al., Civil Action No. M-05-410, the related Texas

action with which discovery has been consolidated, unless and until an appropriate protective

order is entered in that action.

        4.      Pike objects to the First Requests for Production of Documents to the

extent they seek information that Pike is not permitted to disclose pursuant to confidentiality

obligations or agreements with third parties.

        5.      Pike objects to the First Requests for Production to the extent that they

seek information and documents that are not within Pike's possession, custody or control.

        6.      Unless otherwise indicated, where Pike states that it "will produce

documents" in response to a request, it will make a good faith search of those files most likely to

contain responsive documents, and will produce non-privileged responsive documents located in

that search. Any indication that Pike has or will produce documents does not concede the

existence of any documents responsive to a particular request. Pike will produce responsive

documents at a time, place and manner agreeable to the parties.

      7.     Pike objects to each and every definition and instruction to the extent they

are unduly burdensome, or call for information that is obtainable by some other source that is

more convenient, less burdensome or less expensive.

      8.     Pike objects to the First Requests for Production of Documents to the

extent that they are unlimited in scope or by time.

      9.     The above General Objections apply to each of Dubea's specific requests

for documents, and are hereby incorporated into each of Pike's Specific Responses and

Objections set forth below. Pike's Specific Responses and Objections may repeat or restate a

General Objection for emphasis or some other reason; however, the failure to repeat or restate a

General Objection in Pike's Specific Responses and Objections shall not constitute a waiver of

any General Objection as its investigation of this case continues.

      10.    Nothing in these responses and objections shall be deemed to be a waiver

or admission of any fact in any other stage of this action.

### Specific Responses and Objections

#### Production Request No. 1

      All documents requested to be identified in response to Dubea's First Set of

Interrogatories directed to Pike.

#### Response to Production Request No. 1

      Pike objects to this request on the grounds that it is vague, ambiguous, overly

broad, unduly burdensome, and to the extent that it calls for the production of documents that are

not relevant to the claims or defenses of any party to this action and is not reasonably calculated

to lead to the discovery of admissible evidence.  Subject to and without waiving those objections,

Pike will conduct a reasonable search for documents and will produce non-privileged, responsive

documents, if any, found therein.

**Production Request No. 2**

All documents in the eight categories identified in section B of your Initial
Disclosures in this Action.

**Response to Production Request No. 2**

Pike objects to this request to the extent that it seeks the production of documents

beyond those that Pike may use to support its claims in this Action.  Subject to and without

waiving that objection, Pike will conduct a reasonable search for documents and will produce

non-privileged, responsive documents, if any, found therein.

**Production Request No. 3**

All documents relating to, evidencing, substantiating or contradicting any of the
allegations of any pleading in this Action.

**Response to Production Request No. 3**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly

broad.  Subject to and without waiving those objections, Pike will conduct a reasonable search

for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 4**

All documents relating to the drafting, negotiation and execution of the
Employment Agreement.

**Response to Production Request No. 4**

Pike objects to this request on the grounds that it is overly broad, and to the extent

that it seeks the discovery of documents that are protected by the attorney-client privilege and/or

the work product doctrine.  Subject to and without waiving those objections, Pike will conduct a



reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 5**

      All documents relating to Pike's decision to acquire RSI.

**Response to Production Request No. 5**

      Pike objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and to the extent that it calls for the production of documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged documents sufficient to demonstrate the reasons why Pike decided to purchase RSI and/or the potential value anticipated from that acquisition. Pike will not produce every document concerning due diligence conducted on RSI, as such a production would be unduly burdensome and would contain documents not relevant to the claims or defenses of any party to this action.

**Production Request No. 6**

      All documents relating to the drafting, negotiation and execution of the SPA.

**Response to Production Request No. 6**

      Pike objects to this request on the grounds that it is overly broad, and to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 7**

All documents relating to Dubea.

**Response to Production Request No. 7**

Pike objects to this request on the grounds that it is overly broad, unduly

burdensome, and to the extent that it calls for the production of documents that are not relevant

to the claims or defenses of any party to this action and is not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving those objections, Pike will

conduct a reasonable search for documents and will produce non-privileged, responsive

documents, if any, found therein.

**Production Request No. 8**

All documents relating to Dubea's compensation under the Employment
Agreement.

**Response to Production Request No. 8**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly

broad. Subject to and without waiving those objections, Pike will conduct a reasonable search

for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 9**

All documents relating to Dubea's performance as a Pike employee.

**Response to Production Request No. 9**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly

broad. Subject to and without waiving those objections, Pike will conduct a reasonable search

for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 10**

All documents contained in any employee file for Dubea.

**Response to Production Request No. 10**

Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 11**

All documents relating to the drafting, negotiation and execution of Dubea's May 5, 2005 amendment to the Employment Agreement.

**Response to Production Request No. 11**

Pike objects to this request on the grounds that it is overly broad, and to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 12**

All documents relating to the planning for and process of integrating the former RSI employees into Pike, including but not limited to Dubea's role in that process.

**Response to Production Request No. 12**

Pike objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 13**

   All documents relating to the decision to terminate Dubea, including, without limitation, all documents related to the timing of and grounds for Dubea's termination.

**Response to Production Request No. 13**

   Pike objects to this request on the grounds that it is vague, ambiguous, overly

broad, and to the extent that it seeks the discovery of documents that are protected by the

attorney-client privilege and/or the work product doctrine. Subject to and without waiving those

objections, Pike will conduct a reasonable search for documents and will produce non-privileged,

responsive documents, if any, found therein.

**Production Request No. 14**

   All documents relating to Pike's consideration of evaluation of amendments to agreements for deferred compensation as disclosed on pages 44-46 of its July 26, 2005 prospectus of its IPO.

**Response to Production Request No. 14**

   Pike objects to this request on the grounds that it is overly broad, and to the extent

that it seeks the discovery of documents that are protected by the attorney-client privilege and/or

the work product doctrine. Subject to and without waiving those objections, Pike will conduct a

reasonable search for documents and will produce non-privileged, responsive documents, if any,

found therein.

**Production Request No. 15**

   All documents relating to T&D.

**Response to Production Request No. 15**

   Pike objects to this request on the grounds that it is vague, ambiguous, and overly

broad. Subject to and without waiving those objections, Pike will conduct a reasonable search

for documents and will produce non-privileged, responsive documents, if any, found therein.



**Production Request No. 16**

All documents relating to Pike's consideration of any act or conduct by Dubea, Chad Dubea, T&D or Cory Close, including, without limitation, the decision to pursue this Action and damages suffered by Pike as a result of any conduct described in the Complaint.

**Response to Production Request No. 16**

Pike objects to this request as overly broad, premature, and to the extent that it

seeks the discovery of documents that are protected by the attorney-client privilege and/or the

work product doctrine. Pike specifically objects to producing documents concerning "damages

suffered by Pike", as Pike is not yet in possession of all the information necessary to make a

numerical estimate of the damages to which it is entitled on its claims. Subject to and without

waiving those objections, Pike will conduct a reasonable search for documents and will produce

non-privileged, responsive documents, if any, found therein.

**Production Request No. 17**

All documents relating to communications with any LGB officers, partners or general partner relating to any act or conduct by Dubea, Chad Dubea, T&D, or Cory Close, including, without limitation, the decision to acquire RSI, the decision and grounds to terminate Dubea, the amendments to agreements for deferred compensation, the planning for and process of integrating the former RSI employees into Pike, Dubea's entitlement or non-entitlement to the Multiplier Amounts, the decision to pursue this Action, and damages suffered by Pike as a result of any conduct described in the Complaint.

**Response to Production Request No. 17**

Pike objects to this request on the grounds that it is overly broad, unduly

burdensome, premature, and to the extent that it calls for the production of documents that are

not relevant to the claims or defenses of any party to this action and is not reasonably calculated

to lead to the discovery of admissible evidence. Pike specifically objects to producing

documents concerning "damages suffered by Pike", as Pike is not yet in possession of all the

information necessary to make a numerical estimate of the damages to which it is entitled on its

claims. Subject to and without waiving those objections, Pike will conduct a reasonable search



for documents and will produce non-privileged documents evidencing communications with any

LGB officers, partners or general partner about the decision and grounds to terminate Dubea, the

amendments to agreements for deferred compensation, Dubea's entitlement or non-entitlement to

the Multiplier Amounts, and the decision to pursue this action, to the extent those documents

exist.

### Production Request No. 18

All documents relating to and/or reflecting Pike financial performance and/or
financial statements, including but not limited to profit and loss statements, income statements,
balance sheets, general ledgers, tax returns and any other documents relating to and/or reflecting
Pike financial performance for the period January 2004, to the present.

### Response to Production Request No. 18

Pike objects to this request as overly broad, unduly burdensome, and to the extent

that it calls for the production of documents that are not relevant to the claims or defenses of any

party to this action and is not reasonably calculated to lead to the discovery of admissible

evidence. Pike further objects to this request as seeking materials that are publicly available and

thus obtainable from other sources. Subject to and without waiving those objections, Pike will

conduct a reasonable search for documents and will produce non-privileged, responsive

documents, if any, found therein.

### Production Request No. 19

All documents relating to and/or reflecting Pike financial projections generated
during the period January 2004, to the present, irrespective of the time period of the projection.

### Response to Production Request No. 19

Pike objects to this request on the grounds that it is overly broad, unduly

burdensome, and to the extent that it calls for the production of documents that are not relevant

to the claims or defenses of any party to this action and is not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving those objections, Pike will

conduct a reasonable search for documents and will produce non-privileged, responsive

documents, if any, found therein.

**Production Request No. 20**

All documents relating to and/or reflecting employment agreements, including non-compete agreements, between Pike and its employees from January 1, 2004, to the present.

**Response to Production Request No. 20**

Pike objects to this request on the grounds that it is overly broad, unduly

burdensome, and to the extent that it calls for the production of documents that are not relevant

to the claims or defenses of any party to this action and is not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving those objections, Pike will

conduct a reasonable search for documents and will produce non-privileged documents reflecting

employment agreements, including non-compete agreements, between Pike and the former RSI

employees who came to work for Pike, to the extent those documents exist.

**Production Request No. 21**

All documents relating to any Pike employee for whom Pike has alleged or asserted, through correspondence, court filings or otherwise, that the employee has violated either a confidentiality obligation to Pike or a non-compete obligation to Pike at any time from January 1, 2004, to the present.

**Response to Production Request No. 21**

Pike objects to this request on the grounds that it is overly broad, unduly

burdensome, calls for the production of documents that are not relevant to the claims or defenses

of any party to this action, and is not reasonably calculated to lead to the discovery of admissible

evidence.

**Production Request No. 22**

All documents reflecting judicial or other proceedings challenging employment agreements between Pike and former RSI employees.

**Response to Production Request No. 22**

Pike objects to this request on the grounds that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Production Request No. 23**

All documents relating to any contact or communication between Dubea and any present or former Pike customer from August 22, 2005 to the present.

**Response to Production Request No. 23**

Pike objects to this request to the extent that it seeks information and documents that are not within Pike's possession, custody or control, and to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 24**

All documents relating to any contact or communication between Dubea and any present or former Pike employee from August 22, 2005 to the present.

**Response to Production Request No. 24**

Pike objects to this request to the extent that it seeks information and documents that are not within Pike's possession, custody or control, and to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving those objections, Pike will conduct a

reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 25**

All documents relating to Pike's allegation, at paragraph 33 of the Complaint, that Dubea provided "financial backing and support" to T&D, or "is providing advice and guidance in connection with T&D's business and is helping to run the day-to-day operations of T&D".

**Response to Production Request No. 25**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly broad. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 26**

All documents relating to Pike's contention that Dubea disclosed confidential information in violation of the Employment Agreement or non-disclosure clause.

**Response to Production Request No. 26**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly broad. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 27**

All documents relating to Pike's contention that Dubea misappropriated trade secrets of Pike.

**Response to Production Request No. 27**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly broad. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 28**

All documents relating to Pike's contention that Dubea solicited Pike customers or Pike employees in violation of the Employment Agreement or non-compete clause.

**Response to Production Request No. 28**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly

broad. Subject to and without waiving those objections, Pike will conduct a reasonable search

for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 29**

All documents relating to any harm or damages Pike contends it suffered or will suffer as a result of the conduct alleged in the complaint.

**Response to Production Request No. 29**

Pike objects to this request on the grounds that it is premature. Pike specifically

objects to producing documents concerning "damages Pike contends it suffered or will suffer", as

Pike is not yet in possession of all the information necessary to make a numerical estimate of the

damages to which it is entitled on its claims. Subject to and without waiving those objections,

Pike will conduct a reasonable search for documents and will produce non-privileged, responsive

documents, if any, found therein, except that Pike will not produce numerical estimates of

damages at this time.

**Production Request No. 30**

All correspondence with the following entities, from January 1, 2004 through the present: Entergy (West), Beauregard Electric, Electric Cooperative, Sam Houston Electric Cooperative, Sharyland Development, American Electric Power and Valley Electric.

**Response to Production Request No. 30**

Pike objects to this request on the grounds that it is overly broad, unduly

burdensome, and to the extent that it calls for the production of documents that are not relevant

to the claims or defenses of any party to this action and is not reasonably calculated to lead to the

14

discovery of admissible evidence. Pike specifically objects to the terms "Electric Cooperative" and "Valley Electric", as Pike cannot determine what entities Dubea is referring to by those terms. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged documents reflecting correspondence between Pike and Entergy (West), Beauregard Electric, Sam Houston Electric Cooperative, and American Electric Power, to the extent that the substance of such correspondence concerns the business relationship between those entities and Pike, Dubea, Chad Dubea, Cory Close and/or T&D, and to the extent that those documents exist.

**Production Request No. 31**

All contracts with the following entities, from January 1, 2004 through the present: Entergy (West), Beauregard Electric, Electric Cooperative, Sam Houston Electric Cooperative, Sharyland Development, American Electric Power and Valley Electric.

**Response to Production Request No. 31**

Pike objects to this request on the grounds that it is overly broad, and to the extent that it calls for the production of documents that are not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Pike specifically objects to the terms "Electric Cooperative" and "Valley Electric", as Pike cannot determine what entities Dubea is referring to by those terms. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged documents reflecting contracts between Pike and Entergy (West), Beauregard Electric, Sam Houston Electric Cooperative and American Electric Power, to the extent that those documents exist.

**Production Request No. 32**

All documents relating to Pike's actual or projected profits for any and all contracts with the following entities, from January 1, 2004 through the present: Entergy (West), Beauregard Electric, Electric Cooperative, Sam Houston Electric Cooperative, Sharyland Development, American Electric Power and Valley Electric.

**Response to Production Request No. 32**

Pike objects to this request on the grounds that it is overly broad, and to the extent

that it calls for the production of documents that are not relevant to the claims or defenses of any

party to this action and is not reasonably calculated to lead to the discovery of admissible

evidence. Pike specifically objects to the terms "Electric Cooperative" and "Valley Electric", as

Pike cannot determine what entities Dubea is referring to by those terms. Subject to and without

waiving those objections, Pike will conduct a reasonable search for documents and will produce

non-privileged, responsive documents, if any, found therein.

**Production Request No. 33**

All witness statements or other documents relating to interviews in connection with this Action.

**Response to Production Request No. 33**

Pike objects to this request as calling for the discovery of documents that are

protected by the attorney-client privilege and/or the work product doctrine.

**Production Request No. 34**

All video, audio or other recordings relating to this action.

**Response to Production Request No. 34**

Pike objects to this request as calling for the discovery of documents that are

protected by the attorney-client privilege and/or the work product doctrine.



**Production Request No. 35**

      All documents relating to or reflecting Pike's accounting treatment of the Multiplier Amounts for the former RSI employees.

**Response to Production Request No. 35**

      Pike objects to this request on the grounds that it is vague, ambiguous, overly broad, and to the extent that it calls for the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 36**

      All documents relating to or reflecting Pike's amendment of its agreements with the former RSI employees regarding deferred compensation.

**Response to Production Request No. 36**

      Pike objects to this request on the grounds that it is overly broad, and to the extent that it calls for the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 37**

      All documents relating to the telephone records and/or cell phone records of Mick Dubea, Chad Dubea, Corey Close, Sammy Christian, and Alex Graham from January 1, 2005 to the present.

**Response to Production Request No. 37**

      Pike objects to this request to the extent that it seeks information and documents that are not within Pike's possession, custody or control, and to the extent that it calls for the

discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine.

**Production Request No. 38**

All documents Pike provided to or received from Kimmons Security Services, Inc.

**Response to Production Request No. 38**

Pike objects to this request to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving that objection, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 39**

All documents relating to the Kimmons Security Services, Inc. engagement in relation to this Action, including without limitation its engagement letter, invoices, notes or reports of interviews, and all documents it generated or obtained, including any witness statements or affidavits.

**Response to Production Request No. 39**

Pike objects to this request to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving that objection, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 40**

All documents relating to Pike's policies regarding confidential information and/or trade secret protection, that were either drafted or that were in effect at any time between January 1, 2004 and the present.

**Response to Production Request No. 40**

Pike objects to this request as overly broad. Subject to and without waiving that objection, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 41**

All documents relating to your contention that Dubea tortiously interfered with Pike's existing employment agreements and/or existing or prospective business relations.

**Response to Production Request No. 41**

Pike objects to this request on the grounds that it is vague, ambiguous, and overly broad. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 42**

All documents relating to Pike's evaluation of best practices at RSI and Pike for safety, operations, rewarding employees, and servicing clients.

**Response to Production Request No. 42**

Pike objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Production Request No. 43**

   All documents relating to any assistance Dubea provided or is providing to any person who competes with or works for a person who competes with Pike.

**Response to Production Request No. 43**

   Pike objects to this request on the grounds that it is vague, ambiguous, and overly broad. Subject to and without waiving those objections, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 44**

   All documents relating to or reflecting Dubea's entitlement or non-entitlement to the Multiplier Amounts.

**Response to Production Request No. 44**

   Pike objects to this request to the extent that it seeks the discovery of documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving that objection, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein.

**Production Request No. 45**

   All documents you intend to rely upon at trial.

**Response to Production Request No. 45**

   Pike objects to this request as premature. Subject to and without waiving that objection, Pike will conduct a reasonable search for documents and will produce non-privileged, responsive documents, if any, found therein. Pike reserves its right to supplement that production as discovery continues.

_Alyssa Schwartz (w/ permission_
_Jack Paul )_

William J. Wade (#704)
Wade@rlf.com
Alyssa M. Schwartz (#4351)
Schwartz@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
302-651-7700

Attorneys for Plaintiffs Pike Electric
Corporation and Pike Electric, Inc.

OF COUNSEL:
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

April 12, 2006