IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-879 (SLR) ) |
| MICK DUBEA, | ) ) |
| Defendant. | ) |

**CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

IT IS HEREBY ORDERED, with consent of all parties, that each of the parties, and any non-party, that, by itself or through its counsel, agrees to the terms of this Confidentiality Agreement and Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Confidential Information (as defined herein) in the above-captioned action.

This action is related to a matter captioned <u>Pike Electric Corporation, et al. v. T&D Solutions Ltd, et al.</u>, pending in the United States District Court for the Southern District of Texas, C.A. No. M-05-410 (the "Related Action"). The parties in this action and in the Related Action have agreed to coordinate discovery between the two actions, and Confidential Information produced in one action may be used in the other action. A protective order is being submitted to the Court in the Related Action.

1. Definitions.

    a. The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing

1

person (as defined herein) that the producing person reasonably and in good faith believes is (1) competitively sensitive information which is not available to the public and the disclosure of which could advantage a competitor or otherwise impair the business interests of the producing person; or (2) non-public personal financial information or non-public consumer records.

    b.  The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

    c.  The term "document" has the widest meaning accorded to it under the Federal Rules of Civil Procedure, and includes, but is not limited to, all written, printed, typed, recorded (including but not limited to audio, video, and digital recordings), pictorial, or graphic materials. The term "document" includes all data that is electronically stored or maintained that is accessible through computers or other information retrieval systems or devices. The term "document" includes the original version (or a copy of the original version if the original is unavailable); all copies, drafts, or versions that differ from the original (including but not limited to any notation, underlining, marking, or information not attached to the original); all drafts, whether or not they resulted in a final or distributed version; all revisions of drafts; and any preliminary or preparatory material, from whatever source, underlying, supporting, considered, or used in the preparation of any document. "Document" also includes any removable note or other attachment or exhibit affixed to any of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

  d. The term "person" means any natural person, corporation, partnership, firm, joint venture, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

  e. The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

  f. The term "qualified person" means (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents; (ii) in-house lawyers of a party who are engaged in work related to this action, including necessary legal assistants and stenographic and clerical employees actually assisting these persons; (iii) outside independent experts and consultants who are assisting counsel identified in (i) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (iv) the Court and the Court's personnel, including stenographic reporters.

  g. The term "receiving person" means any person to whom information is disclosed in this action in response to any discovery method.

  2. This Agreement applies to all documents and information produced in this action regardless of whether such documents or information was produced prior to or after the entry of this Agreement.

3. Confidential Information may be designated by any producing person as "Confidential". Moreover, parties may designate documents that are produced by non-parties and that contain Confidential Information as "Confidential." All personal financial or consumer records obtained pursuant to subpoenas to third parties or from any other source shall be considered Confidential Information, and if not so marked by the third party producing the material, shall be stamped "Confidential" by the party receiving the material. Any information supplied in documentary or other tangible form may be designated by the producing person or producing party as Confidential Information by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL." Any information designated as Confidential Information shall be maintained in confidence by any receiving person and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Agreement. Confidential Information may be disclosed only to qualified persons, with the exception of those persons identified in Paragraph 1(f)(iii) and in Paragraph 6. Disclosure to qualified persons under Paragraph 1(f)(iii) shall be governed by the provisions of Paragraph 7.

4. All information or documents disclosed in this action, whether or not containing Confidential Information, shall be used solely for purposes of litigating this action and not in connection with any other judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose. Any summary, compilation, note, or copy containing Confidential Information, and any electronic image or database containing Confidential Information shall be subject to the terms of the

Agreement to the same extent as the material or information from which such summary, compilation, note, copy, electronic image or database is derived.

5. In the event that any question is asked at a deposition or an evidentiary hearing that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition or evidentiary hearing are persons who are qualified to receive the Confidential Information. Counsel for the person claiming confidentiality may designate portions of the deposition or hearing transcript as "Confidential" either at the deposition or evidentiary hearing, by making a statement for inclusion in the transcript, or within fifteen (15) business days after receipt of the transcript by notifying opposing counsel in writing. All such transcripts shall be treated as "Confidential" until fifteen (15) business days after receipt thereof by counsel for the parties and counsel for the witness.

6. A non-qualified person not otherwise permitted under this Agreement to have access to Confidential Information may be interviewed, may be examined as a witness at a deposition or an evidentiary hearing, may be shown, and may testify concerning, any Confidential Information, only if counsel for the interviewing or examining party believes in good faith that such person has a need to review such material and that such person is either:

    a. identified on the face of the document as an author, addressee or person who has previously seen such Confidential Information;

    b. a current employee of the party who has designated the information confidential;

    c. a deponent or witness to which the designating party has expressly agreed to disclosure; or

d.     a deponent or witness to whom disclosure is ordered by the Court.

In addition to the access to Confidential Information contemplated in this paragraph, the parties agree that Mr. Mick Dubea can be shown by his own counsel any Confidential Information produced by the plaintiffs in this action that, on the face of the document, identifies or discusses Mr. Mick Dubea. After review of such material by Mr. Dubea, all material shall be returned to outside counsel. Three business days prior to providing such information to Mr. Mick Dubea, counsel for Mr. Dubea shall provide to counsel for Pike an identification, by Bates numbers, of those documents counsel intends to show to Mr. Dubea. Counsel for Pike may object to any documents identified which contain highly sensitive cost, pricing, bidding, technical or customer information. Such documents shall not be disclosed to Mr. Dubea except upon motion to the Court.

In addition to the access to Confidential Information contemplated in this paragraph, the parties agree that any documents produced in this action by Mr. Mick Dubea which were generated in the course of his employment by Pike and/or RSI at any time on or before August 22, 2005, regardless of their designation as "Confidential Information," may be shown to Eric Pike, Mark Castaneda, Frank Brinkley and Jeff Collins, but shall otherwise remain "Confidential Information." Personal or financial information or any other document produced by Mr. Dubea not generated in connection with his employment by Pike and/or RSI, whether dated before or after August 22, 2005, shall not be subject to the prior sentence; to the extent such documents identify or discuss, on the face of the documents, Eric Pike, Mark Castaneda, Frank Brinkley and Jeff Collins, such documents may be shown to those individuals only after counsel for Pike provides to counsel for Mr. Dubea the bates numbers of the documents that it

intends to show Eric Pike, Mark Castaneda, Frank Brinkley and Jeff Collins, and after giving counsel for Mr. Dubea 3 business days to object to such disclosures or the basis that such documents contain highly sensitive personal or financial information. Such documents shall not be disclosed to Eric Pike, Mark Castaneda, Frank Brinkley and Jeff Collins except upon a motion to the Court. After review of such material, all material shall be returned to outside counsel.

    7.    Disclosure of Confidential Information may be made to experts who are actively assisting in the preparation and hearing of this action. Prior to disclosing any Confidential Information to any expert:

    a.    Counsel for the party contemplating such disclosure shall determine that (1) disclosure to any expert of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (2) with the exception of work for the party contemplating such disclosure, the expert is not, and is not believed to intend to become (a) affiliated with or employed by; or (b) a provider of consulting services or business advice to, any entity that is or intends to be in the electric transmission and distribution services industry in a geographic region served by Pike Electric Corporation (a "Competitor"), and (3) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Confidentiality Agreement.

    b.    Prior to disclosure of Confidential Information to an expert, each such expert must execute an Undertaking in the form set forth in Exhibit A hereto,

confirming that he or she has reviewed this Agreement and agrees to be bound by its terms.

8. In the event any document is produced that the producing person later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving person shall, within five (5) business days of receipt of a written request by the producing person, return the original to the producing person, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or data base tape or disk it maintains. The receiving person may, however, retain one copy of such document solely for purposes of challenging the protected status of the document, consistent with the procedures for making such a challenge as described in this paragraph. Production of privileged, work product protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other document or communication. Return of a document for which the producing person has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the receiving person's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection or immunity is invalid or inapplicable, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity. If the receiving party wishes to challenge the protected status of any document pursuant to this paragraph, the party must

first notify the designating party within five (5) business days of the recall of the document by the producing party. If the parties cannot reach an agreement with respect to the protected status of the document in question, the receiving party will file a motion with the Court within three business days of such failure to agree (i.e., impasse). Inadvertent failure to designate any information pursuant to this Confidentiality Agreement shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the designating person of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies.

9. This Agreement is executed solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Agreement, nor the production of any documents or disclosure of any information pursuant to this Agreement, shall be deemed to have the effect of: (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Agreement; (ii) altering the confidentiality or non-confidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

10. If the receiving person desires to disclose Confidential Information to a non-qualified person, or if it disagrees with the confidentiality designation by the producing person, then the receiving person shall so notify counsel for the producing person in writing. Counsel for the producing person and the receiving person shall first try to resolve such dispute within five (5) business days after receipt of the receiving

person's notice. If the dispute cannot be resolved, the party seeking such disclosure, upon no fewer than three (3) business days' written notice to the producing person may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from the Court that the information is not properly designated or that such disclosure may take place because the need for such disclosure outweighs the producing party's interest in limiting its dissemination. Pending a determination by the Court, such information shall be treated under this Agreement as Confidential Information as designated by the producing person. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

11. No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Agreement shall not be deemed to prejudice any party in any way in any future application for a protective order or for a modification of this order.

12. All documents containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

**FILED UNDER SEAL**

> By order of the Court, entered on [date], this envelope is to remain sealed, and the Court, the Court's personnel and any receiving person shall not reveal the contents thereof to any person until further order of this Court.

All Confidential Information filed with the Court shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

13. The parties, and any non-party that signs this Agreement and produces information subject to this Agreement, shall attempt to agree upon procedures to prevent disclosure of Confidential Information at any hearing, shall, prior to such hearing, submit such proposed procedures to the Court for its approval or modification, and shall submit any dispute relating thereto to the Court for its resolution.

14. If Confidential Information in the possession, custody or control of any receiving person is sought by subpoena or other form of discovery request or compulsory process, the receiving person to whom the process or discovery request is directed, shall: (i) on or before the second business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing person; (ii) cooperate to the extent necessary to permit the producing person to seek to quash or modify such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing person consents in writing to production or the receiving person is required by a Court or court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

15. Upon final termination of this action, including all appeals, all parties and experts, consultants and qualified persons shall: (i) at the option of the producing person, return to the producing person or destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as, all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and

data base tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable. All personal financial records or consumer records relating to any party in this action obtained from third parties by subpoena or through any other source shall be destroyed. Outside counsel for each party shall be entitled to retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Agreement. Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

16. Except as specifically noted herein, this Agreement shall not limit a producing person's use of its own Confidential Information, nor shall this Agreement limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient. Subject to any pre-existing obligations which might restrict such documents, a party may at its election show its own Confidential Information to parties in the Related Action.

17. The parties agree forthwith to submit this Confidentiality Agreement and Protective Order to the Court for approval and entry.

18. This Agreement shall survive and remain in full force and effect after termination of this action.

SO STIPULATED:

_____
William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Plaintiffs, Pike Electric Corporation and Pike Electric Inc.

_____
Lewis H. Lazarus (#2374)
llazarus@morrisjames.com
Matthew F. Lintner (#4371)
mlintner@morrisjames.com
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DC 19899
(302) 888-6800

Attorneys for Defendant, Mick Dubea

May 22, 2006

SO ORDERED:

_____
District Judge