IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and<br>PIKE ELECTRIC, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>MICK DUBEA,<br><br>      Defendant. | Civil Action No. 05-879-SLR<br><br>**REDACTED -<br>PUBLIC VERSION** |

**REDACTED – PUBLIC VERSION**

**MICK DUBEA'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION FOR ORDER REJECTING
DEFENDANT'S CLAIM OF PRIVILEGE
AND FOR DISCOVERY SANCTIONS**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com

Attorneys for Mick Dubea

Dated: May 31, 2006

## INTRODUCTION

At the May 22, 2006 hearing on Pike's Motion for Order Rejecting Defendant's Claim of Privilege and for Discovery Sanctions (the "Motion"), the Court stayed further consideration of the Motion, but did request that the parties address whether there has been a waiver of the attorney-client privilege for the Question List document. (Declaration of Rob L. Kimmons ("Kimmons Dec."), Ex. I, PIKE00016834.)

**REDACTED** (*See* Supplemental Affidavit of Mick Dubea ¶ 2 (D2).) The Court asked the parties to address whether the legal advice sought by Mr. Dubea was shared with anyone. (Transcript of May 22, 2006 Proceedings ("Transcript") at 108-109 (D9-D10).) The Court's request for additional submissions followed plaintiffs' inquiry as to whether a ruling on the question of waiver could be issued prior to depositions in this matter. (*Id.* at 106 (D7).)

This submission, and the three accompanying affidavits, supplement Mr. Dubea's Answering Brief in response to the request of the Court, and confirms that the advice received by Mr. Dubea was not shared with anyone, and thus was not waived.

1

## **ARGUMENT**

Whether or not the Question List document is privileged, and whether there has been a knowing waiver of that privilege, has been briefed by both parties. (*See* Opening Brief at 6-12; Answering Brief at 17-24; Reply Brief at 1-13.) Much of the discussion of potential waiver in the briefing focuses upon the fact that the Question List document was discarded. In plaintiffs' Reply Brief, and at oral argument on the Motion, counsel for plaintiffs suggested that regardless of whether or not discarding the document effected a waiver, any privileged status of the Question List would have been waived by Mr. Dubea's disclosure of the advice to the Chad Dubea, Alex Graham or Sammy Christian. (Reply Brief at 12.) Plaintiffs have no factual support to buttress their claim that Mick Dubea shared the advice he received. Plaintiffs' argument of waiver rests entirely on supposition: counsel for plaintiffs "can't imagine" that Mick Dubea would have obtained advice relating to his own risks associated with the T&D venture, and also advice about Alex and Sammy's risks under their employment agreements, without sharing that advice with these third parties. (Transcript at 107 (D8).)

Yet, as is established in the affidavits accompanying this submission, Mick Dubea did not share the advice he received about these employment agreements with Alex, Sammy, or anyone else. (Supplemental Affidavit of Mick Dubea ¶ 3 (D2).) Mick Dubea understood that his son Chad Dubea's potential competition against Pike would present significant risks to him. "There were some things that I understood I could not do under my Employment Agreement, yet there were others about which I was not sure." (Supplemental Affidavit of Mick Dubea ¶ 1 (D1).) He needed guidance on these issues, and he brought these issues to an attorney to obtain that advice. After learning of his

2

son's interest in competing against Pike in July, as reflected in the Conversation Notes document, the Question List sets out the questions that Mick Dubea wrote down to facilitate discussions with counsel, and in fact he subsequently did have such discussions, in late July and August of 2005. (Supplemental Affidavit of Mick Dubea ¶ 2 (D2).)

Mick Dubea understood that his son's venture would present risks not just to him, but to Alex Graham and Sammy Christian, both of whom are friends of Mick's, and both of whom had employment agreements with Pike. Both Mr. Graham and Mr. Christian were contemplating working with Chad Dubea. Mick Dubea accordingly asked his attorney about the risks they faced as well. (*Id.* ¶¶ 1, 2 (D1-D2).) Mick Dubea did not convey the substance of the advice he received to Alex and Sammy, however. He only reported to them that the legal issues relating to their employment agreements with Pike "appeared to be complicated," and that they should retain their own attorneys for guidance on their obligations. (*Id.* ¶ 3 (D2).) Both Alex and Sammy confirm that Mick Dubea never shared the substance of any advice he ever received from any attorney relating to their employment agreements with Pike. (Affidavit of Alex H. Graham ¶ 1 (D3); Affidavit of Sammy W. Christian ¶ 1 (D4).)

## CONCLUSION

Accordingly, Pike's unsupported allegations that Mick Dubea waived the attorney client privilege for the Question List are simply incorrect. There was no such waiver because the advice in question was never shared with any third party. For this reason, and for all of the reasons set forth by Mick Dubea in his Answering Brief on this matter, Pike's Motion seeking a ruling that there has been a waiver of privilege should be denied.

Dated: May 31, 2006            By: _____
                                    Lewis H. Lazarus (#2374)
                                    Matthew F. Lintner (#4371)
                                    Joseph S. Naylor (#3886)
                                    MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                    222 Delaware Avenue, 10th Floor
                                    Wilmington, Delaware 19801
                                    (302) 888-6800
                                    llazarus@morrisjames.com
                                    mlintner@morrisjames.com
                                    jnaylor@morrisjames.com
                                    Attorneys for Mick Dubea

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2006, I electronically filed the following documents with the Clerk of Court using CM/ECF:

1. Redacted-Public Version Of Mick Dubea's Supplemental Brief In Opposition To Plaintiffs' Motion For Order Rejecting Defendant's Claim Of Privilege And For Discovery Sanctions; and

2. Redacted-Public Version Of Appendix In Support Of Mick Dubea's Supplemental Brief In Opposition To Plaintiffs' Motion For Order Rejecting Defendant's Claim Of Privilege And For Discovery Sanctions.

which will send notification of such filing(s) to the following:

> William J. Wade, Esquire
> Alyssa M. Schwartz, Esquire
> **Richards, Layton & Finger**
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

I hereby certify that on June 7, 2006, I have also served the document(s) upon the following non-registered participants as follows:

> **BY FEDERAL EXPRESS**
> Michael Paskin, Esquire
> Sarah Paul, Esquire
> **Cravath, Swaine & Moore LLP**
> Worldwide Plaza, 825 Eighth Avenue
> New York, NY 10019
>
> **BY FEDERAL EXPRESS**
> Teri L. Danish, Esquire
> Rodriguez Colvin Chaney
> 1201 E. Van Buren
> Brownsville, TX 78522

Jason C. Jowers (#4721)
Morris James Hitchens & Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
jjowers@morrisjames.com

1405697/1