IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-879-SLR <br> ) <br> ) **REDACTED -** <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) |

**REDACTED – PUBLIC VERSION**

**APPENDIX IN SUPPORT OF MICK DUBEA'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER REJECTING DEFENDANT'S CLAIM OF PRIVILEGE AND FOR DISCOVERY SANCTIONS**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com

Attorneys for Mick Dubea

Dated: May 31, 2006

1397411/1

## Table of Contents

Supplemental Affidavit of Mick Dubea ................................................................. D1

Affidavit of Alex H. Graham ................................................................................. D3

Affidavit of Sammy W. Christian .......................................................................... D4

Transcript of May 22, 2006 Proceedings ............................................................... D5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br>   Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-879-SLR <br> ) <br> ) **CONFIDENTIAL** <br> ) **FILED UNDER SEAL** <br> ) <br> ) <br> ) |

**SUPPLEMENTAL AFFIDAVIT OF MICK DUBEA**

STATE OF TEXAS        )
                      ) SS
COUNTY OF JEFFERSON   )

I, Mick Dubea, being duly sworn, depose and say:

1. As I stated in my initial affidavit in opposition to this motion, my son's plans for a business that would compete with Pike raised a host of complicated issues for me. There were some things that I understood I could not do under my Employment Agreement, yet there were others about which I was not sure. One issue about which I was uncertain was whether my son Chad's use of funds from a grantor retained annuity trust that I had established in November 2003 with Chad as the beneficiary to fund a potential new entity would somehow violate a provision of my Employment Agreement. Also, I was aware that Alex Graham and Sammy Christian had employment agreements with Pike, and, because I consider them my friends, I was concerned about what exposure they might have if they went forward with a venture that would compete with Pike.

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-879-SLR <br> ) <br> ) CONFIDENTIAL <br> ) FILED UNDER SEAL <br> ) <br> ) <br> ) |

AFFIDAVIT OF ALEX H. GRAHAM

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) SS |
| COUNTY OF JEFFERSON | ) |

I, Alex H. Graham, being duly sworn, depose and say:

1. Mick Dubea at no time shared with me the substance of any advice he ever received from any attorney relating to my employment agreement with Pike, or any other topic connected to my employment at either Pike or at T&D.

_____
Alex H. Graham

SWORN TO AND SUBSCRIBED before me this 30th day of May, 2006.

_____
Notary Public

1395936/1

1

D3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 05-879-SLR <br> ) <br> ) **CONFIDENTIAL** <br> ) **FILED UNDER SEAL** <br> ) <br> ) <br> ) |

AFFIDAVIT OF SAMMY W. CHRISTIAN

STATE OF TEXAS         §
                       §
COUNTY OF JEFFERSON    §

I, Sammy W. Christian, being duly sworn, depose and say:

1. Mick Dubea at no time shared with me the substance of any advice he ever received from any attorney relating to my employment agreement with Pike, or any other topic connected to my employment at either Pike or T&D.

_____
Sammy W. Christian

SWORN TO AND SUBSCRIBED before me this ____ day of May, 2006.

_____
ROBERT RAY CHILDRESS
Notary Public, State of Texas
My Commission Expires
December 21, 2009

D4

```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4   PIKE ELECTRIC CORPORATION,      :   CIVIL ACTION
     and PIKE ELECTRIC,              :
 5                                   :
                 Plaintiffs          :
 6                                   :
            vs.                      :
 7                                   :
     MICK DUBEA,                     :
 8                                   :
                 Defendant           :   NO. 05-879 (SLR)
 9
                                - - -
10
                                         Wilmington, Delaware
11                                       Monday, May 22, 2006
                                         10:00 o'clock, a.m.
12
                                - - -
13
     BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge
14
                                - - -
15
     APPEARANCES:
16
            RICHARDS, LAYTON & FINGER
17          BY:  ALYSSA M. SCHWARTZ, ESQ.

18
                              -and-
19

20

21

22

23

24                                       Valerie J. Gunning
                                         Official Court Reporter
25
```

```
                                                                    2

 1   APPEARANCES (Continued):

 2          CRAVATH, SWAINE & MOORE LLP
            BY:  MICHAEL A. PASKIN, ESQ.,
 3               SARAH PAUL, ESQ. and
                 WES EARNHARDT, ESQ.
 4          (New York, New York)

 5
                 Counsel for Plaintiffs
 6

 7
            MORRIS, JAMES, HITCHENS & WILLIAMS LLP
 8          BY:  LEWIS H. LAZARUS, ESQ.,
                 MATTHEW F. LINTNER, ESQ. and
 9               JOSEPH S. NAYLOR, ESQ.

10
                 Counsel for Defendant
11

12                      - - -

13

14

15

16

17

18

19

20

21

22

23

24

25
```

106

1  on June 5th.
2         MR. LAZARUS:  Thank you, your Honor.
3         One point of clarification.  Pike's e-mails
4  should be produced by May 31 as well?
5         THE COURT:  Right.  Except for the protective
6  order issues that are due by the end of the day, everything
7  else has a May 31 deadline.
8         MR. LAZARUS:  Thank you, your Honor.
9         MR. PASKIN:  Thank you, your Honor.
10        THE COURT:  All right.  It will take me a minute
11 to get out of my computer, but you all can leave.
12        Thank you very much for your time.
13        MR. PASKIN:  Your Honor --
14        THE COURT:  Yes?
15        MR. PASKIN:  -- with respect to the one allegedly
16 privileged document attached to the sanctions motion, is
17 there any way that we could get a ruling on that sooner, your
18 Honor, because though that's a document that we obviously
19 want to use in depositions, and if it's privileged, if your
20 Honor rules that it's privileged, then it's going to be hard
21 to do that, and we wouldn't want to go into depositions using
22 that document without knowing whether it's privileged or
23 not.
24        THE COURT:  And which one document was that?
25        MR. PASKIN:  It's Tab 2, behind Tab 2 in the

1  binder.
2       MR. LAZARUS: It's the document we identified,
3  your Honor, in our answering brief in opposition to their
4  motion as the question.
5       THE COURT: All right. Well, I mean, basically,
6  I agree that the critical issue is whether these questions
7  were posed for an attorneys' eyes, and at this point -- and I
8  have to say I had to go back through this -- is there
9  competing information?
10      MR. PASKIN: They've submitted no information
11 as to what the dates are, but I think there's a related
12 issue of waiver, your Honor. This is the document that was
13 found in Mr. Dubea's garbage. We believe that constitutes a
14 waiver.
15      And the other issue is that Mr. Dubea contends
16 that these were all issues related to the advice that he
17 sought about his own risks and the advice that he sought
18 with respect to the risks faced by his son and his son's
19 friends who were forming T&D.
20      I can't imagine that advice being sought by
21 Mr. Dubea without also being communicated to these third
22 parties.
23      To the extent there were any communications
24 about that advice to these third parties, that also would
25 be a waiver because they can't have it both ways, saying

108

1  that Mr. Dubea has nothing to do with T&D, but then somehow
2  saying that the legal advice he receives about T&D is
3  privileged.
4        THE COURT: Good questions. Are these all
5  addressed specifically?
6        MR. LAZARUS: There's no record on that, your
7  Honor. He's just speculating as to what may or may not
8  have happened.
9        Mr. Dubea filed an affidavit concerning the
10 purpose for which he prepared the notes and that's the
11 record.
12       THE COURT: Well, this has always been a question
13 to me. I guess I have never addressed the issue of whether
14 throwing something out waives your privilege. I am not
15 confident that it does because certainly people threw things
16 out before the days of shredders. I mean, you have to
17 dispose of things somehow.
18       But the issue of whether this legal advice was
19 actually sought and when it was sought and whether it was
20 shared, since it has to do with third parties, certainly are
21 very critical questions.
22       Have they been addressed in the briefing?
23       MR. LAZARUS: The issue of whether it was shared,
24 I don't think they raised it in their reply brief.
25       THE COURT: Well, I think you all need to raise

```
                                                          109

 1   it and again by May 31.  All right?
 2              MR. PASKIN:  Thank you, your Honor.
 3              MR. LAZARUS:  Thank you, your Honor.
 4              I'm not sure I need that if a copy of that
 5   document is elsewhere.  I will give that back to you.
 6              Thank you very much.
 7              MR. PASKIN:  Thank you, your Honor.
 8              MR. LAZARUS:  Thank you for your time, your
 9   Honor.
10              MR. PASKIN:  Thank you for indulging us.
11              (Court recessed at 12:25 p.m.)
12                          - - -
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2006, I electronically filed the following documents with the Clerk of Court using CM/ECF:

1. Redacted-Public Version Of Mick Dubea's Supplemental Brief In Opposition To Plaintiffs' Motion For Order Rejecting Defendant's Claim Of Privilege And For Discovery Sanctions; and

2. Redacted-Public Version Of Appendix In Support Of Mick Dubea's Supplemental Brief In Opposition To Plaintiffs' Motion For Order Rejecting Defendant's Claim Of Privilege And For Discovery Sanctions.

which will send notification of such filing(s) to the following:

>William J. Wade, Esquire
>Alyssa M. Schwartz, Esquire
>**Richards, Layton & Finger**
>One Rodney Square
>P.O. Box 551
>Wilmington, DE 19899

I hereby certify that on June 7, 2006, I have also served the document(s) upon the following non-registered participants as follows:

>**BY FEDERAL EXPRESS**
>Michael Paskin, Esquire
>Sarah Paul, Esquire
>**Cravath, Swaine & Moore LLP**
>Worldwide Plaza, 825 Eighth Avenue
>New York, NY 10019

>**BY FEDERAL EXPRESS**
>Teri L. Danish, Esquire
>Rodriguez Colvin Chaney
>1201 E. Van Buren
>Brownsville, TX 78522

>Jason C. Jowers (#4721)
>Morris James Hitchens & Williams
>222 Delaware Avenue
>P.O. Box 2306
>Wilmington, DE 19899
>Telephone: (302) 888-6800
>Facsimile: (302) 571-1750
>jjowers@morrisjames.com

1405697/1