IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., <br><br>              Plaintiffs, <br><br> vs. <br><br> MICK DUBEA, <br><br>              Defendant. | Civil Action No. 05-879 (SLR) <br><br> **REDACTED - PUBLIC VERSION** |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR ORDER REJECTING DEFENDANT'S CLAIMS OF PRIVILEGE AND
FOR DISCOVERY SANCTIONS DUE TO SPOLIATION OF EVIDENCE**

OF COUNSEL:
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

May 31, 2006

William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Plaintiffs Pike Electric
Corporation and Pike Electric, Inc.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| BACKGROUND | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Corning Inc. v. SRU Biosystems, LLC,*
  223 F.R.D. 189 (D. Del. 2004) .................................................................................... 4

*Hoeschst Celanese Corp. v. Nat'l Union Fire Is. Co. of Pittsburgh,*
  623 A.2d 1118 (Del. Sup. Ct. 1992) ........................................................................ 2, 4

*In re Impounded,*
  241 F.3d 308 (3d Cir. 2001) .................................................................................... 2, 3

*In re Kennedy,*
  442 A.2d 79 (Del. 1982) ............................................................................................. 2

*Matter of Grand Jury Empanelled February 14, 1978,*
  603 F.2d 469 (3d Cir. 1979) ....................................................................................... 1

*Navigant Consulting, Inc. v. Wilkinson,*
  220 F.R.D. 467 (N.D. Tex. 2004) ............................................................................... 2

*Sellon v. Smith,*
  112 F.R.D. 9 (D. Del. 1986) ....................................................................................... 3

*Suburban Sew 'N Sweep, Inc. v. Swiss-Bernina,*
  91 F.R.D. 254 (N.D. Ill. 1981) ................................................................................... 5

*United States v. Kossak,*
  275 F.Supp.2d 525 (D. Del. 2003) .............................................................................. 1

*Westinghouse Elec. Corp. v. Republic of the Philippines,*
  951 F.2d 1414 (3d Cir. 1991) ..................................................................................... 4

## BACKGROUND

Following the Court's May 22, 2006 discovery conference, the Court stayed Plaintiffs' Motion for an Order Rejecting Defendant's Claims of Privilege and for Discovery Sanctions Due to Spoliation of Evidence. (*See* 5/22/06 Tr. at 97; 5/25/06 Order Deferring Ruling on Motion.) The Court, however, also directed the parties to make supplemental submissions concerning the question of whether the page of handwritten notes bearing identification number PIKE00016834 (referred to by Dubea as the "Question List" and previously attached as the second page of Exh. 1 to the April 27, 2006 Declaration of Rob Kimmons) is protected from disclosure by the attorney-client privilege, in order to clarify whether the document may be used in depositions. (5/22/06 Tr. at 106-09.) Specifically, the Court stated that "the issue of whether this legal advice was actually sought and when it was sought and whether it was shared, since it has to do with third parties, certainly are very critical questions . . . I think you all need to raise it and again by May 31". (*Id.* at 108-09.)

Accordingly, Plaintiffs Pike Electric Corporation and Pike Electric, Inc. (collectively, "Pike") hereby submit this supplemental brief in support of their Motion. Pike seeks a ruling that, for the reasons set forth herein and for the reasons previously stated, Defendant Mick Dubea ("Dubea") cannot assert the attorney-client privilege over the page of handwritten notes bearing identification number PIKE00016834.[1]

---

[1] It is black letter law that the burden to demonstrate both the application of attorney-client privilege and the absence of a waiver of such privilege rests with the party asserting the privilege, which in this case is Dubea. *See Matter of Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979); *United States v. Kossak*, 275 F.Supp.2d 525, 533 (D. Del. 2003). However, because the Court's request for additional briefing was directed to "all" counsel, in response to the comment by Dubea's counsel that "[t]he issue of whether it was shared, I don't think [Pike] raised it in their reply brief" (5/22/06 Tr. at 108), Pike is submitting this supplemental brief. To the extent Dubea also makes a supplemental submission in support of his claim of privilege, Pike may seek leave of the Court to respond to such submission.

## ARGUMENT

Dubea has failed to meet his burden of demonstrating that the page of handwritten notes was, at any point in time, protected by the attorney-client privilege, and he has even more clearly failed to show that the notes were protected as of the time that they were thrown in the garbage by Dubea and found there by Pike's private investigator on January 17, 2006.

To successfully assert the attorney-client privilege over the notes, Dubea must establish that: (1) he sought legal advice; (2) from a professional legal advisor in his capacity as such; (3) the document related to that purpose; (4) was made in confidence; (5) by the client; (6) is at his insistence permanently protected; (7) from disclosure by himself or by the legal advisor; and (8) that the protection was not waived. *See In re Impounded*, 241 F.3d 308, 316 n.6 (3d Cir. 2001).[2] Dubea has failed to make the required showing.

*First*, the paucity of information that Dubea has provided concerning the communication of his notes is insufficient to establish privilege of any kind. REDACTED

---

[2] If, as Dubea suggests, the laws of Delaware and/or Texas govern matters of privilege in this case (*see* Dubea Answering Br. at 17), the relevant inquiry is no different. Under the laws of those states, it is equally well-settled that the burden lies on the party asserting the privilege to prove each of the necessary elements. *Hoeschst Celanese Corp. v. Nat'l Union Fire Is. Co. of Pittsburgh*, 623 A.2d 1118, 1122 (Del. Sup. Ct. 1992) (applying Delaware law); *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (applying Texas law). The necessary elements of the privilege, moreover, are similar under the laws of both states. *See In re Kennedy*, 442 A.2d 79, 91 (Del. 1982) ("The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the Bar of a court, or his subordinate and (b) in connection with his communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."); *Navigant*, 220 F.R.D. at 473 ("Under Texas law, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived.").



(Aff. of Mick Dubea ("Dubea Aff.") ¶ 12, attached as Exh. A to Dubea Answering Br.) However, Dubea fails to identify several facts essential to establishing that the notes are privileged, including when the notes were made, when the content of the notes was allegedly disclosed to an attorney, the identity of that attorney, when the attorney was retained to provide advice regarding the issues discussed in the notes, and whether that disclosure was made in confidence. *See In re Impounded*, 241 F.3d at 316 n.6. Because Dubea has failed to provide any of those facts, despite having ample opportunity to do so, his claim of privilege must be denied. *See, e.g., Sellon v. Smith*, 112 F.R.D. 9, 15 (D. Del. 1986) (holding that because defendant had never provided the names or positions of persons to whom the contents of an allegedly privileged document had been disclosed, defendant's claim of privilege had properly been denied).[3]

*Second*, the reason why Dubea contends in his affidavit that he wrote the notes strongly suggests that if any privilege once attached to the notes, that privilege has been waived.



---

[3] As discussed in Pike's prior submissions, Dubea's notes are also not privileged because they were neither prepared at the direction of an attorney nor ever provided to his attorney. (*See* Pike Opening Br. at 8-10; Pike Reply Br. at 10-11.)



The only rational conclusion is thus that Dubea passed on his counsel's advice to these third parties.

In doing so, Dubea waived any privilege that may have at one time attached to the notes (and, for that matter, to any communications with his attorney about the notes). *See, e.g., Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) ("it is well-settled that when a client voluntarily discloses privileged communications to a third party, the privilege is waived") Dubea has presented no evidence whatsoever that, at the time of the disclosure, his attorney was also serving as counsel to Graham and Christian and that Dubea and his "friends" had a common legal interest such that the disclosure of the attorney's advice to Graham and Christian would not constitute a waiver. The common interest or joint defense doctrine, which is an exception to the general rule of waiver, only applies when the parties' interests are "identical". *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190 (D. Del. 2004). In Delaware, moreover, the exception does not apply unless the parties are "joint clients of the same counsel, retained or consulted in common. The common interest standing alone is insufficient." *Hoeschst*, 623 A.2d at 1124. Dubea has not, and cannot, prove that he, Graham and Christian were "joint clients of the same counsel" at the time of the communications.

Indeed, the position taken by Dubea in this action -- i.e., that he has nothing at all to do with T&D Solutions, his son Chad's business that competes directly with Pike -- would directly undermine any argument in favor of a common interest between Dubea on the one hand and Graham and Christian on the other. It is undisputed that Graham and Christian are employed

by T&D Solutions. If Dubea shared a common interest with them in seeking advice regarding the legal risks they faced by being involved with a "venture that would compete with Pike" (Dubea Aff. ¶ 11), he effectively concedes his own involvement in the very conduct that is the basis for Pike's claims. Since Dubea has not conceded his own involvement in any business that competes with Pike, he must disavow any shared interest with Graham and Christian in connection with their activities -- he cannot have it both ways.

Accordingly, Dubea's disclosure of the substance of those conversations to Graham and Christian vitiated any claim of privilege he may once have had in connection with the handwritten notes at page PIKE00016834.[4]

## CONCLUSION

For the foregoing reasons, Pike respectfully requests that this Court enter an Order that the handwritten notes on the document bearing identification number PIKE00016834 are not protected by the attorney-client privilege.

OF COUNSEL:
Michael A. Paskin
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Dated: May 31, 2006

Attorneys for Plaintiffs Pike Electric Corporation and Pike Electric, Inc.

---

[4] Separately, Dubea waived any privilege that may have attached to the notes when he threw them in the garbage. *See Suburban Sew 'N Sweep, Inc. v. Swiss-Bernina*, 91 F.R.D. 254, 260 (N.D. Ill. 1981). That argument is set forth fully in Pike's prior submissions and need not be repeated here. (*See* Pike Opening Br. at 10-12; Pike Reply Br. at 12-13.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICK DUBEA, <br><br> Defendant. | Civil Action No. 05-879 (SLR) |

**PROPOSED ORDER**

AND NOW, on this ___ day of _____, 2006, upon review of Plaintiffs Pike Electric Corporation and Pike Electric, Inc.'s (collectively "Pike") Motion for Order Rejecting Defendant's Claims of Privilege and for Discovery Sanctions Due to Spoliation of Evidence, and the supporting papers thereto:

IT IS HEREBY ORDERED that the handwritten notes on the document bearing identification number PIKE00016834 are not protected by the attorney-client privilege.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

**BY HAND DELIVERY**

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

_____
Alyssa M. Schwartz (#4351)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

*[signature]*
Alyssa M. Schwartz (#4351)