IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICK DUBEA, <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 05-879-SLR ) ) ) ) ) ) ) ) |

**DEFENDANT MICK DUBEA'S NOTICE OF SERVICE OF SUBPOENA DIRECTED TO ERNST & YOUNG LLP**

NOTICE IS HEREBY GIVEN that, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant Mick Dubea intends to serve Ernst & Young LLP with a Subpoena in a Civil Case for deposition and document production. The above-referenced subpoena is attached to this notice.

Dated: June 9, 2006    By: _/s/ Matthew Lintner_____
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
Jason C. Jowers (#4721)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
Attorneys for Defendant Mick Dubea
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com
jjowers@morrisjames.com

Issued by the
# United States District Court
### Eastern District of New York

## SUBPOENA IN A CIVIL CASE

Pike Electric Corporation
and Pike Electric, Inc.,
      Plaintiffs,

v.

CASE NUMBER:   05-879 (SLR)
(District of Delaware)

Mick Dubea,
      Defendant.

TO:   Ernst & Young LLP
5 Times Square
New York, NY 10036

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, pursuant to Federal Rule of Civil Procedure 30(b)(6), which provides, in pertinent part, that any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The topics for the deposition are included in "Exhibit A" attached hereto.

| | DATE AND TIME |
|---|---|
| Leader & Berkon LLP<br>630 Third Avenue<br>New York, NY 10017 | June 26, 2006 @ 9:00 a.m. |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested in "Exhibit A" attached hereto at the place, date, and time specified below (list documents or objects): See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Leader & Berkon LLP<br>630 Third Avenue<br>New York, NY 10017<br>Attn: James K. Leader, Esq. | June 23, 2006 @ 9:00 a.m. |

YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>*/s/ Matthew F. Lintner*<br>Matthew F. Lintner (Attorney for Defendant) | Date<br>June 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Matthew F. Lintner, Morris James Hitchens & Williams LLP, 222 Delaware Ave, 10th Floor, Wilmington, DE 19801     (302) 888-6800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT "A"**

## DEFINITIONS

1. The term "document" is used in the broadest sense possible and shall mean, without limitation, any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tapes, films, computer storing devices or any other media and shall include, without limiting the generality of the foregoing, artwork, blueprints, design specifications, pleadings, motions, praecipes, briefs, judicial orders, docket reports, notices, transcripts, correspondence, letters, courtesy copies of correspondence or letters, telegrams, other written communications, contracts, agreements, notes, corporate minutes, memoranda, recordings, computer printouts or media, tapes, disks, electronic mail records, voice mail records, cassettes, analyses, projections, work papers, orders, invoices, diaries, calendar, desk calendars, minutes, affidavits, books, photographs, cables, facsimiles, telex messages, telephone messages, transcripts, summaries, opinions, proposals, reports, studies, evaluations, estimates, journals, appointment books, lists, tabulations or any other writings, including all non-identical copies, drafts or manuscripts, or transcripts of the foregoing now in your possession, custody or control. When one or more of the foregoing documents is requested or referred to, the request or reference shall include, but is not limited to, the original and each and every copy and draft thereof having writings, notations, corrections, or markings peculiar to such copy or draft.

2.  "You" and "your" as used in these requests shall mean the parties to which these requests are directed, their affiliates, their agents, officers, directors, and employees, and all other persons acting or purporting to act on behalf of all of their representatives, including their attorneys.

3.  The term "communication" shall include all means by which information is conveyed by one person or entity to another, and shall include both oral and written communication.

4.  The word "or" shall include "and" and vice-versa.

5.  The word "any" shall include "all" and vice-versa.

6.  "Refer to" or "relate to" shall mean referring to, concerning, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

7.  "RSI" shall refer to "Red Simpson, Inc.," and any affiliates, subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

8.  "Pike Corp." shall refer to Plaintiff Pike Electric Corporation, or Pike Electric, Inc., its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

9.  "Pike Inc." shall refer to Plaintiff Pike Electric Inc., its subsidiaries, divisions or entities under company control, and shall include all present and former employees, agents, representatives, attorneys, successors, predecessors, assigns and/or any other individuals or entities retained by or acting on behalf of any of those parties.

10. "Pike" shall refer collectively to Pike Corp. and Pike Inc.

11. This "Action" shall refer to the present action commenced by Pike under C.A. No. 05-879 (SLR).

## INSTRUCTIONS

1.  As used herein, the past tense shall include the present tense and the present tense shall include the past tense. The singular shall include the plural and the plural shall include the singular.

2.  Compliance with these requests is to be made to the full extent of responsive documents in your possession, custody or control as well as those in the possession, custody or control of your affiliates, agents, attorneys, accountants, investment bankers, and any other person acting on your behalf or subject to your control. If a request is objected to on the grounds that the documents are not in your possession, custody or control, and such documents were or are in the possession, custody or control of defendants or any of their agents, identify the party who has such possession, custody or control.

3.  Each document requested is to be produced as kept in the ordinary course of business, in its original file folder, file jacket or cover.

4.  If no documents responsive to a particular request exist, so state.

3

5. As to any document which no longer exists but which you are aware existed at one time, identify such document with as much particularity as possible, and in addition, identify the last known location of the document, the reason the document is no longer in existence and the person responsible for the document's disposition. Any document relating to such destruction shall also be produced.

6. For each document that you withhold on the basis of claim of privilege, state:

    (a) the type of document (i.e., letter, e-mail, memo, report, etc.);

    (b) information sufficient to enable identification of the document, including the title or subject matter, date, name and address of the author or signer, name and address of the addressee, persons who received copies of the document and all other recipients;

    (c) the existence of any attachments, addenda or appendices;

    (d) the location of the document; and

    (e) the type and basis of the privilege asserted with sufficient information to enable a meaningful challenge to the assertion of such privilege.

7. Terms not defined herein shall be construed and understood according to their commonly understood meaning.

## DOCUMENT REQUESTS

All documents and/or communications in the possession, custody or control of Ernst & Young LLP referring to or relating to any of the following:

a) Any obligations of Pike and/or RSI under the Employee Retirement Income Security Act, and any financial, legal or reporting obligations of any party relating to those obligations;

b) Any obligations of Pike and/or RSI, or the employees of either of them, under section 409A of the Internal Revenue Code, and any financial, legal or reporting obligations of any party relating to those obligations;

c) The appropriate tax, accounting or financial disclosure treatment of any RSI or Pike deferred compensation obligations;

d) The appropriate tax, accounting or financial disclosure treatment of any employment contracts between RSI or Pike and any employees of either;

e) The appropriate tax, accounting, or financial disclosure treatment of the one time compensation expense of approximately $18.0 million in the fourth quarter of the fiscal year ended June 30, 2005 taken by Pike Electric Corporation.

## DEPOSITION TOPICS

The person most knowledgeable of the substance of any communications between Ernst & Young and Pike Electric Corporation, or any of its officers, directors, employees or agents, relating to any of the following:

    a)    Any obligations of Pike and/or RSI under the Employee Retirement Income Security Act, and any financial, legal or reporting obligations of any party relating to those obligations;

    b)    Any obligations of Pike and/or RSI, or the employees of either of them, under section 409A of the Internal Revenue Code, and any financial, legal or reporting obligations of any party relating to those obligations;

    c)    The appropriate tax, accounting or financial disclosure treatment of any RSI or Pike deferred compensation obligations;

    d)    The appropriate tax, accounting or financial disclosure treatment of any employment contracts between RSI or Pike and any employees of either;

    e)    The appropriate tax, accounting, or financial disclosure treatment of the one time compensation expense of approximately $18.0 million in the fourth quarter of the fiscal year ended June 30, 2005 taken by Pike Electric Corporation.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2006, I caused to be electronically filed the foregoing document, DEFENDANT MICK DUBEA'S NOTICE OF SUBPOENA FOR DEPOSITION AND DOCUMENT PRODUCTION TO ERNST & YOUNG LLP with the Clerk of the Court using CM/ECF which will send notification of such filing to the following as indicated below:

**VIA CM/ECF**
William J. Wade, Esq.
Alyssa M. Schwartz, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

**VIA E-MAIL**
Teri L. Danish, Esquire
Rodriguez Colvin Chaney
1201 E. Van Buren
Brownsville, TX  78522

By: _/s/ Matthew F. Lintner_
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
Jason C. Jowers (#4721)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com
jjowers@morrisjames.com

1407106/1

2