IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION and
PIKE ELECTRIC, INC.,

Plaintiffs,

vs.

MICK DUBEA,

Defendant.

Civil Action No. 05-879-SLR

**DEFENDANT MICK DUBEA'S NOTICE OF SERVICE OF DEPOSITION SUBPOENA PURSUANT TO RULE 30(B)(6) DIRECTED TO TOWERS, PERRIN, FORSTER & CROSBY, INC.**

NOTICE IS HEREBY GIVEN that, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant Mick Dubea intends to serve Towers, Perrin, Forster & Crosby, Inc. with a Subpoena in a Civil Case for a deposition. The above-referenced subpoena is attached to this notice.

Dated: June 9, 2006

By: ______________________________

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
Jason C. Jowers (#4721)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
Attorneys for Defendant Mick Dubea
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com
jjowers@morrisjames.com

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

**Eastern District of Pennsylvania**

## SUBPOENA IN A CIVIL CASE

Pike Electric Corporation
and Pike Electric, Inc.,
Plaintiffs,

v.

CASE NUMBER: 05-879 (SLR)
(District of Delaware)

Mick Dubea,
Defendant.

TO: Towers, Perrin, Forster & Crosby, Inc.
Attention: Jon Weinstein
Centre Square
1500 Market St
Philadelphia, PA 19102

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, pursuant to Federal Rule of Civil Procedure 30(b)(6), which provides, in pertinent part, that any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The topics for the deposition are included in "Exhibit A" attached hereto.

| | DATE AND TIME |
|---|---|
| Morris James Hitchens & Williams LLP<br>222 Delaware Ave, 10th Floor,<br>Wilmington, DE 19801 | June 21, 2006 @ 9:00 a.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested in "Exhibit A" attached hereto at the place, date, and time specified below (list documents or objects): See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| Matthew F. Lintner (Attorney for Defendant) | June 9, 2006 |

Issuing Officer's Name, Address, and Phone Number
Matthew F. Lintner, Morris James Hitchens & Williams LLP, 222 Delaware Ave, 10th Floor, Wilmington, DE 19801 (302) 888-6800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT "A"**

DEPOSITION TOPICS

Please produce the person most knowledgeable of the following topics:

a) the Pike Electric Executive Compensation study by Towers Perrin dated on or about June 22, 2005, and all drafts thereof (the "Study"), undertaken at the request of Pike Electric Inc. and/or its investment counselors, Lindsay Goldberg & Bessemer ("LGB");

b) the collection and review of employment agreements of competitors of Pike undertaken in conjunction with the Study;

c) the terms of the employment agreements of competitors of Pike collected in conjunction with the Study;

d) Towers Perrin's recommendations to Pike relating to draft employment agreements for Pike officers, and specifically the basis for Towers Perrin's recommendations relating to noncompetiton provisions of such draft agreements.

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2006, I caused to be electronically filed the foregoing document, DEFENDANT MICK DUBEA'S NOTICE OF SERVICE OFDEPOSITION SUBPOENA PURSUANT TO RULE 30(B)(6) DIRECTED TO TOWERS, PERRIN, FORSTER & CROSBY, INC. with the Clerk of the Court using CM/ECF which will send notification of such filing to the following as indicated below:

**VIA CM/ECF**
William J. Wade, Esq.
Alyssa M. Schwartz, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**VIA E-MAIL**
Teri L. Danish, Esquire
Rodriguez Colvin Chaney
1201 E. Van Buren
Brownsville, TX 78522

By: ______________________________

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
Jason C. Jowers (#4721)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com
jjowers@morrisjames.com