Issued by the

# United States District Court

Middle District of North Carolina

## SUBPOENA IN A CIVIL CASE

Pike Electric Corporation
and Pike Electric, Inc.,
      Plaintiffs,

v.

                CASE NUMBER: 05-879 (SLR)
                            (District of Delaware)

Mick Dubea,
      Defendant.

TO:   Reginald L. Banner
       331 Valleyview Drive
       Mount Airy, NC 27030-5374

   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

**X** YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, pursuant to Federal Rules of Civil Procedure 26, 30 and 45 to provide testimony in connection with the facts underlying the claims and defenses asserted in the above-referenced action.

| | DATE AND TIME |
|---|---|
| Bell, Davis & Pitt, P.A.<br>Century Plaza, Suite 600<br>Winston-Salem, NC 27101 | June 28, 2006 @ 9:00 a.m. |

YOU ARE COMMANDED to produce and permit inspection and copying of the documents at the place, date, and time specified below (list documents or objects).

| PLACE | DATE AND TIME |
|---|---|
|  |  |

YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| Joseph S. Naylor (Attorney for Defendant) *[signature]* | June 9, 2006 |

Issuing Officer's Name, Address, and Phone Number
Joseph S. Naylor, Morris James Hitchens & Williams LLP, 222 Delaware Ave, 10th Floor, Wilmington, DE 19801   (302) 888-6800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

JUN-09-2006 22:06        302 658 9164                    302 658 9164    P.03
Case 1:05-cv-00879-SLR    Document 95    Filed 06/15/2006    Page 2 of 3
AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6-10-2006 4:18 PM | 331 Valleyview Dr. Mt. Airy NC |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Reginald L. Banner | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Wes Church | Assoc. Licensed Investigator/Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6-10-2006
        DATE

SIGNATURE OF SERVER

240 Friendly Grove Ch Rd.
ADDRESS OF SERVER
Millers Creek NC 28651

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2006, I caused to be electronically filed the foregoing document, DEFENDANT MICK DUBEA'S NOTICE OF SUBPOENA FOR DEPOSITION TO REGINALD L. BANNER with the Clerk of the Court using CM/ECF which will send notification of such filing to the following as indicated below:

VIA CM/ECF
William J. Wade, Esq.
Alyssa M. Schwartz, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

VIA E-MAIL
Teri L. Danish, Esquire
Rodriguez Colvin Chaney
1201 E. Van Buren
Brownsville, TX 78522

By: _____
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
llazarus@morrisjames.com
mlintner@morrisjames.com
jnaylor@morrisjames.com