IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICK DUBEA, <br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 05-879-SLR ) ) ) ) |

**DEFENDANT MICK DUBEA'S NOTICE OF 30(B)(6) DEPOSITION OF
PIKE ELECTRIC CORPORATION**

TO:   Alyssa M. Schwartz, Esq.
      Richards, Layton & Finger
      One Rodney Square
      P.O. Box 551
      Wilmington, DE 19899

PLEASE TAKE NOTICE that the undersigned will take the oral deposition of Pike Electric Corporation ("Pike") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, on June 30, 2006, at 9 a.m., or at such other date and time as the Court may order or the parties may agree in writing, and continuing from day to day until completed, in the offices of Morris, James, Hitchens & Williams LLP, 222 Delaware Avenue, 10th Floor, Wilmington, DE 19801. The testimony shall be recorded stenographically and by videotape. Pike shall designate the person(s) most knowledgeable about the topics on SCHEDULE A attached hereto.

Dated: June 23, 2006         By: _/s/ Lewis H. Lazarus_
                                 Lewis H. Lazarus (#2374)
                                 Matthew F. Lintner (#4371)
                                 Joseph S. Naylor (#3886)
                                 MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                 222 Delaware Avenue, 10th Floor
                                 Wilmington, Delaware 19801
                                 (302) 888-6800
                                 llazarus@morrisjames.com
                                 mlintner@morrisjames.com
                                 jnaylor@morrisjames.com
                                 Attorneys for Defendant Mick Dubea

## **SCHEDULE A**

1. The negotiation, terms, interpretation, and documentation of all employment agreements between J. Eric Pike and Pike Electric Corporation.

2. The negotiation, terms, interpretation, and documentation of all employment agreements between Mark Castaneda and Pike Electric Corporation.

3. The negotiation, terms, interpretation, and documentation of Mick Dubea's July 1, 2004 employment agreement.

4. The negotiation, terms, interpretation, documentation, and purpose of Mick Dubea's May 5, 2005 amendment to his employment agreement, including but not limited to (a) how the amendment changed the original employment agreement of July 1, 2004; and (b) how the amendment affected Pike's accounting, financial reporting, and/or tax treatment of any payments or other compensation under the employment agreement.

5. The negotiation, terms, interpretation, documentation, and purpose of all of the May 2005 amendments signed by former RSI employees, including but not limited to (a) how the amendments changed the original employment agreements; and (b) how the amendments affected Pike's accounting, financial reporting, and/or tax treatment of any payments or other compensation under the employment agreements.

6. Pike and/or RSI obligations under the Employee Retirement Income Security Act arising out of Pike and/or RSI's deferred compensation obligations.

7. Pike and/or RSI obligations under Section 409A of the Internal Revenue Code arising out of Pike and/or RSI's deferred compensation obligations.

8. The accounting, financial reporting, and/or tax treatment of the one time compensation expense of approximately $18.0 million in the fourth quarter of the fiscal year ended June 30, 2005 taken by Pike.

9. Any disclosures Mick Dubea made of Pike confidential information other than in the discharge of his duties as an employee of Pike.

10. The engagement of Mick Dubea in an activity or business in competition with Pike.

11. Assistance by Mick Dubea to any competitors of Pike.

12. Mick Dubea's solicitation of any customers or employees of Pike.

13. The information or records Pike deems to be confidential for purposes of Pike's employment agreements, including but not limited to Mick Dubea's employment agreement of July 1, 2004.

14. The information or records Pike deems to be trade secret.

15. Pike's policies and procedures relating to confidential information, including but not limited to its enforcement of those policies and procedures.

16. Pike's records and methods for tracking its financial performance with customers, including but not limited to reports of revenue, costs, profits, and other such information kept by job, by crew, by region, by customer, or by other method.