# EXHIBIT A

# United States District Court

__EASTERN__ DISTRICT OF __TEXAS__

**PIKE ELECTRIC CORPORATION and**
**PIKE ELECTRIC, INC.**

V.

**SUBPOENA IN A CIVIL CASE**

**MICK DUBEA**

CASE NUMBER: **C.A. No. 05-879(SLR)**

TO: Dubea Investments, Ltd.
2570 Ashley Street
Beaumont, TX 77702

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. *See Exhibit A attached hereto for deposition topics. Dubea Investments, Ltd. shall designate the person or persons most knowledgeable about the facts and documents supporting, underlying or relating to the topics set forth in Exhibit A.*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Nell McCallum & Associates, Inc. 2615 Calder Avenue, Suite 111, Beaumont, TX 77702 | **June 30, 2006 at 9:30 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | 6/24/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Alyssa M. Schwartz, Esq., Richards Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899  (302) 651-7756

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

RLF1-3031007-1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoenas was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      iv) subjects a person to undue burden
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RLF1-3031007-1

## EXHIBIT A

1. The formation of Dubea Investments;

2. The corporate structure of Dubea Investments;

3. The identity of any owners, partners, managers, employees, subsidiaries, and/or affiliates of Dubea Investments;

4. Mick Dubea's involvement with Dubea Investments;

5. The operations of Dubea Investments;

6. The location of Dubea Investments, including but not limited to the location of any offices, buildings, or property owned by Dubea Investments or any of its owners, partners, managers, subsidiaries, and/or affiliates;

7. Any loans made to Dubea Investments;

8. Any promissory notes, promises to pay, lending agreements, or other loan agreements of any kind made by Dubea Investments to any other entity, including any notes made payable to the 2003 Mick Dubea Grantor Retained Annuity Trust and the "Value Received" by Dubea Investments in exchange for such notes;

9. Any transactions where Dubea Investments has consented to the assignment or collateralization of any promissory notes, promises to pay, lending agreements, or other loan agreements of any kind;

10. The profits, revenues and expenses of Dubea Investments for the past 10 years;

11. The plans for Dubea Investments for the next five years;

12. Any transactions of any kind between Dubea Investments on the one hand and Chad Dubea, Cory Close, Bob Strother, Alex Graham, Sammy Christian, T&D Solutions Ltd., or T&D Solution Managers LLC on the other hand;

13. Any involvement of Chad Dubea, Cory Close, Bob Strother, Alex Graham, Sammy Christian, T&D Solutions Ltd., or T&D Solution Managers LLC with Dubea Investments;

14. Any transactions of any kind between Dubea Investments and Southern Heritage Bank;

- 2 -

15. Any transactions of any kind between Dubea Investments and Red River Bank;

16. Any transactions of any kind between Dubea Investments and Red Simpson Inc.;

17. The drafting, existence and enforcement of any employment agreements entered into between Dubea Investments and its employees or executives, including but not limited to any non-disclosure and non-competition covenants located therein;

18. The document retention policy of Dubea Investments;

19. The existence, location, and storage of Dubea Investments' electronic and hardcopy documents relating to the aforementioned topics; and

20. Whether the electronic and hardcopy documents belonging to Dubea Investments are under the possession, custody or control of Mick Dubea.