IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIKE ELECTRIC CORPORATION and<br>PIKE ELECTRIC, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 05-879 (SLR) |
| MICK DUBEA, | )<br>) | **PUBLIC VERSION** |
| Defendant. | ) | |

### DEFENDANT MICK DUBEA'S MOTION IN LIMINE TO EXCLUDE REPORTS AND TESTIMONY OF ROBERT L. KIMMONS

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
R. Christian Walker (#4802)
**MORRIS, JAMES, HITCHENS
& WILLIAMS LLP**
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

Attorneys for Defendant Mick Dubea

Original Date:  August 18, 2006
Redacted Date:  August 23, 2006

1447802/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br> Defendant. | Civil Action No. 05-879-SLR <br><br> **CONFIDENTIAL** <br> **FILED UNDER SEAL** |

### DEFENDANT MICK DUBEA'S MOTION IN LIMINE TO EXCLUDE REPORTS AND TESTIMONY OF ROBERT L. KIMMONS

Defendant Mick Dubea ("Mr. Dubea"), by and through his undersigned counsel, hereby moves *in limine* for an Order in the form attached hereto excluding from trial the reports and testimony of Plaintiffs' Pike Electric Corporation and Pike Electric, Inc. (collectively, "Pike" or "Plaintiffs") private investigator, Robert L. Kimmons ("Kimmons") unless Pike and Kimmons produce documents related to the subject matter of his intended testimony of trash collection and retrieval, including documents previously withheld as work product, and permits a second deposition of Kimmons at Pike's expense. In support of his motion, Mr. Dubea states as follows:

1. On February 24, 2006, Pike filed their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). In those disclosures, Pike identified Kimmons as a person with knowledge of the facts of this case. Kimmons is a private investigator, hired by Pike, to investigate Mr. Dubea's conduct in connection with a non-compete agreement between Pike and Mr. Dubea. (Kimmons Dep. Tr. at 106:24-107:2) (attached hereto as Exhibit A). On May 26, 2006, counsel for Mr. Dubea deposed Kimmons (the "Deposition"). Despite

1446165/2

Plaintiffs' initial disclosure indicating that Kimmons has knowledge of a broad scope of information relevant to this case, Pike indicated at the Deposition that they intended for Mr. Kimmons to testify solely about his method of trash removal and retrieval from the homes of Mr. Dubea and Mr. Alex Graham.[1] It then foreclosed meaningful discovery into Kimmons' knowledge of the subject matter of his intended testimony at trial. For example, Pike asserted work product over questions concerning the methods by which Kimmons proceeded with the "trash refuge" portion of its investigation:

> Q   Did your office subcontract out to do any work in connection with its investigation in this case?
>
> A.  I believe we did use one subcontractor.
>
> Q.  And who was that, sir?
>
> A.  I'm hesitating because I'm not sure I can remember his name. I didn't deal with him. Royce Maza's portion of the case. That was Mike something, but I can't recall his name.
>
> Q.  Do you know the company?
>
> A.  He works for himself.
>
> Q.  What was Royce Maza's portion of the case?
>
> A.  Royce is –
>
> MS. PAUL: Objection to form.
>
> A.  Royce is involved in research, as well as the trash refuge part of the case.
>
> Q.  (BY MR. LAZARUS) Is the gentleman Mike involved in the trash refuge part of the case?

---

[1] Mr. Graham is a former Area Supervisor who once worked at Pike and has since left to work for a competitor.

2

1446165/2

> A.      I believe in a limited way he was. That's where he came into play.
>
> Q:      What did he do, Mike?
>
> MS. PAUL: Objection. Calls for work product, what did he do.
>
> MR. LAZARUS: I know what my question was.
>
> MS. PAUL: I instruct him not to answer the details of what he did.

(Kimmons Dep. Tr. at 45:10 - 46: 10). Pike also caused Kimmons to refuse to produce or testify about videos and photographs it took of trash receptacles and/or garbage collection at Mr. Dubea's house in connection with its investigation. (Kimmons Dep. Tr. at 127:21 - 128:9).

2.      During the Deposition, Pike and Mr. Dubea sought guidance from the Court regarding the scope of questioning of Kimmons. Pike recognized the soundness of Mr. Dubea's position when its counsel told the Court that "all we're trying to do here today is to protect our work-product privilege on matters that Mr. Kimmons *never intended to testify to*." (Kimmons Dep. Tr. at 106:7-10)(emphasis supplied). As the testimony above reflects, Pike in fact precluded inquiry into the methods of investigation and other facts pertinent to Kimmons' collection of trash from the homes of Mr. Dubea and Mr. Graham on the ground of work product. Pike's counsel instructed Mr. Kimmons not to answer such questions on that ground. (*Id.* at 45:10 - 46: 10). Following the deposition, counsel for Mr. Dubea expressly reserved Mr. Dubea's right to contest the assertion of work product by Kimmons and its counsel if any representative of Kimmons were to testify at trial. *See* letter to The Hon. Sue L. Robinson from Lewis H. Lazarus, Esq., dated May 5, 2006 (D.I. 54), attached hereto as Exhibit B.

3.  Pike's overly broad claim to work product protection dissipated on August 8, 2006 when Pike submitted its list of intended trial witnesses including Kimmons. *See* Pike List of Intended Witnesses at Trial, attached hereto as Exhibit C. It is well-established that a claim of work product protection is waived when a party seeks to introduce testimony relating to the subject of the claim of protection. *See United States v. Nobles*, 422 U.S. 225, 239-240 (1975); *see also Remington Arms Co. v. Liberty Mutual Ins. Co.*, 142 F.R.D. 408, 419-420 (D.Del. 1992)(precluding plaintiff from introducing as evidence any material for which work product protection was claimed); *Harding v. Dana Trans., Inc.*, 914 F. Supp. 1084, 1098 (D.N.J. 1996)(defense to employment discrimination claim partly based on employer's investigation into attorney interviews waived work product protection for investigation).[2] As in *Nobles*, Pike's assertion of work product protection to prevent examination of the methods of inquiry and investigation related to Kimmons' retrieval of the trash of Mr. Dubea and Mr. Graham now prohibits Pike from offering Kimmons testimony at trial. *Id.*[3]

---

[2] In *Nobles*, defense counsel sought to impeach the credibility of key prosecution witnesses by introducing the testimony of a defense investigator regarding statements previously obtained from the witnesses by the investigator. The District Court held that the defendant would have to submit to the prosecution for inspection the investigator's report, but the defendant refused to produce the report, claiming work product protection. The District Court therefore ruled that the investigator could not testify about his interviews with the witnesses. On appeal to the Ninth Circuit, the Court of Appeals found such ruling to be reversible error. The Supreme Court reversed the decision of the Ninth Circuit and held that when a party elects to call a witness whose basis for knowledge is arguably subject to work product protection, the grounds for the witness's knowledge are subject to both discovery and cross-examination. *Nobles*, 422 U.S. at 240.

[3] *Id.*, holding that a litigant, "can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination."

4

1446165/2

4.    Pike's use of Kimmons' testimony and documentary evidence as a litigation weapon would be both unfair and highly prejudicial to Mr. Dubea. The Third Circuit has applied a "fairness doctrine" in the context of partial, voluntary disclosure of work-product protected documents, which precludes a party from using work product as both a "sword" and a "shield." *Westinghouse Elec. Corp. v. Rep. of the Philippines*, 951 F.2d 1414, 1426 n. 13, 1430 (3d Cir.1991)(disclosure of only a portion of otherwise privileged materials effects a broad waiver of privilege where selective disclosure would be unfair to the party's adversary.).[4] By offering Kimmons as a witness after foreclosing discovery efforts under the guise of work product protection, Pike seeks to employ precisely the "sword" and "shield" tactic precluded by both *Nobles* and *Westinghouse*.[5] Mr. Dubea will be unfairly prejudiced if he is unable to examine Kimmons concerning documents pertinent to its investigation of Mr. Dubea's trash but must rely instead on the partial and sanitized version reflected in the documents Pike produced and the topics about which Pike's counsel permitted him to testify.

**WHEREFORE,** given the prejudice to Mr. Dubea if Kimmons' testimony is permitted at this juncture without production of relevant documents that bear on his methods of investigation into Mr. Dubea's trash and further deposition, the Court should

---

[4] *See also In re Hechinger Inv. Co. of Delaware*, 303 B.R. 18, 26 (D.Del., 2003)("The general rule that a disclosure waives not only the specific communication but also the subject matter of it in other communications" applies where "it is obvious a party is attempting to gain an advantage or make offensive or unfair use of the disclosure."); *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1302 (C.A.Fed., 2006)("[A] district court should balance the policies to prevent sword-and-shield litigation tactics with the policy to protect work product."), *cited with approval in Ampex Corp. v. Eastman Kodak Co.*, 2006 WL 1995140, *2 (D.Del., 2006).

[5] *See also Becton Dickinson and Co. v. Tyco Healthcare Group LP*, 2006 WL 890995, *10 (D.Del., 2006)(citations omitted)("The Federal Rules of Civil Procedure were adopted, in part, to eliminate the element of 'surprise' in litigation. Indeed, the Rules exist to 'insure that causes [are] fully and fairly litigated by parties to the action from the outset.'").

5

preclude Pike from calling Kimmons as a witness, unless Pike produces documents, videotapes and photographs reflecting the methods and results of its investigation, including those previously withheld on the ground of work product, and permits a second deposition at Pike's expense.

                MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                */s/ Lewis H. Lazarus*
                Lewis H. Lazarus (#2374)
                Matthew F. Lintner (#4371)
                Joseph S. Naylor (#3886)
                222 Delaware Avenue
                P.O. Box 2306
                Wilmington, DE 19899
                (302) 888-6800
                Attorneys for Defendant Mick Dubea

Dated: August 18, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> MICK DUBEA, <br><br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-879-SLR <br> ) <br> ) **CONFIDENTIAL** <br> ) **FILED UNDER SEAL** <br> ) <br> ) <br> ) |

## **ORDER**

Upon consideration of Defendant Mick Dubea's Motion *In Limine* to Exclude Reports and Testimony of Robert L. Kimmons ("Motion in Limine"), and good cause appearing therefor;

IT IS HEREBY ORDERED that:

1.  Defendant's Motion in Limine is GRANTED; and

2.  Plaintiffs Pike Electric Corporation and Pike Electric, Inc. (collectively, "Pike") are precluded from calling Robert L. Kimmons ("Kimmons") as a witness at trial, unless Pike:

    a) Produces all documents, videotapes and photographs reflecting the methods and results of its investigation of Defendant, including those previously withheld on the ground of work product within _____ days of the date of this Order; and

   b) Permits a second deposition of Kimmons by Defendant at Pike's expense.

Dated: _____, ____, 2006

                _____
                Sue L. Robinson
                United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and<br>PIKE ELECTRIC, INC.,<br><br>            Plaintiffs,<br><br>      v.<br><br>MICK DUBEA,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-879 (SLR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RULE 7.1.1. CERTIFICATION
FOR MICK DUBEA'S MOTION IN LIMINE TO
EXCLUDE REPORTS AND TESTIMONY OF ROBERT L. KIMMONS**

Counsel for Defendant Mick Dubea hereby certifies that opposing counsel was contacted in an effort to resolve this issue.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_/s/ Lewis H. Lazarus_
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
R. Christian Walker (#4802)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

Attorneys for Defendant Mick Dubea

Dated: August 18, 2006

1447760

## CERTIFICATE OF SERVICE

I, Joseph S. Naylor, hereby certify that on August 23, 2006, I caused to be filed electronically the **PUBLIC VERSIONS** of: **(1) Defendant Mick Dubea's Motion In Limine To Exclude Reports And Testimony Of Robert L. Kimmons; (2)** [*proposed*] **Order; (3) Defendant's Rule 7.1.1 Certification and (4) this Certificate of Service** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the party listed below. I also certify that I caused the foregoing to be served by hand delivery upon the following counsel of record:

>Alyssa M. Schwartz, Esquire
>**Richards, Layton & Finger**
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899
>Email: *schwartz@rlf.com*

In addition, I hereby certify that on August 23, 2006, I caused the foregoing document to be delivered by e-mail and first class mail upon the following non-registered participants:

>Michael A. Paskin, Esquire
>Sarah E. Paul, Esquire
>J. Wes Earnhardt, Esquire
>**Cravath, Swaine & Moore LLP**
>Worldwide Plaza, 825 Eighth Avenue
>New York, NY  10019
>Email: *mpaskin@cravath.com*
>Email: *spaul@cravath.com*
>Email: *wearnhardt@cravath.com*

>Teri L. Danish, Esquire
>**Rodriguez Colvin Chaney & Saenz LLP**
>1201 E. Van Buren
>Brownsville, TX  78522
>Email: *tl.danish@rcclaw.com*

>>*/s/ Joseph S. Naylor*
>>_____
>>Joseph S. Naylor (#3886)
>>MORRIS JAMES HITCHENS & WILLIAMS LLP
>>222 Delaware Avenue
>>P.O. Box 2306
>>Wilmington, DE 19899
>>(302) 888-6800
>>Email: *jnaylor@morrisjames.com*

1447765/1