IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIKE ELECTRIC CORPORATION and<br>PIKE ELECTRIC, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 05-879 (SLR) |
| MICK DUBEA, | ) | **PUBLIC VERSION** |
| Defendant. | )<br>) | |

**DEFENDANT MICK DUBEA'S MOTION IN LIMINE TO PRECLUDE
PIKE FROM CLAIMING AT TRIAL THAT
MICK DUBEA IMPROPERLY DISCLOSED
<u>PURPORTEDLY CONFIDENTIAL PIKE INFORMATION</u>**

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
R. Christian Walker (#4802)
**MORRIS, JAMES, HITCHENS
& WILLIAMS LLP**
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

Attorneys for Defendant Mick Dubea

Original Date: August 18, 2006
Redacted Date: August 23, 2006

1447714/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-879 (SLR) |
| MICK DUBEA, | ) ) ) | **CONFIDENTIAL - FILED UNDER SEAL** |
| Defendant. | ) | |

### DEFENDANT MICK DUBEA'S MOTION IN LIMINE TO PRECLUDE PIKE FROM CLAIMING AT TRIAL THAT MICK DUBEA IMPROPERLY DISCLOSED PURPORTEDLY CONFIDENTIAL PIKE INFORMATION

Defendant Mick Dubea ("Mr. Dubea") hereby moves for an order prohibiting plaintiffs Pike Electric Corporation and Pike Electric, Inc. (collectively "Pike") from claiming at trial that he disclosed any confidential information in violation of his employment agreement, trade secret laws, or otherwise. In support of his motion, Mr. Dubea states as follows:

**Background**

1. The litigation arises from Pike's claim that Mr. Dubea improperly assisted one of Pike's competitors, T&D Solutions Ltd. ("T&D"), which was established in the fall of 2005 by Mr. Dubea's son and employs a number of former Pike executives and employees. Pike has additionally claimed that Mr. Dubea provided confidential Pike information to T&D, including "Pike's job pricing information, including overhead costs; multiplier amounts and calculation techniques; Pike's lists of customers and suppliers; Pike's contact information for its customers and suppliers, including cell and home phone numbers; Pike's salary, payroll and bonus information, and Pike's specialized employee

development techniques and training programs." (*See* Pike Interrog. Resp. No. 4). On the basis of these purported disclosures, Pike has alleged claims against Mr. Dubea for breach of the non-disclosure covenant in his employment agreement (section 5.03) and for trade-secret violations.

**There Is No Evidence That Mr. Dubea Disclosed Confidential Information**

2.  After more than 4 months of discovery, involving 27 depositions and the production of almost 300,000 pages of documents, no evidence suggests that Mr. Dubea disclosed confidential information to anyone at T&D or otherwise. For example, Pike's Chief Executive Officer, Eric Pike, testified at his deposition just days prior to the close of discovery that:

**REDACTED**

3.  Pike also deposed five different persons affiliated with T&D. These witnesses unequivocally testified that

**REDACTED**

4.  That Pike is not aware of any evidence that Mr. Dubea disclosed confidential information is confirmed by a June 24, 2006 letter (attached as Exhibit B) sent from Pike's counsel, again just days prior to the close of discovery, stating Pike's

position that Mr. Dubea forfeited his unpaid deferred compensation for allegedly violating the non-compete covenant of his employment agreement (Section 5.07). This letter is significant because, in its complaint, Pike originally claimed that Mr. Dubea forfeited his unpaid deferred compensation for allegedly violating both the non-compete and non-disclosure covenants of his employment agreement. Pike has also failed to identify any damages that it has suffered as a result of Mr. Dubea's purported disclosures, whether in its expert damages report or otherwise. Both of these facts confirm that whatever testimony Pike might offer concerning allegedly improper disclosure of Pike confidential information or trade secrets would not be in support of any claim it believes it has.

### Pike Cannot Rely On An Inference That The T&D Defendants Could Not Have Formed Or Operated T&D Without Confidential Information From Mr. Dubea

5. This is not a case where T&D's possession of confidential information can only be explained by improper transmission by Mr. Dubea. Pike has acknowledged that T&D's officers and many of its employees already knew and had access to confidential information. In Pike's recent opposition to the T&D defendants motion for summary judgment in a related Texas action, Pike admits that multiple people at T&D "had access to Pike's customers, job cost information, and employee wage data" and that at least one person had access to Pike's "payroll, bonus, and compensation information," as well as Pike's profit and loss data. (Pike Br. at 10-12) (attached as Exhibit C). Similarly, Mr. Dubea's son and several other people at T&D attended confidential and high-level meetings between Pike and AEP, one of Pike's largest clients which has since given work to T&D, in October 2005 where "confidential pricing, upcoming bids, and the scope of future work in Texas" was discussed. (*Id.* at 13). Pike's answering brief is telling

because the T&D defendants in their opening brief (attached as Exhibit D) noted the absence of evidence of receipt by them of confidential information from the "phantom Mick Dubea." Yet in its answering brief, Pike says nothing about any confidential information improperly disclosed to the T&D defendants by Mr. Dubea.[1]

### Pike Has Sent Mixed Signals As To Whether It Intends To Pursue Its Improper Disclosure Claims At Trial

6.  Despite the complete lack of evidence that Mr. Dubea improperly disclosed Pike's confidential information, Pike has sent mixed signals as to whether it intends to pursue such claims at trial. Pike may be reluctant to dismiss its improper disclosure claims against Mr. Dubea because it wants to have this Court enter factual findings and conclusions of law on these issues in order to make use of them in the upcoming Texas action in January of 2007 against the T&D defendants. But judicial time should not be expended to further Pike's objective in another proceeding.

7.  Given the insufficient basis for its disclosure claims, requiring Mr. Dubea to present evidence at trial would prejudice Mr. Dubea's counsel's ability to present evidence on the central issue to be resolved at trial -- whether Mr. Dubea's purported conduct during September and October 2005 violated section 5.07 of his employment agreement as amended. Even if Mr. Dubea planned to move for and did obtain a

---

[1] Pike's suggestion that its above-described information is confidential is grossly inflated in any event. In reality, much of Pike's purportedly "confidential" information is either not confidential at all because it appears regularly in public-bid documents or because it is known to the public beyond personnel at Pike. Similarly, much of the "confidential" information that Mr. Dubea was familiar with was information relating to old RSI costs and pricing methods, which Pike stopped using right around the time Mr. Dubea was terminated in August 2005. Thus, if the Court denies this motion, Mr. Dubea reserves the right to contend at trial that even if Pike could prove that Mr. Dubea disclosed information to any person other than in the performance of his duties at Pike, none of it was confidential or a trade secret.

judgment as a matter of law under Federal Civil Procedure Rule 52(c) after the close of Pike's case in chief, he should not be required to expend his own limited trial presentation time on a claim for which Pike will inevitably suffer a failure of proof and which it appears Pike is pursing for tactical advantage in another action.

### Pike Should Be Prohibited From Claiming At Trial That Mr. Dubea Disclosed Confidential Information

8.  Motions in limine are a "favored and useful tool" to narrow the issues for trial and eliminate distractions and to "prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." *Norman v. U.S.*, 56 Fed. Cl. 255, 267 (Fed. Cl. 2003) (granting motion in limine to bar plaintiffs from presenting evidence challenging wetland re-delineation under the Clean Water Act); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 505 F. Supp. 1125, 1140 (E.D. Pa. 1980) (noting that the courts and commentators favor the use of motions in limine in complex litigation as a means of "increasing trial efficiency and promoting improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial").

9.  In this regard, motions in limine are appropriately granted to limit the claims, defenses, or issues that a party is allowed to present at trial based on lack of evidence. *See Utz v. Johnson*, C.A. No. 04-CV-0437, 2004 WL 3828095, *3 (E.D. Pa. 2004) (granting motion in limine stating "[b]ecause Defendant has failed to offer sufficient evidence on the issue of mitigation of damages, we will not permit Defendant to present this affirmative defense"); *Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.*, 870 F. Supp. 1237, 1239 (D.N.J. 1994) (referencing earlier decision in case granting

motion in limine that "excluded as insufficient all plaintiff's evidence of compensatory and punitive damages").

10. Here, an order prohibiting Pike from claiming at trial that Mr. Dubea disclosed confidential information is appropriate, because (1) Pike's actions reflect that it does not believe it has a good-faith claim that Mr. Dubea violated any duty that he owed regarding confidential information; (2) unrebutted evidence offered by Pike confirms that T&D knew and had independent access to the same information without any participation by Mr. Dubea; and (3) such relief is necessary to avoid unfair prejudice to Mr. Dubea and to promote judicial economy.

WHEREFORE, Mr. Dubea asks this Court to enter an Order granting his motion in limine and precluding Pike from claiming at trial that he disclosed any confidential information or trade secrets in violation of his employment agreement or other applicable law.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_____
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Joseph S. Naylor (#3886)
R. Christian Walker (#4802)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

Attorneys for Defendant Mick Dubea

Dated: August 18, 2006

1446781/3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIKE ELECTRIC CORPORATION and PIKE ELECTRIC, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-879 (SLR) |
| MICK DUBEA, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant Mick Dubea's Motion In Limine To Preclude Pike From Claiming At Trial That Mick Dubea Improperly Disclosed Purportedly Confidential Pike Information, and good cause appearing therefore, IT IS HEREBY ORDERED that Defendant's motion is GRANTED.

_____
Sue L. Robinson
United States District Judge

Dated: _____

1447717/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION and<br>PIKE ELECTRIC, INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>MICK DUBEA,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-879 (SLR)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S RULE 7.1.1. CERTIFICATION
### FOR MICK DUBEA'S MOTION IN LIMINE TO PRECLUDE PIKE FROM
### CLAIMING AT TRIAL THAT MICK DUBEA IMPROPERLY DISCLOSED
### PURPORTEDLY CONFIDENTIAL PIKE INFORMATION

Counsel for Defendant Mick Dubea hereby certifies that opposing counsel was contacted in an effort to resolve this issue.

　　　　　　　　　　　MORRIS, JAMES, HITCHENS & WILLIAMS LLP

　　　　　　　　　　　_/s/ Joseph Naylor_____
　　　　　　　　　　　Lewis H. Lazarus (#2374)
　　　　　　　　　　　Matthew F. Lintner (#4371)
　　　　　　　　　　　Joseph S. Naylor (#3886)
　　　　　　　　　　　R. Christian Walker (#4802)
　　　　　　　　　　　222 Delaware Avenue
　　　　　　　　　　　P.O. Box 2306
　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　(302) 888-6800

　　　　　　　　　　　Attorneys for Defendant Mick Dubea

Dated: August 18, 2006

**CERTIFICATE OF SERVICE**

I, Joseph S. Naylor, hereby certify that on August 23, 2006, I caused to be filed electronically the **PUBLIC VERSIONS** of: **(1) Defendant Mick Dubea's Motion In Limine To Preclude Pike From Claiming at Trial That Mick Dubea Improperly Disclosed Purportedly Confidential Pike Information; (2)** [*proposed*] **Order; (3) Defendant's Rule 7.1.1 Certification and (4) this Certificate of Service** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the party listed below. I also certify that I caused the foregoing to be served by hand delivery upon the following counsel of record:

> Alyssa M. Schwartz, Esquire
> **Richards, Layton & Finger**
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> Email: *schwartz@rlf.com*

In addition, I hereby certify that on August 23, 2006, I caused the foregoing document to be delivered by e-mail and first class mail upon the following non-registered participants:

> Michael A. Paskin, Esquire
> Sarah E. Paul, Esquire
> J. Wes Earnhardt, Esquire
> **Cravath, Swaine & Moore LLP**
> Worldwide Plaza, 825 Eighth Avenue
> New York, NY 10019
> Email: *mpaskin@cravath.com*
> Email: *spaul@cravath.com*
> Email: *wearnhardt@cravath.com*
>
> Teri L. Danish, Esquire
> **Rodriguez Colvin Chaney & Saenz LLP**
> 1201 E. Van Buren
> Brownsville, TX 78522
> Email: *tl.danish@rcclaw.com*

> */s/ Joseph S. Naylor*
> _____
> Joseph S. Naylor (#3886)
> MORRIS JAMES HITCHENS & WILLIAMS LLP
> 222 Delaware Avenue
> P.O. Box 2306
> Wilmington, DE 19899
> (302) 888-6800
> Email: *jnaylor@morrisjames.com*

1447730/1