IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PIKE ELECTRIC CORPORATION &
PIKE ELECTRIC, INC.,

                                    Plaintiffs,

                vs.

MICK DUBEA,

                                    Defendant.

C.A. No. 05-879-SLR

**REDACTED - PUBLIC VERSION**

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT MICK DUBEA'S MOTION
*IN LIMINE* TO PRECLUDE PIKE FROM CLAIMING AT TRIAL THAT MICK
DUBEA IMPROPERLY DISCLOSED PURPORTEDLY
<u>CONFIDENTIAL PIKE INFORMATION</u>**

OF COUNSEL:
Michael A. Paskin
Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

William J. Wade  (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

*Attorneys for Plaintiffs Pike Electric
Corporation and Pike Electric, Inc.*

Dated:  August 25, 2006

# Table of Contents

Page

Table of Authorities ........................................................................................................... ii

Nature and Stage of Proceedings and Summary of Argument ................................................1

Argument ............................................................................................................................2

I.    There Is Ample Evidence to Support Pike's Claims that Dubea Breached the
      Terms of His Non-Disclosure Covenant and Misappropriated Pike's Trade
      Secrets. .....................................................................................................................2

      A.    Dubea Had Access to Pike's Confidential Information and Trade Secrets. ...........2

      B.    There Is Substantial Evidence that Dubea Improperly Disclosed Pike's
            Confidential Information to T&D. ...........................................................................3

      C.    The Court Is Entitled to Infer that Dubea Improperly Disclosed Pike's
            Confidential Information and Trade Secrets. ..........................................................7

II.   Dubea's Motion Is an Impermissible Attempt to Circumvent this Court's
      Prohibition on Filing Dispositive Motions in Bench Trials. .........................................8

III.  If Dubea's Arguments Are Correct, Then His Motion Is Moot; If Dubea's
      Arguments Are Incorrect, Then His Motion Should Be Denied. ................................10

Conclusion .......................................................................................................................11

i

## Table of Authorities

Page(s)

**Cases**

*Bradley v. Pittsburgh Bd. of Educ.,*
 913 F.2d 1064 (3d Cir. 1990)........................................................................................... 8

*Cox v. Del. Elec. Coop., Inc.,*
 823 F. Supp. 241 (D. Del. 1993)...................................................................................... 9

*E.I. duPont de Nemours & Co. v. Am. Potash & Chem. Corp.,*
 200 A.2d 428 (Del. Ch. 1964)......................................................................................... 2

*Hercules, Inc. v. AIU Ins. Co.,*
 784 A.2d 481 (Del. 2001) ............................................................................................... 8

*Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.,*
 1993 WL 451410 (N.D. Ill. Nov. 2, 1993)....................................................................... 10

*Lewis v. Buena Vista Mut. Ins. Ass'n,*
 183 N.W.2d 198 (Iowa 1971) .......................................................................................... 9

*Liveware Publ'g, Inc. v. Best Software, Inc.,*
 252 F. Supp. 2d 74 (D. Del. 2003)................................................................................... 2

*Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.,*
 870 F. Supp. 1237 (D.N.J. 1994) .................................................................................... 10

*Merck & Co. v. SmithKline Beecham Pharm. Co.,*
 999 WL 669354 (Del. Ch. Aug. 5, 1999) ......................................................................... 6, 7

*Utz v. Johnson,*
 2004 WL 3828095 (E.D. Pa. Dec. 6, 2004) .................................................................... 10

Plaintiffs Pike Electric Corporation and Pike Electric, Inc. (collectively "Pike") respectfully submit this brief in opposition to Defendant Mick Dubea's ("Dubea") Motion *in Limine* to Preclude Pike from Claiming at Trial that Mick Dubea Improperly Disclosed Purportedly Confidential Pike Information ("Dubea Mot.").

## Nature and Stage of Proceedings and Summary of Argument

On December 20, 2005, Pike sued Dubea for breach of contract, tortious interference with contract, tortious interference with business relations and misappropriation of trade secrets. (Compl. ¶1 (Lasorte Decl. Ex. 5).) Those claims stem, in part, from Dubea's unlawful disclosure of Pike's confidential information to T&D Solutions Ltd. ("T&D"), and individuals working for T&D, in breach of the non-disclosure and non-competition covenants in his employment agreement, and in violation of Delaware trade secrets law. Dubea has now filed a motion *in limine* to preclude Pike from "claiming at trial that [Dubea] disclosed any confidential information in violation of his employment agreement, trade secret laws, or otherwise" because he contends that "no evidence suggests that Mr. Dubea disclosed confidential information to anyone at T&D or otherwise". (Dubea Mot. at 1, 2 .) Dubea's motion should be denied for three independent reasons.

*First*, there is ample evidence in the record to support Pike's claims against Dubea for breach of the non-disclosure covenant in his employment agreement, and for misappropriation of trade secrets. As a result, the entire basis for Dubea's motion--i.e., that "no evidence suggests that Mr. Dubea disclosed confidential information"--is contrary to the facts. *Second*, Dubea's motion *in limine*, which effectively seeks to preclude Pike from even attempting to prove certain of its claims, is an impermissible end-run around this Court's prohibition against filing dispositive motions in non-jury cases. *Third*, if Dubea is correct that there is no evidence that he inappropriately disclosed Pike's confidential information, then there

is no evidence for the Court to exclude, and the relief requested by his motion (*i.e.*, the exclusion of any evidence related to his inappropriate disclosure of confidential information) is moot.

**Argument**

**I.    THERE IS AMPLE EVIDENCE TO SUPPORT PIKE'S CLAIMS THAT DUBEA BREACHED THE TERMS OF HIS NON-DISCLOSURE COVENANT AND MISAPPROPRIATED PIKE'S TRADE SECRETS.**

Delaware courts uniformly uphold agreements barring former employees from disclosing confidential information gained during the course of their employment. *See, e.g., E.I. duPont de Nemours & Co. v. Am. Potash & Chem. Corp.*, 200 A.2d 428, 431 (Del. Ch. 1964). Delaware law also protects employers who are damaged by their former employee's misappropriation of trade secrets. *See, e.g., Liveware Publ'g, Inc. v. Best Software, Inc.*, 252 F. Supp. 2d 74, 85 (D. Del. 2003). The evidence elicited during discovery demonstrates that Dubea had access to mountains of Pike's confidential information and trade secrets, that he unlawfully funneled at least some of that information to T&D in furtherance of T&D's business and that he took steps to conceal those inappropriate disclosures, even during the course of this litigation.

**A.    Dubea Had Access to Pike's Confidential Information and Trade Secrets.**

The discovery record clearly demonstrates that Dubea had access to Pike's confidential information and trade secrets. *First*, Pike's costs are kept confidential and would confer a competitive advantage on Pike's competitors if they were able to gain access to that information. (*See* Lenz 6/13/06 Dep. at 133:12-133:25 (Lasorte Decl. Ex. 8).) Dubea had intimate knowledge of Pike's costs. (*See* M. Dubea Dep. Ex. 2 (Lasorte Decl. Ex. 4); M. Dubea Dep. at 61:24-62:4 (Lasorte Decl. Ex. 10).) *Second*, Pike's employee payroll and wage information, in aggregate, is not known by its competitors, and would provide a competitor with a substantial benefit if it knew that information. Indeed, Dubea himself testified that Pike/RSI kept its aggregated wage rates confidential to prevent the "riots" that would ensue if that

-2-

information was released.  (M. Dubea Dep. at 76:19-78:15 (Lasorte Decl. Ex. 10).)  It is undisputed that Dubea had access to that information.  (*See* Graham Dep. Ex. 12 (Lasorte Decl. Ex. 1).)  *Third*, the precise lists of customers Pike has served, Pike's contacts and relationship with those organizations, the specific services Pike has provided for them and the scope of work arrangements Pike has reached with those customers in the past, are not generally known to competitors in the industry and provide Pike with a competitive advantage.  (*See* E. Pike Dep. at 52:7-18, 145:3-7 (Lasorte Decl. Ex. 9).)  Not only did Dubea have access to that information, he was responsible for creating and fostering many of those important relationships.  (*See* M. Dubea Dep. Ex. 21 (Lasorte Decl. Ex. 3).)  *Fourth*, the terms of existing contracts with customers, including contract renewal dates, status of long-term negotiations and past bid and pricing information, are kept confidential by Pike (and by the industry generally), and would be valuable to a competitor.  (*See* Lenz 6/13/06 Dep. at 139:19-141:24 (Lasorte Decl. Ex. 8); Brinkley Dep. at 104:17-105:6, 111:9-21 (Lasorte Decl. Ex. 12).)  It is undisputed that Dubea had access to that information as well.  (*See* M. Dubea Dep. Exs. 20, 21 (Lasorte Decl. Exs. 2, 3).)  Thus, Dubea cannot credibly maintain that he did not have access to Pike's confidential information and trade secrets.

**B.    There Is Substantial Evidence that Dubea Improperly Disclosed Pike's Confidential Information to T&D.**

Contrary to Dubea's assertion that "no evidence suggests that Mr. Dubea disclosed confidential information to anyone at T&D or otherwise", there is powerful evidence that Dubea misused Pike's confidential information for T&D's benefit.  A particularly compelling example concerns a host of confidential Pike information that Dubea received on July 8, 2005, more than one month before he left his employment at Pike.  On that date, Dubea received an email from a representative of American Electric Power ("AEP"), one of Pike's

-3-

REDACTED

Of course, there was nothing wrong with the fact that Dubea received that information in his capacity as Vice President of Pike's Western Region, even though that is precisely the type of information a competitor could use to unlawfully compete with Pike. The problem is that Dubea *in fact* funneled that information to individuals that he knew were already involved with the formation of T&D to help them get T&D up and running.

And in that regard, there is indisputable evidence that Dubea relayed that valuable information to Alex Graham and Sammy Christian, then current Pike employees who were intimately involved with T&D's formation, during their discussion in Dubea's office that same afternoon concerning the formation of a competing company. (*See* M. Dubea Dep at 174:2-7, 175:5-17 (Lasorte Decl. Ex. 10).)

REDACTED

RLF1-3051882-1

REDACTED

Thus, Dubea was not merely helping a potential competitor of Pike (which on its own would have violated his Employment Agreement), but he also was assisting two individuals whom he knew

were subject to non-compete agreements, and he still shared Pike's confidential information to aid their efforts.[1]

That Graham and Christian were still employed by Pike on July 8, 2005, does not somehow make Dubea's conduct appropriate. The fact remains that Dubea knew Graham and Christian were planning to form a competing business (the business that eventually became T&D), and he provided Pike's confidential information to them in the very discussions they were having about that topic. While it certainly is possible that Dubea could have had legitimate business reasons for providing that particular Pike confidential information to other Pike employees, the reason why he in fact passed on that information to those particular Pike employees at that particular time was in furtherance of their efforts to compete with Pike and not in support of Pike's business.

It is thus plain that Dubea was improperly using confidential Pike information and trade secrets when, in an effort to help develop T&D's business, he funneled Pike's valuable, and confidential, customer and employee information to Graham and Christian after he learned of their efforts to compete with Pike. That is plainly sufficient evidence to support Pike's claims for breach of the non-disclosure provision of his employment agreement and misappropriation of trade secrets. *See Merck & Co. v. SmithKline Beecham Pharm. Co.*, 1999 WL 669354, at *20 (Del. Ch. Aug. 5, 1999) ("Misappropriation occurs even where the trade secret is used only as a starting point or guide in developing a process.")[2] Accordingly, Dubea's argument that there is

---

[1] As further evidence of his culpability, Dubea attempted to destroy the handwritten notes by throwing them in the garbage in January 2006, after he had been served with Pike's complaint and after his counsel advised him of the obligation to preserve documents. (*See* Opening Br. in Supp. of Pls. Mot. for Order Rejecting Def. Claim of Privilege and for Discovery Sanctions Due to Spoilation of Evidence at 1 (Lasorte Decl. Ex. 7).)

[2] Dubea argues that Pike "has failed to identify any damages that it has suffered as a result of Mr. Dubea's purported disclosures, whether in its expert damages report or otherwise".

no evidence to support Pike's claims concerning his improper use and disclosure of Pike's confidential information is simply wrong.[3]

### C.    The Court Is Entitled to Infer that Dubea Improperly Disclosed Pike's Confidential Information and Trade Secrets.

As discussed above, there is compelling direct evidence that Dubea unlawfully disclosed confidential Pike information in furtherance of T&D's efforts to compete. Even absent direct evidence, however, "[m]isappropriation of trade secrets may be proven by circumstantial evidence . . . and more often than not, plaintiffs must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place". *Merck & Co* , at * 20 (internal quotations omitted). Whether there is sufficient circumstantial evidence for the Court to infer that Dubea disclosed other Pike trade secrets to T&D is a question of fact for trial, and is not properly decided in response to a motion *in limine*. *See id.* Indeed, at

---

(Dubea Mot. at 3.) However, Dubea fails to note that Pike's expert's report did not separate damages by cause of action, on the theory that segregating damages and apportioning liability is a duty reserved for the trier of fact. It goes without saying that to the extent T&D's competing business was aided by Dubea's disclosure of Pike confidential information, Pike has suffered damages as a result of Dubea's unlawful conduct.

[3] Dubea's references to the fact that various Pike executives could not testify as to what specific confidential information Dubea improperly disclosed (*see* Dubea Mot. at 2) are beside the point. Pike brought this lawsuit based on its belief that Dubea had violated the law, and the discovery has confirmed that those beliefs were founded. Dubea's liability in no way depends on whether Pike's executives have personal knowledge regarding his improper conduct. If it did, there would hardly be any point to the entire discovery process.

Similarly, Dubea points to a letter from Pike's counsel explaining why Pike is refusing to make certain payments to Dubea as evidence that Pike does not believe Dubea inappropriately disclosed Pike's confidential information. (*See id.* at 5.) To be clear, Pike does believe that Dubea inappropriately disclosed Pike's confidential information, and plans to prosecute its claims related to that unlawful behavior at trial. Indeed, disclosure of confidential information would be a violation of both the non-competition and non-disclosure clauses of his employment agreement, and, in any event, Pike's failure to list each reason why it is withholding payments to Dubea does not amount to a waiver of Pike's claims in this lawsuit.

trial, Pike expects to show sufficient circumstantial evidence to enable the Court to infer, at a

minimum, that Dubea helped T&D analyze confidential employee wage and payroll data, that he

used his valuable client contacts and relationships (both of which are trade secrets under

Delaware law) to jump-start T&D's business and that he provided operational advice to T&D

based on the confidential information he gained while working at Pike. Accordingly, it would be

improper to preclude Pike from even arguing that Dubea has violated the law by disclosing

Pike's confidential information and his motion *in limine* should be denied.[4]

## II.    DUBEA'S MOTION IS AN IMPERMISSIBLE ATTEMPT TO CIRCUMVENT THIS COURT'S PROHIBITION ON FILING DISPOSITIVE MOTIONS IN BENCH TRIALS.

This Court made clear at the outset of this litigation that it would not entertain

dispositive motions in a bench trial. (1/18/06 Telephonic Hr'g Tr. at 6 (Lasorte Decl. Ex. 6) ("If

it's a bench trial, I don't allow a motion practice.").) In a thinly veiled attempt to circumvent

that policy, Dubea's current motion *in limine* is really a motion for summary judgment in

disguise. While a motion *in limine* "typically concerns the admissibility of evidence and is a

preliminary motion directed at establishing the ground rules applicable at trial . . . a summary

judgment motion is a determination by the court concerning a case or aspect of a case made prior

to trial *that obviates the need for trial of the matter*". *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d

481, 500 (Del. 2001) (internal citations omitted); *see also Bradley v. Pittsburgh Bd. of Educ.*,

913 F.2d 1064, 1069 (3d Cir. 1990) ("Unlike a summary judgment motion, which is designed to

---

[4] In his motion, Dubea speculates, without any support, that Pike is reluctant to dismiss its improper disclosure claims only because Pike hopes to use those claims in some undefined manner in the related Texas litigation. (*See* Dubea Mot. at 4.) There is absolutely no basis for that allegation. Pike asserted improper disclosure claims against Dubea in the Complaint, has pursued those claims through discovery, including in interrogatory responses, and plans to prosecute those claims at trial. Dubea's accusation that Pike has an improper motive for pursuing those claims is nothing more than an attempt to divert the Court's attention from his own unlawful conduct.

eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions"). Thus, motions *in limine* are not appropriately used as a mechanism for deciding the ultimate legal questions raised by a case; rather they are intended to narrow the scope of evidentiary issues to be presented to the trier of fact.

              Dubea's request that the Court prohibit Pike from "claiming at trial that [Dubea] disclosed any confidential information in violation of his employment agreement, trade secret laws, or otherwise" clearly asks the Court to decide the merits of Pike's claims. (*See* Dubea Mot. at 1.) Specifically, Dubea's argument is that, due to a lack of evidence that Dubea improperly disclosed Pike confidential information, Pike should be precluded from "claiming at trial that he disclosed any confidential information or trade secrets in violation of his employment agreement or other applicable law". (*Id.* at 6.) Dubea's *in limine* motion is thus the functional equivalent of a motion for summary judgment against two of Pike's claims: Count I for breach of the non-disclosure provisions of Dubea's employment agreement and Count VI for misappropriation of trade secrets. His motion calls for the Court not only to define exactly what constitutes a Pike trade secret or Pike confidential information but also to determine that Dubea is not liable in contract or in tort for improper use of those trade secrets and confidential information. Such inquiries are not properly addressed in a motion *in limine*, as "the motion *in limine* is not ordinarily employed to choke off an entire claim or defense". *Lewis v. Buena Vista Mut. Ins. Ass'n*, 183 N.W.2d 198, 201 (Iowa 1971); *see also Cox v. Del. Elec. Coop., Inc.*, 823 F. Supp. 241, 249 (D. Del. 1993) ("plaintiffs' motion [*in limine*] is simply a veiled attempt to conclusively

establish the negligence of the defendant. As such, it is a case dispositive motion masquerading as a motion *in limine*.").[5] Accordingly, Dubea's motion *in limine* should be denied.

## III.    IF DUBEA'S ARGUMENTS ARE CORRECT, THEN HIS MOTION IS MOOT; IF DUBEA'S ARGUMENTS ARE INCORRECT, THEN HIS MOTION SHOULD BE DENIED.

Dubea seeks to prevent Pike from introducing evidence that he disclosed Pike's confidential information because he contends that there is no evidence that he disclosed Pike's confidential information. That argument is tautological. If there is no evidence that Dubea improperly disclosed confidential Pike information, then there is no evidence to exclude. Alternatively, if there does exist evidence of Dubea's improper utilization of confidential Pike information, then there is no reason (and Dubea offers none) why Pike should not be entitled to present such evidence in support of its claims at trial. In either case, Dubea's motion should be denied. *See, e.g., Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 1993 WL 451410, at * 5 (N.D. Ill. Nov. 2, 1993) (denying as "circular" defendant's motion *in limine* which sought to exclude evidence on the basis that plaintiff had not pled a *prima facie* case of the claim the evidence was intended to support).

---

[5] The cases cited by Dubea, *Utz v. Johnson*, 2004 WL 3828095 (E.D. Pa. Dec. 6, 2004) and *Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.*, 870 F. Supp. 1237 (D.N.J. 1994), are inapposite. (*See* Dubea Mot. at 5.) Both cases involve the far less prejudicial decision to exclude certain measures of damages from a jury's consideration, rather than the question of whether to deprive a party of an opportunity to marshal any evidence in support of two of its claims.

-10-

## Conclusion

For the reasons stated above, Pike respectfully requests that this Court deny Defendant Mick Dubea's Motion *in Limine* to Preclude Pike from Claiming at Trial that Mick Dubea Improperly Disclosed Purportedly Confidential Pike Information.

William J. Wade (#704)
wade@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

*Attorneys for Plaintiffs Pike Electric*
*Corporation and Pike Electric, Inc.*

OF COUNSEL:
Michael A. Paskin
Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

Dated:  August 25, 2006

-11-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899


Alyssa M. Schwartz (#4361)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

Alyssa M. Schwartz (#4351)