EXHIBIT 6

14

1

1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -

4   PIKE ELECTRIC CORPORATION    :    CIVIL ACTION
    and PIKE ELECTRIC,           :
5                                :
                Plaintiffs       :
6                                :
            vs.                  :
7                                :
    MICK DUBEA,                  :
8                                :
                Defendant        :    NO. 05-879 (SLR)
9
                               - - -
10
                                    Wilmington, Delaware
11                                  Wednesday, January 18, 2006
                                    8:05 o'clock, a.m.
12                                  ***   Telephone Conference

13                             - - -

14  BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

15                             - - -

16  APPEARANCES:

17              RICHARDS, LAYTON & FINGER
                BY:  WILLIAM J. WADE, ESQ.
18
                        -and-
19
                CRAVATH, SWAINE & MOORE LLP
20              BY:  MICHAEL A. PASKIN, ESQ.

21                  Counsel for Plaintiffs

22

23

24                                  Valerie J. Gunning
                                    Official Court Reporter
25

2

```
 1   APPEARANCES (Continued):
 2                MORRIS, JAMES, HITCHENS & WILLIAMS LLP
              BY:  LEWIS H. LAZARUS, ESQ. and
 3                   THOMAS E. HANSON, JR., ESQ.
 4                Counsel for Defendant
 5                     -  -  -
 6
 7
 8
 9
10                P R O C E E D I N G S
11
12
13              (REPORTER'S NOTE:  The following telephone
14   conference was held in chambers, beginning at 8:05 a.m.)
15
16              THE COURT:  Good morning, counsel.  This is Judge
17   Robinson, and Valerie is here as our Court Reporter.
18              MR. WADE:  Good morning, your Honor.
19              THE COURT:  Good morning.  It would be helpful if
20   you identified yourselves each time you spoke so our record
21   is clear.
22              MR. WADE:  Your Honor, this is Bill Wade at
23   Richards, Layton & Finger, and with me on the phone for the
24   plaintiffs is Michael Paskin from Cravath.
25              MR. LAZARUS:  Lewis Lazarus and Tom Hanson of
```

3

1   Morris James for Nick Dubea.

2           THE COURT:  All right.  I believe the reason

3   we're on the phone is to figure out how to proceed in this

4   case and I don't know whether you all have had an opportunity

5   to talk about it, but you can fill me in on your thoughts in

6   any event.

7           MR. WADE:  Your Honor, it's Bill Wade.

8           We have, in fact, had some discussions and I'm

9   pleased to report that we've, I think, a hundred percent,

10  subject to final confirmation, agreed upon a standstill order

11  or status quo order that would take away the need for

12  scheduling a preliminary injunction.  That said, the parties

13  are in agreement that subject to your Honor's schedule, of

14  course, if there was some way to get this case on a trial

15  schedule for this year so that the standstill order does not

16  sit out there, then that's what we'd like to do.

17          I know that sort of changes directions on your

18  Honor now, but if that's something that we could discuss, I

19  think it might be helpful.

20          THE COURT:  All right.  Well, have you discussed

21  what kind of discovery is needed and when you might be ready

22  to go to trial?

23          MR. LAZARUS:  Your Honor, this is Lewis Lazarus

24  for Mr. Dubea.

25          I first want to say for the record that in

4

1  appearing today for the scheduling conference, Mr. Dubea does

2  not waive any rights he may have to contest the Court's

3  jurisdiction over claims that do not arise out of his

4  employment agreement with plaintiffs.  That said, we do agree

5  with the goal for a prompt hearing.

6         We were thinking that maybe five or six months

7  for discovery and a trial, subject to the Court's calendar in

8  the fall, would certainly work.

9         We think that we can get the discovery done

10 reasonably in that time frame and be prepared to present to

11 the Court at a final hearing in the fall.

12        Mr. Dubea has every interest in having this

13 matter resolved so that he can move on, and obviously we

14 will contest vigorously the allegations that the plaintiffs

15 make.

16        THE COURT:  All right.  Well, two questions:

17 Number one, is someone seeking a jury trial or is this a

18 bench trial?

19        MR. LAZARUS:  This is a bench trial at the

20 moment.  As I said, we'll be filing our answer on January

21 30th.  We are investigating whether or not the tort claims

22 that they have asserted are properly before your Honor

23 there's a parallel proceedings that the, a related

24 proceedings that the plaintiffs have initiated on the same

25 day that they initiated this action in the State of Texas,

5

1  where they are seeking directly to, and they are seeking

2  injunctive relief and final relief against what they contend

3  is an entity that is improperly competing with them.  That

4  entity involves Mr. Dubea's son, Chad, who formed the

5  business after leaving Pike.  Chad does not have a noncompete

6  agreement.

7       But, in any event, that case is proceeding in

8  Texas, and we are investigating whether or not the tort

9  claims that the plaintiffs have asserted in this case,

10  whether or not Mr. Dubea consented to exclusive jurisdiction

11  in the State of Delaware for those claims, particularly in

12  the context where the claims that they have concerning T&D

13  and Mr. Dubea's role in that and Mr. Dubea's alleged role in

14  improperly soliciting customers and employees of Pike are at

15  issue in that case in Texas.

16       And so that's my reservation, your Honor, in

17  saying that if the contract claims are solely before your

18  Honor, there would not be a jury trial.  And we are

19  investigating whether or not the tort claims are properly

20  before your Honor, and if they are, then we will be

21  considering whether we need to have a jury trial.

22       THE COURT:  Well --

23       MR. PASKIN:  Your Honor, this is Michael Paskin

24  from Cravath for plaintiffs.

25       With respect to what Mr. Lazarus said, it

6

1    is absolutely correct that there is no jury trial with

2    respect to Pike's contract claims.  We do believe that the

3    tort claims are properly before this Court in Delaware

4    and we are currently investigating whether we have the

5    right to a jury trial on those claims, and if we believe

6    we do, we will promptly amend an order to assert our right

7    to a jury trial.

8            THE COURT:  All right.  Well, this is the thing.

9    If it's a bench trial, I don't allow a motion practice, which

10   means you can get to trial sooner.  If there's a jury trial

11   and you believe that a motion practice is appropriate, then I

12   have to build in at least 90 days to the calendar so that you

13   can brief your motions and I can actually decide your

14   motions.

15           So that's why it's important for me to understand

16   whether I am building in three months for a motion practice

17   or whether we're just trying to get through discovery and try

18   to get this resolved at a trial.

19           Now, you can always waive your right to file

20   dispositive motions, but there aren't too many cases where

21   defendants particularly care to do that.

22           So I guess I am not going to set this case for a

23   trial and have you want to take a bite out of my time if you

24   want to file motions at some point.

25           A VOICE:  Maybe, your Honor, with that guidance,

7

1  we can talk amongst ourselves and consider how we want to

2  proceed.  I think that may be the most prudent use of

3  everyone's time, and then get back to your Honor, if that

4  would suit the Court.

5          THE COURT:  That's fine.

6          I am looking at my calendar in the fall, and to

7  tell you the truth, I am double-booked for trial from

8  September through December 18th, when I have a three-day

9  bench trial.

10          So I don't have a lot of hearing time.  If you

11  really want to get this done in an expedited basis, you've

12  got to expedite your own discovery.  I've got trial time

13  before September, but really not after September.  And then

14  I've got trial time in 2007.  So let me pass along that

15  information to you as well.

16          MR. WADE:  Your Honor, this is Bill Wade.

17          You said in 2007.  Is that early in 2007,

18  or --

19          THE COURT:  Well, let's me see.  I mean, I am

20  booked in 2007 and through the spring of 2007, but I do have

21  some weeks where I'm not double-booked.

22          MR. WADE:  All right.  Thank you, your Honor.

23  That's helpful.

24          THE COURT:  So at this point you'll talk and then

25  you will let me know when we should have another conversation

8

1    about scheduling?

2            MR. WADE:  Yes, ma'am.  We'll do that and then

3    also we'll hope to get over to you today this status quo

4    order for your Honor's signature.

5            MR. LAZARUS:  And I thank your Honor on behalf of

6    Mr. Dubea on accommodating the parties so promptly.

7            THE COURT:  Surely.  All right.  I look forward

8    to hearing from you.  Have a good day, counsel.

9                (Counsel respond, "Thank you, your Honor.")

10                (Telephone conference concluded at 8:13 a.m.)

11                            - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 7

REDACTED

EXHIBIT 8

REDACTED

EXHIBIT 9

ALL-STATE® LEGAL  800-222-0510    ©201    RECYCLED

REDACTED

EXHIBIT 10

REDACTED

EXHIBIT 11

REDACTED

EXHIBIT 12

REDACTED