IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICK DUBEA, <br><br> Defendant. | C.A. No. 05-879-SLR <br><br> REDACTED - PUBLIC VERSION |

**PROPOSED JOINT PRE-TRIAL ORDER**

On September 7, 2006, at 4:30 p.m., counsel for Plaintiffs Pike Electric Corporation and Pike Electric, Inc. (collectively "Pike") and counsel for Defendant Mick Dubea ("Dubea") shall participate in a pre-trial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.4 of this Court. The following matters as to trial of this action commencing on September 18, 2006, are hereby ordered by the Court:

I.  NATURE OF THE ACTION AND PLEADINGS

1. On December 20, 2005, Pike filed this action against Dubea for breach of contract, tortious interference with contract, tortious interference with business relations and misappropriation of trade secrets. Pike seeks injunctive relief, specific performance and monetary damages, as well as a declaratory judgment that Dubea has forfeited approximately $7.7 million of deferred compensation.

2. On January 30, 2006, Dubea filed an answer denying Pike's allegations and counterclaimed for Pike's failure and repudiation of its obligation to pay him his deferred compensation.

3. On February 21, 2006, Pike filed a reply denying the allegations in Dubea's counterclaim.

4. On July 18, 2006, Dubea moved for leave to file an amended answer, additional defenses and counterclaim. Pike does not oppose Dubea's motion, which is pending a ruling by the Court.

II. BASES FOR FEDERAL JURISDICTION

1. Plaintiff Pike Electric Corporation ("Pike Corp.") is a corporation organized and existing under the laws of Delaware, having a place of business at 100 Pike Way, Mount Airy, North Carolina 27030.

2. Plaintiff Pike Electric, Inc. ("Pike Inc.") is a corporation organized and existing under the laws of North Carolina, having a place of business at 100 Pike Way, Mount Airy, North Carolina 27030.

3. Dubea is a resident of the state of Texas and resides at 2570 Ashley Street, Beaumont, Texas 77702.

4. The Court has subject matter jurisdiction over these claims on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. The Court has personal jurisdiction over Dubea because the parties agreed to submit any claims arising out of the contract at issue to the exclusive

jurisdiction of the courts of the State of Delaware and the United States District Court for the District of Delaware.

6. Venue is proper in this judicial district because the parties agreed to waive any objection to the laying of venue of any action arising out of the contract at issue here (or the transactions contemplated thereby) in this district.

### III. STATEMENT OF ADMITTED FACTS

1. The parties admit the facts stated in attached Exhibit 1. These admitted facts require no proof at trial.

### IV. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Pike's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

2. Dubea's statement of issues of fact that remain to be litigated is attached as Exhibit 3.

### V. STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1. Pike's statement of issues of law that remain to be litigated is attached as Exhibit 4.

2. Dubea's statement of issues of law that remain to be litigated is attached as Exhibit 5.

### VI. EXHIBITS

1. Pike's list of exhibits that it intends to offer at trial is attached as Exhibit 6.

2. Dubea's list of exhibits that he intends to offer at trial is attached as Exhibit 7.

3.  Dubea's list of rebuttal exhibits that he intends to offer at trial is attached as Exhibit 8.

4.  The parties will offer as exhibits at trial one or more of the exhibits set forth on their respective lists.

5.  Dubea's objections to Pike's exhibits are attached as Exhibit 9.

6.  Pike's objections to Dubea's exhibits are attached as Exhibit 10.

7.  Pike's objections to Dubea's rebuttal exhibits are attached as Exhibit 11.

8.  The parties shall exchange drafts of all demonstrative exhibits that they intend to use at trial by September 12, 2006. The parties' objections to the demonstrative exhibits, if any, shall be exchanged by September 14, 2006. Final versions of demonstrative exhibits each party intends to use at trial shall be provided for inspection by the other party on or before September 17, 2006 at 5 p.m. The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony at trial or the enlargement, highlighting, ballooning, excerption, etc. of trial exhibits or of testimony. The parties can, in good faith, create rebuttal demonstrative exhibits during trial. Such exhibits must be exchanged by 8 p.m. the evening before they are to be used.

VII.  <u>WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION</u>

1.  Pike's list of witnesses that it intends to call at trial is attached as Exhibit 12.

2.  Dubea's list of witnesses that he intends to call at trial is attached as Exhibit 13.

3. Dubea's list of rebuttal witnesses that he intends to call at trial is attached as Exhibit 13A.

4. The parties shall provide the other side with 48 hours notice of each witness that they expect to call live at trial, along with 24 hours notice of the trial exhibits that they expect to use in direct examination of that witness.

5. Pike's list of deposition designations is attached as Exhibit 14.

6. Dubea's list of deposition designations is attached as Exhibit 15.

7. Dubea's objections to Pike's deposition designations are attached as Exhibit 16.

8. Pike's objections to Dubea's deposition designations are attached as Exhibit 17.

9. Dubea's list of counter-designations is attached as Exhibit 18.

10. Pike's list of counter-designations is attached as Exhibit 19.

11. Pike's objections to Dubea's counter-designations are attached as Exhibit 20.

12. Dubea's objections to Pike's counter-designations are attached as Exhibit 21.

VIII.  BRIEF STATEMENT OF PIKE'S CASE

1. Dubea has breached his employment agreement with Pike (the "Employment Agreement") by improperly providing assistance to Pike's direct competitor, T&D Solutions Ltd. ("T&D"). Dubea helped support T&D in its formative period by, among other things, helping T&D to secure its initial funding through the use of his Grantor Retained Annuity Trust (the "GRAT"), disclosing Pike's confidential information to T&D and assisting T&D in securing business from equipment suppliers

and customers. The consequences for Dubea's breach of the Employment Agreement, under the plain language of that document, include the forfeiture of his right to future cash payments from Pike. Moreover, Dubea has also misappropriated Pike's trade secrets, tortiously interfered with Pike's employment contracts with its key employees and used unlawful tactics to solicit Pike's customers, all for the benefit of T&D. Dubea's unlawful conduct has resulted in direct and irreparable harm to Pike, for which Pike seeks both injunctive and montary relief.

## IX. BRIEF STATEMENT OF DUBEA'S CASE

1. Dubea has not been involved in his son's business and provided no material assistance in either setting up or operating that business. In fact, after his son Chad and several other Pike employees approached him with the idea of exploring the possibility of forming a competing venture in the summer of 2005, Dubea specifically advised them that he could not be involved due to his non-compete in his Employment Agreement. Dubea also never disclosed confidential Pike information or trade secrets to T&D or otherwise engaged in tortious activity. Pike has materially breached the Employment Agreement by failing to make payments to Dubea required by the Employment Agreement and in bad faith has asserted that Dubea has forfeited his entitlement to deferred compensation for violation of Section 5.07 of his Employment Agreement.

## XI. CERTIFICATION OF ATTEMPTED RESOLUTION OF CONTROVERSY

1. The parties certify that two way communication has occurred between persons having authority in good faith efforts to explore the resolution of the controversy by settlement. No agreement has been reached.

6

XII. <u>MISCELLANEOUS ISSUES</u>

1. A list of miscellaneous issues that Pike wishes to address at the pre-trial conference is set forth in Exhibit 22.

2. A list of miscellaneous issues that Dubea wishes to address at the pre-trial conference is set forth in Exhibit 23.

XIII. <u>ORDER TO CONTROL COURSE OF ACTION</u>

1. This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

---

Lewis H. Lazarus (#2374)
Matthew F. Litner (#4371)
Joseph S. Naylor (#3886)
R. Christian Walker (#4802)
Morris James Hitchens & Williams LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

*Attorneys for Defendant Mick Dubea*

Dated: September 5, 2006

---

William J. Wade (#704)
Alyssa M. Schwartz (#4351)
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Plaintiffs Pike Electric Corporation and Pike Electric, Inc.*

IT IS SO ORDERED this _____ day of _____, 2006

_____
United States District Court Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and have also served the document as noted:

### BY HAND DELIVERY

Lewis H. Lazarus, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

Alyssa M. Schwartz (#4351)